UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

NO. O5CV40154-FDS

JOSE HERRERA BETANCOURT,  )
       Plaintiff   )
               )
v.                  )
               )
JOHN J. GRADY, MICHAEL   )
FOLEY, PAUL KEYES, THE   )
CITY OF WORCESTER – A     )
MUNICIPAL CORPORATION,    )
KEVIN FIFIELD, U.S.       )
SECURITY ASSOCIATES, INC.,)
WINN MANAGEMENT, INC.,    )
       Defendants    )

## ANSWER OF DEFENDANTS JOHN J. GRADY, MICHAEL FOLEY, PAUL KEYES AND THE CITY OF WORCESTER – A MUNICIPAL CORPORATION

    Defendants John J. Grady, Michael Foley, Paul Keyes and the City of Worcester – a Municipal Corporation ("the City") (collectively, "Defendants"), hereby answer Plaintiff's Complaint, as follows.

### INTRODUCTION

    1.  Paragraph 1 of Plaintiff's Complaint is an introductory paragraph, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 1.

### JURISDICTION

    2.  Paragraph 2 of Plaintiff's Complaint is a jurisdictional statement, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 2.

<u>PARTIES</u>

3.    Defendants    are    without    knowledge    or    information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.    Defendants    admit    the    allegations    contained    in paragraph 4 of Plaintiff's Complaint.

5.    Defendants    admit    the    allegations    contained    in    the first sentence of paragraph 5 of Plaintiff's Complaint that Defendant Grady was employed by the City of Worcester Police Department (WPD) and acted under color of law at all times relevant    thereto.    The    second    sentence    of    that    paragraph presents a conclusion of law to which a responsive pleading is not required.    Defendants deny the allegations contained in the third sentence of paragraph 5.

6.    Defendants admit the first and second sentences of paragraph 6 of Plaintiff's Complaint that Defendant Foley was employed by the WPD and acted under color of law at all times relevant    thereto.    The    third    sentence    of    paragraph    6    presents    a conclusion    of    law    to    which    a    responsive    pleading    is    not required.

7.    Defendants admit the first sentence of paragraph 7 of Plaintiff's Complaint that Defendant Keyes was employed by the WPD and acted under color of law at all times relevant thereto. The second sentence of paragraph 7 presents a conclusion of law to which a responsive pleading is not required.

8-10.    Paragraphs 8 through 10 of Plaintiff's Complaint are directed against other defendants and, therefore, no responsive pleading by Defendants is required.    But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

11.    Defendants    admit    the    allegations    contained    in paragraph 11 of Plaintiff's Complaint that Defendants Grady, Foley and Keyes were acting under color of law at all times relevant    thereto.    To    the    extent    paragraph    11    is    directed    at Kevin Fifield, and not Defendants, no responsive pleading is required.

ALLEGED FACTS

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of Plaintiff's Complaint.

13. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15. Defendants admit that Plaintiff was in the parking lot of 718 Main Street on September 8, 2002, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants admit the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Paragraph 20 of Plaintiff's Complaint is directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as this paragraph can be construed as alleging facts directed against Defendants, Defendants deny them.

21. Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants admit that Plaintiff drove a motor vehicle into another motor vehicle parked behind Plaintiff, damaging the vehicle Plaintiff was driving; however, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Paragraph 25 of Plaintiff's Complaint is directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as this paragraph can be construed as alleging facts directed against Defendants, Defendants deny them.

26. Paragraph 26 of Plaintiff's Complaint is directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as this paragraph can be construed as alleging facts directed against Defendants, Defendants deny them.

27. Defendants deny the allegation contained in paragraph 27 of Plaintiff's Complaint that Plaintiff was never told he was under arrest, and admit the allegations contained in that paragraph that Plaintiff was never told anything regarding moving the motor vehicle, as Plaintiff never asked to move the motor vehicle, both of which are contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants admit that Kevin Fifield entered the vehicle from one side, removing the keys from the ignition, and that John Grady removed Plaintiff from the vehicle through the driver's side door, but deny the remaining allegations contained in paragraph 31 of Plaintiff's Complaint.

32. Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.  Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.  Defendants admit that Michael Foley handcuffed Plaintiff, but deny the remaining allegations contained in paragraph 34 of Plaintiff's Complaint.

35.  Defendants admit the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.  Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.  Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.  Defendants deny the allegations contained in paragraph 38 of Plaintiff's Complaint.

