UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF :                                   Case: 05-40154 FDS

JOSE HERRERA BETANCOURT
    Plaintiff                                )
                                             )
  v.                                             )
                                             )
                                             )
JOHN J. GRADY, MICHAEL FOLEY,                      )
PAUL KEYS, THE CITY OF WORCESTER                   )
A MUNICIPAL CORPORATION, KEVIN                     )
KEVIN FIFIELD, US SECURITY ASSOCIATES,             )
INC., & WINN MANAGEMENT, INC.,                     )
    Defendants                               )


**Proposed Scheduling Order, With Assent of the Plaintiff, The City of Worcester, et al., and Winn Management, et al.:**[1]

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), it is hereby ORDERED that:

1. **Initial Disclosures**: Initial Disclosures by Fed. R. Civ. P. 26(a)(1) must be completed by: March 30, 2006.

2. **Amendments to Pleadings**: Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after: March 1, 2007.

3. **Fact Discovery – Interim Deadlines**:
   a. All requests for production of documents and interrogatories must be served by: April 30, 2006.

   b. All requests for admissions must be served by: March 1, 2007.

   c. All depositions, other than expert depositions, must be completed by: May 30, 2007

---

[1] Plaintiff's counsel have circulated this pleading to opposing counsel andhave received their assents, with the exception of counsel for U.S. Security Associates, Inc. & Kevin Fifield, who as of filing had not yet responded.

1

4. Fact Discovery – Final Deadline: All discovery, other than expert discovery, must be completed by: July 1, 2007.

5. Status Conference. A status conference will be held on: <u>to be determined by the Court.</u>

6. **Expert Discovery**:

   a. Plaintiff(s) trial experts must be designated, and the information contemplated by Fed. R.Civ. P. 26(a)(2) must be disclosed by: March 1, 2007.

   b. Plaintiff(s) trial experts must be deposed by: June 15, 2007.

   c. Defendant(s) trial experts must be designated, and the information contemplated completed by Fed. R.Civ. P. 26(a)(2) must be disclosed by: July 15, 2007

   d. Defendant(s)' trial experts must be deposed by: August 15, 2007

7. **Dispositive Motions**.

   1. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions on the pleadings, must be filed by September 15, 2007.

   2. Opposition to dispositve motions must be filed within 21 days after service of the motion.

8. **Pretrial Conference**. A pretrial conference will be held on: <u>to be determined by the Court.</u>

**Procedural Provisions**

1. Extensions of Deadlines.

   a. Fact Discovery- Interim Deadlines. The parties may extend any interim deadline for fact discovery by mutual agreement filed with the court.

   b. Fact Discovery-Final Deadline; Expert Discovery. The parties may extend the final deadline for fact discovery or the deadlines for expert discovery for a combined total of up to 30 days by mutual written agreement filed with the court.

   c. Dispositive Motions: The parties may not extend the deadline for filing dispositive motions or date of the final pretrial conference without leave of court. No extension of discovery deadlines shall modify or affect deadlines for filing dispositive motions or the date of pretrial conference unless the court expressly orders otherwise.

    d.  Procedure for seeking extensions from Court. Motions to extend or modify deadlines will be granted only for good cause shown. Good cause may be shown where discovery has been delayed or a deadline otherwise has been affected by the time taken by the court to consider a motion. All motions to extend shall contain a brief statement of reasons for the request; a summary of the discovery, if any, that remains to be taken; and a specific date when the requesting party expects to complete the additional, joint other parties, amend the pleadings, or file a motion.

2. Motions to Compel or Prevent Discovery.  Except for good cause shown, motions to compel discovery, motions for protective orders, motions to quash, motions to strike discovery responses, and similar motions must be filed no later that the close of fact discovery or the close of expert discovery, whichever deadline is relevant. If additional discovery is compelled by the court after the relevant deadline has passed, the court may enter such additional orders relating to discovery as may be appropriate.

3. Reply Memoranda. Parties need not seek leave of court to file a reply memorandum in response to an opposition to any motion, provided that such a reply memorandum does not exceed twelve pages, double-spaced, and is filed within seven days (excluding intermediate Saturdays, Sundays, and legal holidays) after service of the opposition memorandum.  Parties may otherwise file reply or surreply memoranda only with leave of court. When such leave is sought, the moving party may file a proposed reply or surreply memorandum with the  motion for leave.

4. Additional Conferences. Upon request of counsel, or at the court's own initiative, additional case-management or status conferences may be scheduled. Parties may request telephonic conferences were appropriate to avoid undue convenience or expense.

5. Early Resolution of Issues. The court recognizes that, in some cases, resolution of one or more preliminary issues may remove a significant impediment to settlement or otherwise expedite resolution of the case. Counsel are encouraged to identify any such issues and to make appropriate motions at an early stage in the litigation.

6. Pretrial Conference. Lead trial counsel are required to attend any pretrial conferences.

_____By The Court,
Date

                                                                        _____
                                                                         **Deputy Clerk**

Respectfully submitted:

The plaintiff Jose Herrera Betancourt
By his attorneys,

/s/ *Robert A. Scott*_____
Hector E. Pineiro, BBO # 555315
Robert A. Scott, BBO #
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600

The defendant Winn Management, Inc.
By his attorneys,

/s/ *Thomas M. Franco*
Thomas M. Franco, BBO # 550596
Long & Leahy
100 Summer Street, 11th floor
Boston, MA 02110
Tel: (617) 439-4777

Defendants John J. Grady, Michael Foley, Paul Keyes and the City of Worcester – A Municipal Corporation .
By their attorneys,

/s/ *Jamet J. McGuiggan*
David M. Moore, City Solicitor
Janet J. McGuiggan, BBO # 630013
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
Tel. (508) 799-1161

DATED:  February 27, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system on February 27, 2006, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on January 13, 2006.

/S/ *Robert A. Scott*