UNITED STATES OF AMERICA

WORCESTER, SS.                    U.S. DISTRICT COURT
                                 DISTRICT OF MASSACHUSETTS
                                 CIVIL ACTION NO. 05-40154FDS

```
                                   )
JOSE HERRERA BETANCOURT,           )
     Plaintiff                     )
                                   )
v.                                 )
                                   )
JOHN J. GRADY, MICHAEL FOLEY,      )
PAUL KEYS, THE CITY OF WORCESTER,  )
A MUNICIPAL CORPORATION, KEVIN     )
FIFIELD, US SECURITY ASSOCIATES,   )
INC., WINN MANAGEMENT, INC.,       )
     Defendants                    )
                                   )
```

## MOTION OF THE DEFENDANT WINN MANAGEMENT INC., PURSUANT TO FED. R. CIV. P. 13 and 15(a), TO AMEND ITS ANSWER TO ASSERT CROSS-CLAIM

The defendant Winn Management, Inc. ("Winn") moves pursuant to Fed. R. Civ. P. 13 and 15(a) to amend it answer to include the assertion of a cross-claim for contractual indemnity against the co-defendant U.S. Security Associates, Inc. ("U.S. Security") and for contribution against U.S. Security and its employee Kevin Fifield ("Fifield"). Winn also seeks to amend its answer to paragraph 13 of the complaint for the limited purpose of clarifying that Winn Managed Properties, LLC managed the property in question, a fact previously disclosed in Winn's Rule 26(a) disclosure and in subsequent conversations with the plaintiff's counsel. As grounds, Winn states as follows:

1. This is a case in which the plaintiff asserts claims for negligence and alleged civil rights violations arising from a September 8, 2002 incident that allegedly occurred at a residential apartment complex managed by Winn. The complaint alleges that the plaintiff sustained personal injuries as a result of excessive force used by officers of the Worcester Police Department and Fifield, a security guard, during the arrest of the plaintiff at the premises.

2. After Winn filed its answer, it discovered a written security contract with U.S. Security's predecessor, which it believes requires U.S. Security to defend and indemnify Winn in connection with the allegations in the plaintiff's complaint.

3. On or about May 2, 2006, Winn, through counsel, sent U.S. Security, through counsel, a request demanding that U.S. Security or its insurer defend and indemnify Winn in this lawsuit. A copy of the letter is attached as Exhibit 1.

4. Winn did not want to file a motion to assert the cross-claim until receiving a response to the request for defense and indemnity from U.S. Security or its insurer.

5. U.S. Security's insurer finally responded to Winn's request for defense and indemnity on or about August 21, 2006. A copy of the response is attached as Exhibit 2. U.S. Security has essentially taken the position that it is reserving a decision on the request pending discovery of further information.

6. While the parties have continued to discuss a mutually agreeable resolution to the indemnity issue, it does not appear that the issue can be resolved without the assertion of a cross-claim. As a result, Winn now seeks to assert a cross-claim for contractual indemnity against U.S. Security and for contribution against U.S. Security and Fifield.

7. The scheduling order set the deadline for amending the pleadings on May 31, 2006, absent a showing of "good cause". Winn submits that "good cause" exists to allow amendment of the pleadings to assert its cross-claim at this time. Winn did not want to file the motion until after it attempted to resolve the issue through discussions with U. S. Security. Assertion of the cross-claim at this time will allow the parties to resolve the issue without the need to file a separate lawsuit, which will otherwise be required if the motion is not allowed. Further, the proposed amendment will not require any additional discovery. Additionally, it will not result in the need to extend or modify the discovery deadline set by the scheduling order. Finally, allowance of the motion is in the interests of fairness and judicial economy.

8. Given the nature of this motion, a separate memorandum of law is not required.

WHEREFORE, Winn requests that its motion to amend its answer and assert the cross-claim be allowed. A copy of the

proposed amended answer with cross-claim is attached as Exhibit 3.

I hereby certify that a true copy of the above document which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) was filed through the ECF system on October 6, 2006.

Respectfully submitted,

Thomas M. Franco, Esq.
BBO# 550596
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA    02110
Telephone: (617) 439-4777

DATED: _10/6/06_

**EXHIBIT 1**

**LONG & LEAHY**
100 SUMMER STREET
BOSTON, MASSACHUSETTS 02110
TEL. (617) 439-4777 * FAX (617) 439-3153

ROBERT A. LONG, JR.
JOHN F. LEAHY, JR.
THOMAS M. FRANCO
RICHARD J. POLIFERNO
STEVEN M. O'BRIEN
PAUL A. LADAS

KATHLEEN M. GREELEY
DIANE COLE LAINE
CATHERINE M. DOHERTY
JOSEPH LABADINI
LORI J. HARLING
DARREN J. RILLOVICK

May 2, 2006

Michael J. Mascis, Esq.
Law Offices of Jacqueline L. Allen
262 Washington Street, Ste. 601
Boston, MA 02108

RE:    **Betancourt v. Winn Management, Inc.& U.S. Security Associates, Inc., et al.**
United States District Court, District of Massachusetts (Worcester) – C.P.A. 05-CV-
40154

Dear Mr. Mascis:

As you know, I am representing Winn Management, Inc. ("Winn") in the above entitled lawsuit.
Winn requests that U.S. Security Associates, Inc. ("U.S. Security") and its insurer agree to
defend and indemnify Winn in connection with the allegations in the plaintiff's complaint.