39.  Defendants deny the allegations contained in paragraph 39 of Plaintiff's Complaint.

40.  Defendants deny the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.  Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.  Defendants admit the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.  Defendants admit that Plaintiff's sister was present at the scene of the incident at some point in time, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.   Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.   Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.   Defendants deny the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants admit that Defendant Grady talked to Lieutenant Krasinskas on a WPD channel that was not recorded, but deny the remaining allegations contained in paragraph 52 of Plaintiff's Complaint.

53.   Defendants   admit   the   allegations   contained   in paragraph 53 of Plaintiff's Complaint.

54.   Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.   Defendants   are   without   knowledge   or   information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.   Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.   Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.   Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.   Defendants deny the allegations contained in paragraph 63 of Plaintiff's Complaint.

64.   Defendants deny the allegations contained in paragraph 64 of Plaintiff's Complaint.

65.   Defendants admit the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.   Defendants admit the allegation in paragraph 66 of Plaintiff's Complaint that WPD personnel brought Plaintiff to UMASS Memorial Medical Center on September 8, 2002, but deny the remaining allegations contained in paragraph 66 of Plaintiff's Complaint.

67.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of Plaintiff's Complaint.

69.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of Plaintiff's Complaint.

71.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of Plaintiff's Complaint.

77.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of Plaintiff's Complaint.

83. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 83 of Plaintiff's Complaint.

84. Defendants deny the allegations contained in paragraph 84 of Plaintiff's Complaint.

85. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of Plaintiff's Complaint.

86. Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87. Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88. Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of Plaintiff's Complaint.

90. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of Plaintiff's Complaint.

91. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of Plaintiff's Complaint.

92. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of Plaintiff's Complaint.

93. The allegations contained in paragraph 93 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 93, except Defendants admit that the City received correspondence from Plaintiff's counsel dated September 2, 2004.

94. The allegations contained in paragraph 94 of Plaintiff's Complaint call for a legal conclusion rather than a

factual response, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 94.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of Plaintiff's Complaint.

96. Defendants admit the allegations contained in paragraph 96 of Plaintiff's Complaint.

97. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of Plaintiff's Complaint.

98. Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

<u>ALLEGED DAMAGES</u>

99. Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100. Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

101. Defendants deny the allegations contained in paragraph 101 of Plaintiff's Complaint.

102. Defendants deny the allegations contained in paragraph 102 of Plaintiff's Complaint.

<u>COUNT ONE</u>
(42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENT CLAIMS AGAINST JOHN J. GRADY, MICHAEL FOLEY AND KEVIN FIFIELD)

103. Defendants repeat and re-allege their answers to paragraphs 1 through 102 of Plaintiff's Complaint, as if fully set forth herein.

104. Defendants deny the allegations contained in paragraph 104 of Plaintiff's Complaint.

105. Defendants deny the allegations contained in paragraph 105 of Plaintiff's Complaint.

106. Defendants deny the allegations contained in paragraph 106 of Plaintiff's Complaint.

107. Defendants deny the allegations contained in paragraph 107 of Plaintiff's Complaint.

108. Defendants deny the allegations contained in paragraph 108 of Plaintiff's Complaint.

109. Defendants deny the allegations contained in paragraph 109 of Plaintiff's Complaint.

<u>COUNT TWO</u>

(42 U.S.C. § 1983 FOURTH AMENDMENT & FOURTEENTH AMENDMENT CLAIMS AGAINST PAUL KEYES)

110. Defendants repeat and re-allege their answers to paragraphs 1 through 109 of Plaintiff's Complaint, as if fully set forth herein.

111. Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112. Defendants deny the allegations contained in paragraph 112 of Plaintiff's Complaint.

113. Defendants deny the allegations contained in paragraph 113 of Plaintiff's Complaint.

114. Defendants deny the allegations contained in paragraph 114 of Plaintiff's Complaint.

115. Defendants deny the allegations contained in paragraph 115 of Plaintiff's Complaint.

<u>COUNT THREE</u>

(MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 112 § 11IM [sic] CLAIM AGAINST JOHN J. GRADY, MICHAEL FOLEY AND KEVIN FIFIELD)

116. Defendants repeat and re-allege their answers to paragraphs 1 through 115 of Plaintiff's Complaint, as if fully set forth herein.

117. Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

11

118. Defendants deny the allegations contained in paragraph 118 of Plaintiff's Complaint.

<u>COUNT FOUR</u>
(ASSAULT AND BATTERY CLAIM AGAINST JOHN J. GRADY, MICHAEL FOLEY AND KEVIN FIFIELD)

119. Defendants repeat and re-allege their answers to paragraphs 1 through 118 of Plaintiff's Complaint, as if fully set forth herein.

120. Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121. Defendants deny the allegations contained in paragraph 121 of Plaintiff's Complaint.

<u>COUNT FIVE</u>
(FALSE IMPRISONMENT CLAIM AGAINST JOHN J. GRADY, MICHAEL FOLEY AND KEVIN FIFIELD)

122. Defendants repeat and re-allege their answers to paragraphs 1 through 121 of Plaintiff's Complaint, as if fully set forth herein.

123. Defendants deny the allegations contained in paragraph 123 of Plaintiff's Complaint.

124. Defendants deny the allegations contained in paragraph 124 of Plaintiff's Complaint.

125. Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126. Defendants deny the allegations contained in paragraph 126 of Plaintiff's Complaint.

<u>COUNT SIX</u>
(MALICIOUS PROSECUTION CLAIM AGAINST DEFENDANTS JOHN J. GRADY, MICHAEL FOLEY AND KEVIN FIFIELD)

127. Defendants repeat and re-allege their answers to paragraphs 1 through 126 of Plaintiff's Complaint, as if fully set forth herein.

128. Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129. Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint.

<u>COUNT SEVEN</u>
(42 U.S.C. § 1983, FOURTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST THE CITY OF WORCESTER)

130. Defendants repeat and re-allege their answers to paragraphs 1 through 129 of Plaintiff's Complaint, as if fully set forth herein.

131. Defendants deny the allegations contained in paragraph 131 of Plaintiff's Complaint.

132. Defendants deny the allegations contained in paragraph 132 of Plaintiff's Complaint.

133. Defendants deny the allegations contained in paragraph 133 of Plaintiff's Complaint.

134. Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135. Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

<u>COUNT EIGHT</u>
(MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12 § 11I CLAIM AGAINST WINN MANAGEMENT, INC. AND OFFICERS)

136. Defendants repeat and re-allege their answers to paragraphs 1 through 135 of Plaintiff's Complaint, as if fully set forth herein.

137. Defendants admit the allegation that Winn Management, Inc. employed Defendant Grady for a paid security detail, but Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 137 of Plaintiff's Complaint.

138. Defendants admit the allegations contained in paragraph 138 of Plaintiff's Complaint.

139. Defendants admit the allegations contained in paragraph 139 of Plaintiff's Complaint.

140. Defendants admit the allegations contained in paragraph 140 of Plaintiff's Complaint, except that the allegation that Defendant Grady was "an instrument of the Commonwealth's power" is a conclusion of law to which a responsive pleading is not required.

141. The allegations contained in paragraph 141 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

142. The allegations contained in paragraph 142 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

143. The allegations contained in paragraph 143 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

144. Defendants deny the allegations contained in paragraph 144 of Plaintiff's Complaint.

145. The allegations contained in paragraph 145 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

146. Defendants deny the allegations contained in paragraph 146 of Plaintiff's Complaint.

147-155. Paragraphs 147 through 155 of Plaintiff's Complaint are directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>COUNT NINE</u>
(42 U.S.C. § 1983, FOURTH AND FOURTEENTH AMENDMENT CLAIMS AGAINST U.S. SECURITY ASSOCIATES, INC. AND OFFICERS)

156. Defendants repeat and re-allege their answers to paragraphs 1 through 155 of Plaintiff's Complaint, as if fully set forth herein.

157. Defendants deny the allegations contained in paragraph 157 of Plaintiff's Complaint.

<u>COUNT TEN</u>
(MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. C. 12 § 11I CLAIM
AGAINST U.S. SECURITY ASSOCIATES, INC. AND OFFICERS)

158. Defendants repeat and re-allege their answers to paragraphs 1 through 157 of Plaintiff's Complaint, as if fully set forth herein.

159-168. Paragraphs 159 through 168 of Plaintiff's Complaint are directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>COUNT ELEVEN</u>
(NEGLIGENCE CLAIM AGAINST WINN MANAGEMENT, INC. AND OFFICERS)

169. Defendants repeat and re-allege their answers to paragraphs 1 through 168 of Plaintiff's Complaint, as if fully set forth herein.