As of September 8, 2002, U.S. Security furnished security services to Winn at the
Wellington/Matheson Apartments, 713-718 Main Street, Worcester, Massachusetts ("the
premises") pursuant to the terms and conditions of a written security services agreement dated
January 1, 1995, a copy of which was previously produced by Winn in response to the Rule
26(a)(1) disclosure and another copy of which is attached for your reference. It is Winn's
understanding that U.S. Security purchased the assets of the company referred to in the
agreement, Atlantic Security Guards, Inc. ("Atlantic"), some time before the plaintiff's alleged
September 8, 2002 incident. Winn further understands that U.S. Security assumed the terms and
conditions of the January 1, 1995 with Atlantic and performed the contract, which was in effect
at the time of the alleged incident on or about September 8, 2002.

Under the terms and conditions of the agreement, U.S. Security agreed to provide uniformed
security guards as was required to protect the property and assets of the premises owner, The
Wellington Company, and Winn, as managing agent of the property..

Paragraph 2(B) of the agreement provides as follows:

> **"The Company [U.S. Security as successor to Atlantic] agrees to indemnify, defend and save Client [Winn, as managing agent for The Wellington Company] and its employees, agents, officers, and servants harmless against claims, damages, losses, fines or penalties (including the costs, expenses and reasonable attorneys fees on account thereof) asserted by third parties and employees of CLIENT, but only when any of the foregoing are committed against such third parties or employees of CLIENT by the COMPANY or its employees subject to the further proviso that such indemnification shall not apply when the acts giving rise to such claims were directed by the CLIENT."**

It is Winn's position that the indemnity provision set out in the agreement applies to the plaintiff's lawsuit. The plaintiff is a "third party" who is asserting a claim for damages arising from an alleged incident that occurred on September 8, 2002 while the plaintiff was present on the premises. The plaintiff's complaint alleges that he sustained injuries as a direct result of the actions of Kevin Fifield, an employee of U.S. Security who was working as a security guard at the premises. Regardless of the merits of the plaintiff's allegations, the contract triggers the duty to defend and indemnify based solely on the assertion of such a claim. Further, there is no evidence that the alleged physical contact between Fifield and the plaintiff was in any way "directed" by Winn within the meaning of the contractual language. Winn relied on the expertise and experience of U.S. Security and its employees to perform the security services required under the agreement. Winn did not direct and control U.S. Security as to the details of its work.

Please confirm that U.S. Security and its insurer will agree to defend and indemnify Winn pursuant to the terms and conditions of the agreement by providing a written response to this demand within the next thirty days. If U.S. Security and its insurer declines this tender of defense and indemnity, Winn will assert a cross claim against U.S. Security to enforce its rights under the agreement. Winn will also, pursuant to the terms and conditions of the agreement, seek recovery of litigation and reasonable attorneys fees incurred in defending this case.

Thank you for your attention to this matter. Please feel free to contact me should you wish to discuss the matter further.

Very truly yours,

Thomas M. Franco

TMF/rr

2

## STANDARD AGREEMENT
## GUARD SERVICES

COMPANY:                ATLANTIC SECURITY GUARDS, INC.

BRANCH ADDRESS:         ATLANTIC SECURITY GUARDS, INC.
                        51B Village Way
                        Brookline MA  02146


AGREEMENT made this 1st day of January 1995 by and between  The
Wellington   Company(CLIENT)        ATLANTIC    SECURITY    GUARDS,
INC.(Hereinafter referred to as COMPANY).

to commence January 1, 1995.

It is mutually agreed by and between the parties hereto as follows:

---

1.   SERVICE

(A)  COMPANY agrees to provide uniformed guard service consisting
of  one  or  more  guards  at  the  CLIENT'S  facility,  located  at
Wellington Community as may be agreed upon in writing from time to
time between the parties, to perform such duties as specified by
the CLIENT that will assist the CLIENT in the protection of its
property and assets, as well as perform minor non-related duties as
may be mutually agreed upon by the CLIENT and the COMPANY.

(B)  COMPANY will furnish the guards to provide the required
service, completely outfitted with uniforms and all necessary
equipment.  Guards will not carry firearms.

(C)  Guards will be the employees of the COMPANY and COMPANY will
pay all salaries and expenses of, and all Federal Social Security
Taxes, Federal and State Employment Taxes and any similar taxes
relating to such employees.  COMPANY shall act as an independent
contractor to client with respect to all aspect of this agreement.