170. The allegations contained in paragraph 170 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

171. The allegations contained in paragraph 171 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

172. The allegations contained in paragraph 172 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required.

173. Defendants deny the allegations contained in paragraph 173 of Plaintiff's Complaint.

174. Paragraph 174 of Plaintiff's Complaint is directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as this paragraph can be construed as alleging facts directed against Defendants, Defendants deny them.

175. Paragraph 175 of Plaintiff's Complaint is directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as this paragraph can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>COUNT TWELVE</u>
(NEGLIGENCE CLAIM AGAINST U.S. SECURITY ASSOCIATES, INC. AND OFFICERS)

176. Defendants repeat and re-allege their answers to paragraphs 1 through 175 of Plaintiff's Complaint, as if fully set forth herein.

177-182. Paragraphs 177 through 182 of Plaintiff's Complaint are directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>COUNT THIRTEEN</u>
(NEGLIGENCE CLAIM AGAINST THE CITY OF WORCESTER)

183. Defendants repeat and re-allege their answers to paragraphs 1 through 182 of Plaintiff's Complaint, as if fully set forth herein.

184. The allegations contained in paragraph 184 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 184, except Defendants admit that the City received correspondence from Plaintiff's counsel dated September 2, 2004.

185. The allegations contained in paragraph 185 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 185.

186. The allegations contained in paragraph 186 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph can be construed as alleging facts, Defendants deny the allegations contained in paragraph 186.

187. Defendants deny the allegations contained in paragraph 187 of Plaintiff's Complaint.

188. Defendants deny the allegations contained in paragraph 188 of Plaintiff's Complaint.

189. Defendants deny the allegations contained in paragraph 189 of Plaintiff's Complaint.

<u>COUNT FOURTEEN</u>
(SPOLIATION OF EVIDENCE CLAIM AGAINST KEVIN FIFIELD, WINN MANAGEMENT, INC. AND U.S. SECURITY ASSOCIATES, INC.)

190. Defendants repeat and re-allege their answers to paragraphs 1 through 189 of Plaintiff's Complaint, as if fully set forth herein.

191-192. Paragraphs 191 through 192 of Plaintiff's Complaint are directed against other defendants and, therefore, no responsive pleading by Defendants is required. But insofar as these paragraphs can be construed as alleging facts directed against Defendants, Defendants deny them.

<u>FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants.

<u>SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff failed to comply with the applicable statutes of limitation in filing this lawsuit.

<u>THIRD AFFIRMATIVE DEFENSE</u>

Plaintiff's service of process was insufficient, and, therefore, Plaintiff's case should be dismissed.

<u>FOURTH AFFIRMATIVE DEFENSE</u>

The individual Defendants are qualifiedly immune from liability in their individual capacity.

<u>FIFTH AFFIRMATIVE DEFENSE</u>

Defendants' actions were justified and in good faith at all times.

<u>SIXTH AFFIRMATIVE DEFENSE</u>

The force used as to Plaintiff was reasonable under all the circumstances.

SEVENTH AFFIRMATIVE DEFENSE

There was probable cause for Plaintiff's arrest.

EIGHTH AFFIRMATIVE DEFENSE

42 U.S.C. § 1988 does not provide a cause of action.

NINTH AFFIRMATIVE DEFENSE

Defendants at all times acted reasonably and with a good faith belief that their actions were lawful and not in violation of any federal or state constitutional right.

TENTH AFFIRMATIVE DEFENSE

The individual Defendants did not interfere with, or attempt to interfere with, any federal or state constitutional or statutory right of Plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

TWELFTH AFFIRMATIVE DEFENSE

The City is not liable under 42 U.S.C. § 1983 because the actions of the individual Defendants were constitutional, i.e., did not deprive Plaintiff of any rights.

THIRTEENTH AFFIRMATIVE DEFENSE

Any unconstitutional actions of the individual Defendants were not caused by any City policy or custom.

FOURTEENTH AFFIRMATIVE DEFENSE

Any interference or attempted interference by Defendants with any of Plaintiff's secured rights was not by threats, intimidation or coercion.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiff's secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not a member of a racial minority.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendants did not discriminate against Plaintiff on the basis of his race.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intend to create in Plaintiff a reasonable apprehension of impending physical harm.

## NINETEENTH AFFIRMATIVE DEFENSE

The individual Defendants did not intentionally and unjustifiably use excessive or harmful force against Plaintiff.