2.   INDEMNITY/INSURANCE

(A)  COMPANY agrees to furnish and keep in full force during the
term of this agreement the following insurance:

     1. Workers' compensation insurance covering all employees
     at statutory limits in accordance with the laws of the
     state of employment and employers liability insurance
     covering all persons employed by the COMPANY who are

Case 4:05-cv-40154-FDS    Document 27    Filed 10/06/2006    Page 9 of 48

engaged in the performance of the services rendered under this agreement at minimum limits of $100,000 each accident; $100,000 each employee - disease; $500,000 policy limit-disease."

2. Commercial general liability insurance on an industry standard form providing occurrence based liability coverage for bodily injury, personal injury, and property damage liability with a combined single limit of no less than $1,000,000 per occurrence and with aggregate limits sufficient to satisfy umbrella liability requirements. Said policy shall include full standard blanket contractual liability and standard personal injury liability coverage at least equal to coverage as represented by industry standard forms published by the Insurance Services Office.

3. Professional liability insurance covering COMPANY for any liability caused by any act, error or omission arising out of the professional services rendered by COMPANY, subject to a limit of no less than $1,000,000 per claim.

4. Automobile liability coverage providing bodily injury and property damage liability coverage arising from the operation of any owned, leased rented, hired or non-owned vehicle at a minimum combined single limit of $1,000,000 per accident.

5. Umbrella liability insurance providing bodily injury, personal injury, and property damage to a combined limit of $3,000,000 insurance.

(B) The COMPANY agrees to indemnify defend and save CLIENT and its employees, agents, officers, and servants harmless against claims damages, losses, fines or penalties (including the cost, expenses, and reasonable attorney fees on account thereof) asserted by third parties and employees of CLIENT, but only when any of the foregoing are committed against such third parties or employees of CLIENT by the COMPANY or its employees subject to the further proviso that such indemnification shall not apply when the acts giving rise to such claims were directed by the CLIENT.

(C) Each party waives any or all rights of recovery against the other party for damage to the premises serviced or loss to property owned by CLIENT or COMPANY occurring as a result of fire or other casualty.

(D) If CLIENT requires COMPANY personnel to drive any vehicle during the course of their duties, other than the guard's own personal vehicle or a vehicle furnished by COMPANY, CLIENT agrees to carry Comprehensive, Collision and Liability Insurance on CLIENT'S vehicles with at least the minimum limits as set forth in paragraph A4.

(E) COMPANY and CLIENT agree that COMPANY is not an insurer and the amounts payable to COMPANY by CLIENT under this Agreement are based upon the value of services rendered and are unrelated to the value of CLIENT'S property or to the property of others.

(F) Client agrees to give timely notice to COMPANY of any and all claims made upon CLIENT in connection with any of the aforesaid stating the nature of the claim, the amount claimed, the name of the party making the claim and such other information as shall be relevant to the evaluation of the validity of any such claim and further agrees to permit COMPANY if it so desire, to participate in the negotiation of any settlement thereof or in the defense of any legal or administrator action brought in connection therewith.

3.  PERSONNEL

(A) COMPANY agrees that, upon written direction by the CLIENT setting forth just cause, COMPANY will remove from service hereunder any of its employees, who are guilty of improper conduct or are not qualified or needed to perform the work assigned.

(B) It is the policy of the COMPANY to seek and employ the best qualified personnel; to provide Equal Opportunity for the advancement of employees, including upgrading, promotion and training which will not discriminate against any person because of race, color, creed, sex, age or nation origin.  COMPANY complies with all Federal and State Laws and Regulations.

(C) It is agreed that the CLIENT will not hire any of COMPANY'S personnel within 1 year of separation of employment from COMPANY.

(D) COMPANY agrees that it will use its best efforts to provide such additional guards and related personnel as may be requested by the CLIENT by reason of a strike by the CLIENT'S employees, civil disturbance, riot or any other emergency requiring an increase in the number of guards assigned to the CLIENT'S location(s) at such rates as shall be mutually agreed upon between the CLIENT and COMPANY for this special emergency service.  Nothing herein contained shall impose any liability upon COMPANY in the event COMPANY cannot provide adequate guard service during any strike, civil disturbance, riot or any other emergency.

4.  PAYMENT

(A) For services here rendered, COMPANY will bill the CLIENT at the rate of (see Addendum) per man hour consumed, and CLIENT agrees to pay all such sums billed, in accordance with section 4(B) hereunder, and in no event shall any such bill be offset against any claim of customer.

(B) COMPANY will bill the CLIENT for the current week at weeks end with payment due net 30 days.  A service charge of 1.5% per month

## 6. TERMS OF AGREEMENT

This contract between the CLIENT and COMPANY is for a term of 1
year requested.  Either party may terminate this contract at the
expiration of said term by giving to the other thirty (30) days'
written notice of intention to do so prior to the expiration of the
then current term.  In default of such notice, this contract will
continue for an additional month and thereafter from month to month
until written notice of intention to terminate this contract be
given by either party to the other at least thirty (30) days prior
to the expiration of the then current year.