## TWENTIETH AFFIRMATIVE DEFENSE

In the event Plaintiff did resist arrest, Plaintiff had no right to resist arrest by the individual Defendants, and he is responsible for all injuries caused by that resistance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff provoked the individual Defendants at the time of the alleged assault and battery.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants Grady and Foley were justified in imprisoning or restraining Plaintiff, as their arrest was not false or unlawful.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Defendants Grady and Foley did not at any time act with malice toward Plaintiff.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by Plaintiff's own actions or omissions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Any damages incurred by Plaintiff as alleged were the result of Plaintiff's own intentional conduct and Plaintiff is therefore barred from recovery.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering pursuant to the public duty rule codified in Mass. Gen. Laws c. 258, § 10.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants are not liable because the actions of Defendants were privileged.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

The actions of Defendants alleged in Complaint were neither the proximate nor the actual cause of any damage suffered by Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff was negligent to a greater extent than any negligence of the Defendants and, therefore, Plaintiff is not entitled to recover pursuant to Mass. Gen. Laws c. 231, § 85.

## THIRTIETH AFFIRMATIVE DEFENSE

Any damages awarded to Plaintiff should be diminished in proportion to the amount of Plaintiff's negligence pursuant to Mass. Gen. Laws c. 231, § 85.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to present due and proper notice upon the City under Mass. Gen. Laws c. 258.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovery because he was in violation of a statute, regulation and/or City ordinance at the time of the alleged incident.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims of negligent supervision, negligent training, negligent disciplining and negligent failure to protect Plaintiff are all barred by Mass. Gen. Laws c. 258, § 10(j).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were directly and proximately caused by acts of a third person, which acts Defendants had no reason to anticipate and of which person Defendants had no knowledge and over whom they had no control.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

The damages alleged in Plaintiff's Complaint were the result of supervening and intervening causes unrelated to any acts of Defendants.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Any delay in providing medical assistance to Plaintiff was not the result of deliberate indifference.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Any medical need of Plaintiff was not serious.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Any delay in providing medical assistance for any serious medical need of Plaintiff did not exacerbate Plaintiff's condition, nor cause permanent damage to Plaintiff, nor in any way affect Plaintiff's end medical result.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants did not unlawfully confine Plaintiff, directly or indirectly.

<u>FORTIETH AFFIRMATIVE DEFENSE</u>

Plaintiff was not falsely imprisoned because his arrest was warranted by law.

<u>FORTY-FIRST AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to adequately plead any special damages.

<u>FORTY-SECOND AFFIRMATIVE DEFENSE</u>

Plaintiff has failed to mitigate his alleged damages.

<u>FORTY-THIRD AFFIRMATIVE DEFENSE</u>

Punitive damages are not recoverable under Mass. Gen. Laws c. 12, § 11I.

<u>FORTY-FOURTH AFFIRMATIVE DEFENSE</u>

Punitive damages are not recoverable against a municipality.

<u>FORTY-FIFTH AFFIRMATIVE DEFENSE</u>

The individual Defendants at all times were motivated with neither an evil intent or motive, nor a reckless or callous indifference, toward any of Plaintiff's rights.

WHEREFORE, Defendants pray that this Court enter judgment in their favor as follows:

1.  that Plaintiff's Complaint be dismissed;

2.  that Plaintiff takes nothing by his Complaint; and

3.  for such other and further relief as this Court deems proper, including costs and reasonable attorney's fees awarded to Defendant City of Worcester.

Defendants demand a trial by jury on all claims and issues so triable.

> JOHN J. GRADY, MICHAEL FOLEY, PAUL KEYES and THE CITY OF WORCESTER – A MUNICIPAL CORPORATION,
>
> By their attorneys,
> David M. Moore
> City Solicitor
>
> /s/ Janet J. McGuiggan_____
> Janet J. McGuiggan (BBO#630013)
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA  01608
> (508) 799-1161

### CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties of record the within Answer of Defendants John J. Grady, Michael Foley, Paul Keyes and the City of Worcester – a Municipal Corporation by electronically filing with the Court and mailing a copy of the same, postage prepaid, to the following counsel this 13th day of February, 2006:

Hector E. Pineiro, Esq.
Law Office of Hector Pineiro
807 Main Street
Worcester, MA  01610

Michael J. Mascis, Esq.
Law Offices of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA  02108

> /s/ Janet J. McGuiggan___
> Janet J. McGuiggan
> Assistant City Solicitor