BY: _____    BY: _____
                                 Matthew C. Schwartz

For: _Wellington_____        For: _Atlantic Security Guards, Inc._

Title: _Dir of Security___       Title: _____

## ADDENDUM

(A) COMPANY will bill the client weekly at the rate of $16.62 per
guard hour consumed.  Should the client request additional hours of
service beyond the normal daily schedule, Atlantic will supply
additional service  at the straight time billing rate quoted above
providing  the  client  notifies  Atlantic  by  at  least  the  day
preceding the requested additional service. Should Atlantic receive
such  request  on  the  day  the  additional  service  is  required,
Atlantic would bill such additional coverage at a premium rate.

(B) Either party may terminate this Agreement with thirty (30) days
written notice.

BY: _____    BY: _____
                                 Matthew C. Schwartz

will be added to overdue bills.


F. PERFORMANCE

If COMPANY shall be unable to perform this agreement because of
strikes or labor difficulties of any nature whatsoever involving
any of CLIENT'S employees, COMPANY'S employees or employees of any
third party or because of any damage caused by fire, flood or other
casualties, or for any other causes beyond COMPANY'S control,
COMPANY shall be relieved of further claims, liabilities or
obligations under this contract.

# EXHIBIT 2

7MF
05 3°5

 **CNA** *CLAIMPLUS*

**Darlene Matticio**
*Liability Specialist*
Telephone:      315-431-6822
                  800-262-6344 x6822
Facsimile:      315-431-6005
Internet:
darlene.matticio@cna.com

**Syracuse Branch**
PO Box 4855
Syracuse NY 13221-9944

August 21, 2006

Long & Leahy
100 Summer Street
Boston, MA 02110

Attention: Thomas M. Franco, Esquire

Re:    Claim Number:              E2164717BV
       Underwriting Co:           Continental Casualty Company
       Insured:                   Outsource Partners, Inc./U.S. Security Associates, Inc.
       Claimant:                  Jose Herrera Betancourt
       Date of Loss:              09/08/2002
       Litigated Case Caption:    **Betancourt vs. Winn Management, Inc. & U.S. Security
                                  Associates, Inc., et al**

Dear Mr. Franco,

On behalf of Continental Casualty Company (hereinafter CCC) this will serve to respond to
your letter dated May 2, 2006, which you provided to Michael J. Mascis, Esquire; Law
Offices of Jacqueline L. Allen. Pursuant to your letter of May 2, 2006 Winn Management,
Inc. is requesting CCC defend and indemnify Winn Management, Inc. in connection with the
allegations in the plaintiff's complaint. The purpose of this letter is to explain and advise
you of CCC's present position with regard to its rights and obligations under Policy No. GL
246129108 effective from February 25, 2000 through February 25, 2003 and issued to
Outsource Partners, Inc as the named insured.

At the present time, CCC is not accepting the defense of Winn Management for this matter.
However, CCC's position is an initial one, based upon the allegations contained within the
complaint and the information available at the present time. Because it is early in the
litigation and the facts have not yet been fully developed, CCC reserves its right to modify
its position in response to additional information or future developments, should CCC
subsequently determine that such a modification is appropriate.

This claim arises out of a 14-count complaint filed by <u>Jose Herrera Betancourt against John J.
Grady, Michael Foley, Paul Keyes, The City of Worcester, Kevin Fifield, U.S. Security
Associates, Inc., Winn Management, Inc.</u> The complaint was filed on or about September 6,
2005, under Case No. 05-40154 FDS in the U.S. District Court, District of Massachusetts.
Generally the complaint alleges claims for violence and excessive force by defendants, Grady,
Foley and Fifield, causing plaintiff to sustain injuries to his brain, face, mouth, thumb and other
parts of his body as well as humiliation and embarrassment during and after the incident.
Plaintiff further alleges that as a result of the injuries he sustained he incurred medical expenses
in the amount of $11,662.44.

# **CNA** CLAIMPLUS

CCC concurs we may owe D&I for Winn Management for US Security employees' actions against a third party. In this instance the suit alleges people other than Kevin Fifield; were involved in this incident, and CCC will not be providing defense and/or indemnification until discovery determines these peoples' identities and relationship with either Winn Management or US Securities. Our initial information has revealed that these other people are not employees' of U.S. Security.

Subject to further discovery and identification of the relationship of the other defendant's CCC will re-evaluate its position in regards to Winn Management's tender request.

Should you have any questions or wish to discuss this matter, please feel free to contact me at your convenience.

Regards,

Darlene Matticio

Cc:     U.S. Security Associates, Inc.
        Attention: John D. Marshall, General Counsel
        200 Mansell Court 5th Floor
        Roswell, GA 30076-4852

        Law Offices of Jacqueline L. Allen
        Attention: Michael J. Mascis, Esquire
        202 Washington Street Suite 601
        Boston, MA 02108

UNITED STATES OF AMERICA

WORCESTER, SS.                    U.S. DISTRICT COURT
                                  DISTRICT OF MASSACHUSETTS
                                  CIVIL ACTION NO. 05-40154FDS

```
                                  )
JOSE HERRERA BETANCOURT,          )
        Plaintiff                 )
                                  )
v.                                )
                                  )
JOHN J. GRADY, MICHAEL FOLEY,     )
PAUL KEYS, THE CITY OF WORCESTER, )
A MUNICIPAL CORPORATION, KEVIN    )
FIFIELD, US SECURITY ASSOCIATES,  )
INC., WINN MANAGEMENT, INC.,      )
        Defendants                )
                                  )
```

## AMENDED ANSWER BY THE DEFENDANT, WINN MANAGEMENT, INC., WITH CROSS-CLAIM AND DEMAND FOR JURY TRIAL

The Defendant, WINN MANAGEMENT, INC., denying each and every allegation of the Plaintiff's Complaint unless specifically admitted, answers each numbered paragraph as follows:

### INTRODUCTION

1.  As to paragraph 1, the Defendant, Winn Management, Inc., denies the allegations therein to the extent that said allegations apply to the Defendant, Winn Management, Inc., and states that the remainder of allegations contained therein do not pertain to this defendant so no further answer is required.

### JURISDICTION

2.  As to paragraph 2, the Defendant, Winn Management, Inc., answers that the allegations contained therein state a legal conclusion and, as such, no further answer is required.

## PARTIES

3.  As to paragraph 3, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

4.  As to paragraph 4, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

5.  As to paragraph 5, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

6.  As to paragraph 6, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

7.  As to paragraph 7, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

8.  As to paragraph 8, the Defendant, Winn Management, Inc., denies that Fifield was an employee of Winn Management and that he was acting within the scope of his employment.  The Defendant, Winn Management, Inc., states that the remainder of allegations contained therein do not pertain to this defendant so no further answer is required.

9.  As to paragraph 9, the Defendant, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

10. As to paragraph 10, the Defendant, the Defendant, Winn Management, Inc., admits the allegations contained therein.

11. As to paragraph 11, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is
required.

## FACTS

12. As to paragraph 12, the Defendant, Winn Management,
    Inc., is without knowledge or information sufficient
    to form a belief as to the truth of the allegations
    therein, and calls upon the Plaintiff to prove the
    same.

13. As to paragraph 13, the Defendant, Winn Management,
    Inc., admits only that Winn Managed Properties, LLC
    managed the apartment complex and the common area
    located at 718 Main Street, Worcester, Worcester
    County, Massachusetts and denies the remainder of the
    allegations therein.

14. As to paragraph 14, the Defendant, Winn Management,
    Inc., admits the allegations therein.

15. As to paragraph 15, the Defendant, Winn Management,
    Inc., is without knowledge or information sufficient
    to form a belief as to the truth of the allegations
    therein, and calls upon the Plaintiff to prove the
    same.

16. As to paragraph 16, the Defendant, Winn Management,
    Inc., answers that the allegations contained therein
    state a legal conclusion and, as such, no further
    answer is required.  The defendant otherwise denies
    the allegations therein.

17. As to paragraph 17, the Defendant, Winn Management,
    Inc., is without knowledge or information sufficient
    to form a belief as to the truth of the allegations
    therein, and calls upon the Plaintiff to prove the
    same.

18. As to paragraph 18, the Defendant, Winn Management,
    Inc., is without knowledge or information sufficient
    to form a belief as to the truth of the allegations
    therein, and calls upon the Plaintiff to prove the
    same.

19. As to paragraph 19, the Defendant, Winn Management,
    Inc., admits that it paid for a police detail, but is

without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations therein, and calls upon the Plaintiff to prove the same.

20. As to paragraph 20, the Defendant, Winn Management, Inc., admits only that it paid for a police detail, denies the remainder of allegations therein to the extent that said allegations pertain to the Defendant, Winn Management, Inc., and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.

21. As to paragraph 21, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

22. As to paragraph 22, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

23. As to paragraph 23, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

24. As to paragraph 24, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

25. As to paragraph 25, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

26. As to paragraph 26, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

27. As to paragraph 27, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

28. As to paragraph 28, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

29. As to paragraph 29, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

30. As to paragraph 30, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

31. As to paragraph 31, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

32. As to paragraph 32, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

33. As to paragraph 33, the Defendant, Winn Management, Inc., denies the allegations contained therein.

34. As to paragraph 34, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

35.  As to paragraph 35, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

36.  As to paragraph 36, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

37.  As to paragraph 37, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

38.  As to paragraph 38, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

39.  As to paragraph 39, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

40.  As to paragraph 40, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

41.  As to paragraph 41, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

42.  As to paragraph 42, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations

therein, and calls upon the Plaintiff to prove the same.

43. As to paragraph 43, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

44. As to paragraph 44, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

45. As to paragraph 45, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

46. As to paragraph 46, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

47. As to paragraph 47, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

48. As to paragraph 48, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

49. As to paragraph 49, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

50. As to paragraph 50, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations therein.

51.  As to paragraph 51, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

52.  As to paragraph 52, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

53.  As to paragraph 53, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

54.  As to paragraph 54, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

55.  As to paragraph 55, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

56.  As to paragraph 56, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

57.  As to paragraph 57, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

58.  As to paragraph 58, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

59.  As to paragraph 59, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

60.  As to paragraph 60, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

61.  As to paragraph 61, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

62.  As to paragraph 62, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

63.  As to paragraph 63, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

64.  As to paragraph 64, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations therein.

65.  As to paragraph 65, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

66.  As to paragraph 66, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise is without
     knowledge or information sufficient to form a belief
     as to the truth of the allegations therein, and calls
     upon the Plaintiff to prove the same.

67.  As to paragraph 67, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

68.  As to paragraph 68, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

69.  As to paragraph 69, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

70.  As to paragraph 70, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

71.  As to paragraph 71, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

72.  As to paragraph 72, the Defendant, Winn Management, Inc., admits only that it had a video surveillance camera connected to a recording system.  The Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations therein, and calls upon the Plaintiff to prove the same.

73.  As to paragraph 73, the Defendant, Winn Management, Inc., denies the allegations contained therein.

74.  As to paragraph 74, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

75.  As to paragraph 75, the Defendant, Winn Management, Inc., denies the allegations contained therein.

76.  As to paragraph 76, the Defendant, Winn Management, Inc., denies the allegations contained therein.

77.  As to paragraph 77, the Defendant, Winn Management, Inc., denies the allegations contained therein.

78.  As to paragraph 78, the Defendant, Winn Management, Inc., denies the allegations contained therein.

79.  As to paragraph 79, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is

required.  The defendant otherwise denies the
allegations contained therein.

80.  As to paragraph 80, the Defendant, Winn Management,
     Inc., denies the allegations to the extent that they
     pertain to this defendant and states that to the
     extent that the allegations contained therein do not
     pertain to this defendant no further answer is
     required.

81.  As to paragraph 81, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

82.  As to paragraph 82, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

83.  As to paragraph 83, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise states that it is
     without knowledge or information sufficient to form a
     belief as to the truth of the allegations therein, and
     calls upon the Plaintiff to prove the same.

84.  As to paragraph 84, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

85.  As to paragraph 85, the Defendant, Winn Management,
     Inc., is without knowledge or information sufficient
     to form a belief as to the truth of the allegations
     therein, and calls upon the Plaintiff to prove the
     same.

86.  As to paragraph 86, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise states that it is
     without knowledge or information sufficient to form a

belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

87. As to paragraph 87, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

88. As to paragraph 88, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

89. As to paragraph 89, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

90. As to paragraph 90, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

91. As to paragraph 91, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

92. As to paragraph 92, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is

without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

93. As to paragraph 93, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

94. As to paragraph 94, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

95. As to paragraph 95, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

96. As to paragraph 96, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

97. As to paragraph 97, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

98. As to paragraph 98, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is

required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

## DAMAGES

99.  As to paragraph 99, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

100. As to paragraph 100, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

100. As to paragraph 100, the Defendant, Winn Management,
Inc., denies the allegations contained therein.

102. As to paragraph 102, the Defendant, Winn Management,
Inc., denies the allegations contained therein.

## COUNT I: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### Grady, Foley, Fifield

103. As to paragraph 103, the Defendant, Winn Management,
Inc., repeats and incorporates by reference the above
paragraphs as fully set forth herein.

104. As to paragraph 104, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

105. As to paragraph 105, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

106. As to paragraph 106, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is

required. The defendant otherwise denies the allegations contained therein.

107. As to paragraph 107, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

108. As to paragraph 108, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

109. As to paragraph 109, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT II: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### Keyes

110. As to paragraph 110, the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

111. As to paragraph 111, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

112. As to paragraph 112, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

113. As to paragraph 113, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

114. As to paragraph 114, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

115. As to paragraph 115, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

### COUNT III: MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 112 § 111M (sic)
### Grady, Foley, Fifield

116. As to paragraph 116, the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

117. As to paragraph 117, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

118. As to paragraph 112, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

### COUNT IV: ASSAULT AND BATTERY
### Grady, Foley, Fifield

119. As to paragraph 119, the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

120. As to paragraph 120, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

121. As to paragraph 121, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

### COUNT V: FALSE IMPRISONMENT
#### Grady, Foley, Fifield

122. As to paragraph 122, the Defendant, Winn Management,
     Inc., repeats and incorporates by reference the above
     paragraphs as fully set forth herein.

123. As to paragraph 123, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

124. As to paragraph 124, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

125. As to paragraph 125, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

126. As to paragraph 126, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

### COUNT VI: MALICIOUS PROSECUTION
#### Grady, Foley, Fifield

127. As to paragraph 127, the Defendant, Winn Management,
     Inc., repeats and incorporates by reference the above
     paragraphs as fully set forth herein.

128. As to paragraph 128, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

129. As to paragraph 129, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT VII: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### City of Worcester

130. As to paragraph 130, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

131. As to paragraph 131, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

132. As to paragraph 132, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

133. As to paragraph 133, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

134. As to paragraph 134, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

135. As to paragraph 135, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

### COUNT VIII: M.G.L. 12 § 11I
#### Winn Management and Officers

136. As to paragraph 136, the Defendant, Winn Management,
Inc., the Defendant, Winn Management, Inc., repeats
and incorporates by reference the above paragraphs as
fully set forth herein.

137. As to paragraph 137, the Defendant, Winn Management,
Inc., admits only that it was doing business with
Matheson's Apartments and/or Wellington Company on
September 8, 2002 and that it paid for a police detail
and for security services. The Defendant, Winn
Management, Inc., denies that it directly employed
Grady and/or Fifield.

138. As to paragraph 138, the Defendant, Winn Management,
Inc., states that it is without knowledge or
information sufficient to form a belief as to the
truth of the allegations therein, and calls upon the
Plaintiff to prove the same.

139. As to paragraph 139, the Defendant, Winn Management,
Inc., admits only that it paid for a police detail.
The defendant otherwise is without knowledge or
information sufficient to form a belief as to the
truth of the allegations therein, and calls upon the
Plaintiff to prove the same.

140. As to paragraph 140, the Defendant, Winn Management,
Inc., admits only that it paid for a police detail.
The defendant otherwise is without knowledge or
information sufficient to form a belief as to the
truth of the allegations therein, and calls upon the
Plaintiff to prove the same.

141. As to paragraph 141, the Defendant, Winn Management,
Inc., denies the allegations therein.

142. As to paragraph 142, the Defendant, Winn Management,
Inc., denies the allegations therein.

143. As to paragraph 143, the Defendant, Winn Management,
Inc., denies the allegations therein.

144. As to paragraph 144, the Defendant, Winn Management,
Inc., denies the allegations therein.

145. As to paragraph 145, the Defendant, Winn Management, Inc., denies the allegations therein.

146. As to paragraph 146, the Defendant, Winn Management, Inc., denies the allegations therein.

147. As to paragraph 147, the Defendant, Winn Management, Inc., denies the allegations therein.

148. As to paragraph 148, the Defendant, Winn Management, Inc., admits only that it paid for security services. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

149. As to paragraph 149, the Defendant, Winn Management, Inc., admits only that it paid for security services. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

150. As to paragraph 150, the Defendant, Winn Management, Inc., denies the allegations therein.

151. As to paragraph 151, the Defendant, Winn Management, Inc., denies the allegations therein.

152. As to paragraph 152, the Defendant, Winn Management, Inc., denies the allegations therein.

153. As to paragraph 153, the Defendant, Winn Management, Inc., denies the allegations therein.

154. As to paragraph 154, the Defendant, Winn Management, Inc., denies the allegations therein.

155. As to paragraph 155, the Defendant, Winn Management, Inc., denies the allegations therein.

## COUNT IX: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### U.S. Security Associates and Officers

156. As to paragraph 156, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats

and incorporates by reference the above paragraphs as
fully set forth herein.

157. As to paragraph 157, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

### COUNT X: M.G.L. 12 § 11I
### U.S. Security Associates and Officers

158. As to paragraph 158, the Defendant, Winn Management,
Inc., the Defendant, Winn Management, Inc., repeats
and incorporates by reference the above paragraphs as
fully set forth herein.

159. As to paragraph 159, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

160. As to paragraph 160, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

161. As to paragraph 161, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

162. As to paragraph 162, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

163. As to paragraph 163, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

164. As to paragraph 164, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

165. As to paragraph 165, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

166. As to paragraph 166, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

167. As to paragraph 167, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

168. As to paragraph 168, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

### COUNT XI: NEGLIGENCE
### Winn Management and Officers

169. As to paragraph 169, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

170. As to paragraph 170, the Defendant, Winn Management, Inc., denies the allegations therein.

171. As to paragraph 171, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., denies the allegations therein.

172. As to paragraph 172, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., denies the allegations therein.

173. As to paragraph 173, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., denies the allegations therein.

174. As to paragraph 174, the Defendant, Winn Management, Inc., denies the allegations therein.

175. As to paragraph 175, the Defendant, Winn Management, Inc., denies the allegations therein.

### COUNT XII: NEGLIGENCE
### U.S. Security Associates and Officers

176. As to paragraph 176, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

177. As to paragraph 177, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

178. As to paragraph 178, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

179. As to paragraph 179, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

180. As to paragraph 180, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

181. As to paragraph 181, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

182. As to paragraph 182, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

## COUNT XIII: NEGLIGENCE
### City of Worcester

183. As to paragraph 183, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

184. As to paragraph 184, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

185. As to paragraph 185, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

186. As to paragraph 186, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

187. As to paragraph 187, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

188. As to paragraph 188, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

189. As to paragraph 189, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

### COUNT XIV: SPOILATION OF EVIDENCE
### Fifield, Winn Management, U.S. Security Associates

190. As to paragraph 190, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

191. As to paragraph 191, the Defendant, Winn Management, Inc., denies the allegations contained therein to the extent that said allegations pertain to this defendant and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.  The defendant otherwise denies the remainder of allegations contained therein.

192. As to paragraph 192, the Defendant, Winn Management, Inc., denies the allegations contained therein to the extent that said allegations pertain to this defendant and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.  The defendant otherwise denies the remainder of allegations contained therein.

**WHEREFORE**, the Defendant, Winn Management, Inc., respectfully demands that the Plaintiff's Complaint be dismissed as to this defendant or in the alternative that judgment enter in favor of said Defendant, Winn Management, Inc., together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(4) for insufficiency of process.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(5) insofar as service of process upon this defendant was not sufficient.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that if the Plaintiff sustained injuries as alleged in the Complaint, such injuries were caused by a third person over whom this defendant exercised no control, and for whom this defendant is and was not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that if the Plaintiff sustained injuries as alleged in the Complaint, such injuries were caused by the intervening and superseding acts of a third person, which acts this defendant did not and reasonably could not foresee.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the plaintiff is barred from recovery in that the plaintiff's conduct alone is the proximate cause of the plaintiff's injuries and/or damages.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the negligence of the Plaintiff contributed to and was a cause of any damages as alleged and such damages, if any, should be diminished in accordance with G.L. Chapter 231, Section 85, as amended.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's negligence was greater than that of the Defendant, and the Plaintiff is thereby barred from recovery under G.L. Chapter 231, Section 85, as amended.

### NINTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, Plaintiff's claim should be barred.

### TENTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff has failed to mitigate his damages.

### ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that venue is not proper, and, therefore, plaintiff's claim should be dismissed.

### TWELFTH AFFIRMATIVE DEFENSE

The defendant states that the defendant did not interfere with the plaintiff's rights by threats, intimidation or coercion.

### THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states the defendant was not acting under color of law and, as a result, the plaintiff's claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that it is immune from liability under G.L. c. 12, sec. 11H and 11I.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff was committing a trespass at the time of the alleged incident and, therefore, the defendant cannot be liable to the plaintiff absent gross negligence, which the defendant did not commit.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff was acting in violation of criminal laws at the time of the alleged incident and is, therefore, barred from any recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that it did not alter or destroy material evidence to the prejudice of the plaintiff.

### CROSS-CLAIM AGAINST KEVIN FIFIELD AND US SECURITY ASSOCIATES, INC.
### COUNT I - Indemnity

1.    On or about September 8, 2002, the defendant Kevin Fifield was employed as a security guard for U.S. Security Associates, Inc. ("U.S. Security").

2.    On or about September 8, 2002, U.S. Security, or its predecessors, had an agreement with the defendant/plaintiff-in-cross-claim Winn Management, Inc., or its predecessors and affiliates, ("Winn") to provide security services at the Wellington/Matheson

Apartments, 713-718 Main Street, Worcester, MA ("the premises").

3.  Under the terms of the security services agreement, U.S. Security agreed to provide security guards as was required to protect the property and assets of the premises owner and Winn, as manager of the property.

4.  Under the security services agreement, U.S. Security agreed to defend, indemnify and hold harmless Winn in connection with claims for damages asserted by third parties as a result acts committed by employees of U.S. Security so long as the acts were not directed by Winn.

5.  On or about September 8, 2002, Fifield was in the course and scope of his employment as a security guard for U.S. Security at the premises.

6.  The plaintiff has asserted claims against Winn alleging that the plaintiff was injured by the acts of Fifield while in the course of his employment for U.S. Security.

7.  Winn did not direct Fifield as to the details of his activities on September 8, 2006.

8.  Pursuant to the terms and conditions of the security services agreement, U.S. Security expressly or

impliedly agreed to defend and indemnify Winn in connection with the plaintiff's claim.

9.  As a result, U.S. Security is liable to defend and indemnify Winn in connection with the allegations in the plaintiff's complaint.

WHEREFORE, Winn requests judgment for indemnity against U.S. Security, plus interest, attorneys' fees and costs.

## COUNT II - Contribution

10. Winn repeats and reasserts the allegations contained in paragraphs 1 - 9 of the cross-claim and incorporates the same by reference into Count II as if expressly rewritten herein.

11. On or about September 8, 2002 U.S. Security and Fifield negligently and carelessly caused the alleged injuries and damages to the plaintiff while providing or attempting to provide security services for Winn at the premises.

12. If Winn is liable in tort to the plaintiff as is alleged in the plaintiff's complaint, which liability Winn expressly denies, then U.S. Security and Fifield

are liable to Winn for contribution pursuant to G.L.
c. 231B.

WHEREFORE, Winn demands judgment for contribution
against U.S. Security and Fifield, plus interest,
attorneys' fees and costs.

### JURY DEMAND

The Defendant, Winn Management, Inc., claims a trial
by jury on all issues raised by this case.

Respectfully submitted,

_____
Thomas M. Franco, Esq.
BBO# 550596
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA  02110
Telephone: (617) 439-4777

DATED: _____11/1/06_____