UNITED STATES OF AMERICA

WORCESTER, SS.                    U.S. DISTRICT COURT
                                 DISTRICT OF MASSACHUSETTS
                                 CIVIL ACTION NO. 05-40154FDS

_____
                                  )
JOSE HERRERA BETANCOURT,          )
      Plaintiff                   )
                                  )
v.                                )
                                  )
JOHN J. GRADY, MICHAEL FOLEY,     )
PAUL KEYS, THE CITY OF WORCESTER, )
A MUNICIPAL CORPORATION, KEVIN    )
FIFIELD, US SECURITY ASSOCIATES,  )
INC., WINN MANAGEMENT, INC.,      )
      Defendants                  )
_____   )

## AMENDED ANSWER BY THE DEFENDANT, WINN MANAGEMENT, INC., WITH CROSS-CLAIM AND DEMAND FOR JURY TRIAL

The Defendant, WINN MANAGEMENT, INC., denying each and every allegation of the Plaintiff's Complaint unless specifically admitted, answers each numbered paragraph as follows:

### INTRODUCTION

1.   As to paragraph 1, the Defendant, Winn Management, Inc., denies the allegations therein to the extent that said allegations apply to the Defendant, Winn Management, Inc., and states that the remainder of allegations contained therein do not pertain to this defendant so no further answer is required.

### JURISDICTION

2.   As to paragraph 2, the Defendant, Winn Management, Inc., answers that the allegations contained therein state a legal conclusion and, as such, no further answer is required.

## PARTIES

3. As to paragraph 3, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

4. As to paragraph 4, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

5. As to paragraph 5, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

6. As to paragraph 6, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

7. As to paragraph 7, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

8. As to paragraph 8, the Defendant, Winn Management, Inc., denies that Fifield was an employee of Winn Management and that he was acting within the scope of his employment. The Defendant, Winn Management, Inc., states that the remainder of allegations contained therein do not pertain to this defendant so no further answer is required.

9. As to paragraph 9, the Defendant, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.

10. As to paragraph 10, the Defendant, the Defendant, Winn Management, Inc., admits the allegations contained therein.

11. As to paragraph 11, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is
required.

### FACTS

12. As to paragraph 12, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

13. As to paragraph 13, the Defendant, Winn Management,
Inc., admits only that Winn Managed Properties, LLC
managed the apartment complex and the common area
located at 718 Main Street, Worcester, Worcester
County, Massachusetts and denies the remainder of the
allegations therein.

14. As to paragraph 14, the Defendant, Winn Management,
Inc., admits the allegations therein.

15. As to paragraph 15, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

16. As to paragraph 16, the Defendant, Winn Management,
Inc., answers that the allegations contained therein
state a legal conclusion and, as such, no further
answer is required.  The defendant otherwise denies
the allegations therein.

17. As to paragraph 17, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

18. As to paragraph 18, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

19. As to paragraph 19, the Defendant, Winn Management,
Inc., admits that it paid for a police detail, but is

without knowledge or information sufficient to form a
belief as to the truth of the remainder of allegations
therein, and calls upon the Plaintiff to prove the
same.

20. As to paragraph 20, the Defendant, Winn Management,
Inc., admits only that it paid for a police detail,
denies the remainder of allegations therein to the
extent that said allegations pertain to the Defendant,
Winn Management, Inc., and states that to the extent
that the allegations contained therein do not pertain
to this defendant no further answer is required.

21. As to paragraph 21, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.

22. As to paragraph 22, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

23. As to paragraph 23, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

24. As to paragraph 24, the Defendant, Winn Management,
Inc., is without knowledge or information sufficient
to form a belief as to the truth of the allegations
therein, and calls upon the Plaintiff to prove the
same.

25. As to paragraph 25, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations therein.

26. As to paragraph 26, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations therein.

27. As to paragraph 27, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

28. As to paragraph 28, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

29. As to paragraph 29, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

30. As to paragraph 30, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

31. As to paragraph 31, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

32. As to paragraph 32, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

33. As to paragraph 33, the Defendant, Winn Management, Inc., denies the allegations contained therein.

34. As to paragraph 34, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

35.  As to paragraph 35, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

36.  As to paragraph 36, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

37.  As to paragraph 37, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

38.  As to paragraph 38, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

39.  As to paragraph 39, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

40.  As to paragraph 40, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations therein.

41.  As to paragraph 41, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

42.  As to paragraph 42, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations

therein, and calls upon the Plaintiff to prove the same.

43. As to paragraph 43, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

44. As to paragraph 44, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

45. As to paragraph 45, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

46. As to paragraph 46, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

47. As to paragraph 47, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

48. As to paragraph 48, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

49. As to paragraph 49, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

50. As to paragraph 50, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

51.  As to paragraph 51, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

52.  As to paragraph 52, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

53.  As to paragraph 53, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

54.  As to paragraph 54, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

55.  As to paragraph 55, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

56.  As to paragraph 56, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

57. As to paragraph 57, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

58. As to paragraph 58, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

59. As to paragraph 59, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

60. As to paragraph 60, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

61. As to paragraph 61, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

62. As to paragraph 62, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

63. As to paragraph 63, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

64. As to paragraph 64, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations therein.

65. As to paragraph 65, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

66. As to paragraph 66, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

67. As to paragraph 67, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

68. As to paragraph 68, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

69. As to paragraph 69, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

70. As to paragraph 70, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

71. As to paragraph 71, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

72. As to paragraph 72, the Defendant, Winn Management, Inc., admits only that it had a video surveillance camera connected to a recording system. The Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the remainder of allegations therein, and calls upon the Plaintiff to prove the same.

73. As to paragraph 73, the Defendant, Winn Management, Inc., denies the allegations contained therein.

74. As to paragraph 74, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

75. As to paragraph 75, the Defendant, Winn Management, Inc., denies the allegations contained therein.

76. As to paragraph 76, the Defendant, Winn Management, Inc., denies the allegations contained therein.

77. As to paragraph 77, the Defendant, Winn Management, Inc., denies the allegations contained therein.

78. As to paragraph 78, the Defendant, Winn Management, Inc., denies the allegations contained therein.

79. As to paragraph 79, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is

required.  The defendant otherwise denies the allegations contained therein.

80.  As to paragraph 80, the Defendant, Winn Management, Inc., denies the allegations to the extent that they pertain to this defendant and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.

81.  As to paragraph 81, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

82.  As to paragraph 82, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

83.  As to paragraph 83, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

84.  As to paragraph 84, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

85.  As to paragraph 85, the Defendant, Winn Management, Inc., is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

86.  As to paragraph 86, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise states that it is without knowledge or information sufficient to form a

belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

87. As to paragraph 87, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

88. As to paragraph 88, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

89. As to paragraph 89, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

90. As to paragraph 90, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

91. As to paragraph 91, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

92. As to paragraph 92, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is

without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

93. As to paragraph 93, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

94. As to paragraph 94, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

95. As to paragraph 95, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

96. As to paragraph 96, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

97. As to paragraph 97, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

98. As to paragraph 98, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is

required. The defendant otherwise states that it is
without knowledge or information sufficient to form a
belief as to the truth of the allegations therein, and
calls upon the Plaintiff to prove the same.

## DAMAGES

99. As to paragraph 99, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required. The defendant otherwise denies the
allegations contained therein.

100. As to paragraph 100, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required. The defendant otherwise denies the
allegations contained therein.

100. As to paragraph 100, the Defendant, Winn Management,
Inc., denies the allegations contained therein.

102. As to paragraph 102, the Defendant, Winn Management,
Inc., denies the allegations contained therein.

## COUNT I: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### Grady, Foley, Fifield

103. As to paragraph 103, the Defendant, Winn Management,
Inc., repeats and incorporates by reference the above
paragraphs as fully set forth herein.

104. As to paragraph 104, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required. The defendant otherwise denies the
allegations contained therein.

105. As to paragraph 105, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required. The defendant otherwise denies the
allegations contained therein.

106. As to paragraph 106, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is

required.  The defendant otherwise denies the
allegations contained therein.

107. As to paragraph 107, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

108. As to paragraph 108, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

109. As to paragraph 109, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

## COUNT II: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### Keyes

110. As to paragraph 110, the Defendant, Winn Management,
Inc., repeats and incorporates by reference the above
paragraphs as fully set forth herein.

111. As to paragraph 111, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

112. As to paragraph 112, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

113. As to paragraph 113, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

114. As to paragraph 114, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

115. As to paragraph 115, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT III: MASSACHUSETTS CIVIL RIGHTS ACT, M.G.L. c. 112 § 111M (sic)
### Grady, Foley, Fifield

116. As to paragraph 116, the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

117. As to paragraph 117, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

118. As to paragraph 112, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT IV: ASSAULT AND BATTERY
### Grady, Foley, Fifield

119. As to paragraph 119, the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

120. As to paragraph 120, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

121. As to paragraph 121, the Defendant, Winn Management, Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

## COUNT V: FALSE IMPRISONMENT
### Grady, Foley, Fifield

122. As to paragraph 122, the Defendant, Winn Management,
Inc., repeats and incorporates by reference the above
paragraphs as fully set forth herein.

123. As to paragraph 123, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

124. As to paragraph 124, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

125. As to paragraph 125, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

126. As to paragraph 126, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

## COUNT VI: MALICIOUS PROSECUTION
### Grady, Foley, Fifield

127. As to paragraph 127, the Defendant, Winn Management,
Inc., repeats and incorporates by reference the above
paragraphs as fully set forth herein.

128. As to paragraph 128, the Defendant, Winn Management,
Inc., states that the allegations contained therein do
not pertain to this defendant so no further answer is
required.  The defendant otherwise denies the
allegations contained therein.

129. As to paragraph 129, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT VII: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### City of Worcester

130. As to paragraph 130, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

131. As to paragraph 131, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

132. As to paragraph 132, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

133. As to paragraph 133, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

134. As to paragraph 134, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

135. As to paragraph 135, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT VIII: M.G.L. 12 § 11I
## Winn Management and Officers

136. As to paragraph 136, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

137. As to paragraph 137, the Defendant, Winn Management, Inc., admits only that it was doing business with Matheson's Apartments and/or Wellington Company on September 8, 2002 and that it paid for a police detail and for security services. The Defendant, Winn Management, Inc., denies that it directly employed Grady and/or Fifield.

138. As to paragraph 138, the Defendant, Winn Management, Inc., states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

139. As to paragraph 139, the Defendant, Winn Management, Inc., admits only that it paid for a police detail. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

140. As to paragraph 140, the Defendant, Winn Management, Inc., admits only that it paid for a police detail. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

141. As to paragraph 141, the Defendant, Winn Management, Inc., denies the allegations therein.

142. As to paragraph 142, the Defendant, Winn Management, Inc., denies the allegations therein.

143. As to paragraph 143, the Defendant, Winn Management, Inc., denies the allegations therein.

144. As to paragraph 144, the Defendant, Winn Management, Inc., denies the allegations therein.

145. As to paragraph 145, the Defendant, Winn Management, Inc., denies the allegations therein.

146. As to paragraph 146, the Defendant, Winn Management, Inc., denies the allegations therein.

147. As to paragraph 147, the Defendant, Winn Management, Inc., denies the allegations therein.

148. As to paragraph 148, the Defendant, Winn Management, Inc., admits only that it paid for security services. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

149. As to paragraph 149, the Defendant, Winn Management, Inc., admits only that it paid for security services. The defendant otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

150. As to paragraph 150, the Defendant, Winn Management, Inc., denies the allegations therein.

151. As to paragraph 151, the Defendant, Winn Management, Inc., denies the allegations therein.

152. As to paragraph 152, the Defendant, Winn Management, Inc., denies the allegations therein.

153. As to paragraph 153, the Defendant, Winn Management, Inc., denies the allegations therein.

154. As to paragraph 154, the Defendant, Winn Management, Inc., denies the allegations therein.

155. As to paragraph 155, the Defendant, Winn Management, Inc., denies the allegations therein.

## COUNT IX: 42 U.S.C. § 1983, FOURTH & FOURTEENTH AMENDMENTS
### U.S. Security Associates and Officers

156. As to paragraph 156, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats

and incorporates by reference the above paragraphs as fully set forth herein.

157. As to paragraph 157, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT X: M.G.L. 12 § 11I
## U.S. Security Associates and Officers

158. As to paragraph 158, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

159. As to paragraph 159, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

160. As to paragraph 160, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

161. As to paragraph 161, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise states that it is without knowledge or information sufficient to form a belief as to the truth of the allegations therein, and calls upon the Plaintiff to prove the same.

162. As to paragraph 162, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

163. As to paragraph 163, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

164. As to paragraph 164, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

165. As to paragraph 165, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

166. As to paragraph 166, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

167. As to paragraph 167, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

168. As to paragraph 168, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

## COUNT XI: NEGLIGENCE
### Winn Management and Officers

169. As to paragraph 169, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

170. As to paragraph 170, the Defendant, Winn Management, Inc., denies the allegations therein.

171. As to paragraph 171, the Defendant, Winn Management,
     Inc., the Defendant, Winn Management, Inc., denies the
     allegations therein.

172. As to paragraph 172, the Defendant, Winn Management,
     Inc., the Defendant, Winn Management, Inc., denies the
     allegations therein.

173. As to paragraph 173, the Defendant, Winn Management,
     Inc., the Defendant, Winn Management, Inc., denies the
     allegations therein.

174. As to paragraph 174, the Defendant, Winn Management,
     Inc., denies the allegations therein.

175. As to paragraph 175, the Defendant, Winn Management,
     Inc., denies the allegations therein.

### COUNT XII: NEGLIGENCE
### U.S. Security Associates and Officers

176. As to paragraph 176, the Defendant, Winn Management,
     Inc., the Defendant, Winn Management, Inc., repeats
     and incorporates by reference the above paragraphs as
     fully set forth herein.

177. As to paragraph 177, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

178. As to paragraph 178, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required. The defendant otherwise denies the
     allegations contained therein.

179. As to paragraph 179, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do
     not pertain to this defendant so no further answer is
     required.  The defendant otherwise denies the
     allegations contained therein.

180. As to paragraph 180, the Defendant, Winn Management,
     Inc., states that the allegations contained therein do

not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

181. As to paragraph 181, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

182. As to paragraph 182, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

## COUNT XIII: NEGLIGENCE
### City of Worcester

183. As to paragraph 183, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

184. As to paragraph 184, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

185. As to paragraph 185, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

186. As to paragraph 186, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

187. As to paragraph 187, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required. The defendant otherwise denies the allegations contained therein.

188. As to paragraph 188, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

189. As to paragraph 189, the Defendant, Winn Management, Inc., states that the allegations contained therein do not pertain to this defendant so no further answer is required.  The defendant otherwise denies the allegations contained therein.

### COUNT XIV: SPOILATION OF EVIDENCE
**Fifield, Winn Management, U.S. Security Associates**

190. As to paragraph 190, the Defendant, Winn Management, Inc., the Defendant, Winn Management, Inc., repeats and incorporates by reference the above paragraphs as fully set forth herein.

191. As to paragraph 191, the Defendant, Winn Management, Inc., denies the allegations contained therein to the extent that said allegations pertain to this defendant and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.  The defendant otherwise denies the remainder of allegations contained therein.

192. As to paragraph 192, the Defendant, Winn Management, Inc., denies the allegations contained therein to the extent that said allegations pertain to this defendant and states that to the extent that the allegations contained therein do not pertain to this defendant no further answer is required.  The defendant otherwise denies the remainder of allegations contained therein.

**WHEREFORE**, the Defendant, Winn Management, Inc., respectfully demands that the Plaintiff's Complaint be dismissed as to this defendant or in the alternative that judgment enter in favor of said Defendant, Winn Management, Inc., together with interest, costs, disbursements and attorney's fees or such other relief as this Honorable Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(4) for insufficiency of process.

### THIRD AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's Complaint should be dismissed against this defendant pursuant to Rule 12(b)(5) insofar as service of process upon this defendant was not sufficient.

### FOURTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that if the Plaintiff sustained injuries as alleged in the Complaint, such injuries were caused by a third person over whom this defendant exercised no control, and for whom this defendant is and was not responsible.

### FIFTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that if the Plaintiff sustained injuries as alleged in the Complaint, such injuries were caused by the intervening and superseding acts of a third person, which acts this defendant did not and reasonably could not foresee.

### SIXTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the plaintiff is barred from recovery in that the plaintiff's conduct alone is the proximate cause of the plaintiff's injuries and/or damages.

## SEVENTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the negligence of the Plaintiff contributed to and was a cause of any damages as alleged and such damages, if any, should be diminished in accordance with G.L. Chapter 231, Section 85, as amended.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff's negligence was greater than that of the Defendant, and the Plaintiff is thereby barred from recovery under G.L. Chapter 231, Section 85, as amended.

## NINTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that this action was not commenced within the time required by the applicable statute of limitations, and, therefore, Plaintiff's claim should be barred.

## TENTH AFFIRMATIVE DEFENSE

Defendant, Winn Management, Inc., states that the Plaintiff has failed to mitigate his damages.

## ELEVENTH AFFIRMATIVE DEFENSE

The defendant states that venue is not proper, and, therefore, plaintiff's claim should be dismissed.

## TWELFTH AFFIRMATIVE DEFENSE

The defendant states that the defendant did not interfere with the plaintiff's rights by threats, intimidation or coercion.

## THIRTEENTH AFFIRMATIVE DEFENSE

The defendant states the defendant was not acting under color of law and, as a result, the plaintiff's claims are barred.

### FOURTEENTH AFFIRMATIVE DEFENSE

The defendant states that it is immune from liability under G.L. c. 12, sec. 11H and 11I.

### FIFTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff was committing a trespass at the time of the alleged incident and, therefore, the defendant cannot be liable to the plaintiff absent gross negligence, which the defendant did not commit.

### SIXTEENTH AFFIRMATIVE DEFENSE

The defendant states that the plaintiff was acting in violation of criminal laws at the time of the alleged incident and is, therefore, barred from any recovery.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The defendant states that it did not alter or destroy material evidence to the prejudice of the plaintiff.

## CROSS-CLAIM AGAINST KEVIN FIFIELD AND US SECURITY ASSOCIATES, INC.
### COUNT I - Indemnity

1.  On or about September 8, 2002, the defendant Kevin Fifield was employed as a security guard for U.S. Security Associates, Inc. ("U.S. Security").

2.  On or about September 8, 2002, U.S. Security, or its predecessors, had an agreement with the defendant/plaintiff-in-cross-claim Winn Management, Inc., or its predecessors and affiliates, ("Winn") to provide security services at the Wellington/Matheson

Apartments, 713-718 Main Street, Worcester, MA ("the premises").

3.    Under the terms of the security services agreement, U.S. Security agreed to provide security guards as was required to protect the property and assets of the premises owner and Winn, as manager of the property.

4.    Under the security services agreement, U.S. Security agreed to defend, indemnify and hold harmless Winn in connection with claims for damages asserted by third parties as a result acts committed by employees of U.S. Security so long as the acts were not directed by Winn.

5.    On or about September 8, 2002, Fifield was in the course and scope of his employment as a security guard for U.S. Security at the premises.

6.    The plaintiff has asserted claims against Winn alleging that the plaintiff was injured by the acts of Fifield while in the course of his employment for U.S. Security.

7.    Winn did not direct Fifield as to the details of his activities on September 8, 2006.

8.    Pursuant to the terms and conditions of the security services agreement, U.S. Security expressly or

impliedly agreed to defend and indemnify Winn in connection with the plaintiff's claim.

9.   As a result, U.S. Security is liable to defend and indemnify Winn in connection with the allegations in the plaintiff's complaint.

WHEREFORE, Winn requests judgment for indemnity against U.S. Security, plus interest, attorneys' fees and costs.

## COUNT II - Contribution

10.   Winn repeats and reasserts the allegations contained in paragraphs 1 - 9 of the cross-claim and incorporates the same by reference into Count II as if expressly rewritten herein.

11.   On or about September 8, 2002 U.S. Security and Fifield negligently and carelessly caused the alleged injuries and damages to the plaintiff while providing or attempting to provide security services for Winn at the premises.

12.   If Winn is liable in tort to the plaintiff as is alleged in the plaintiff's complaint, which liability Winn expressly denies, then U.S. Security and Fifield

are liable to Winn for contribution pursuant to G.L. c. 231B.

WHEREFORE, Winn demands judgment for contribution against U.S. Security and Fifield, plus interest, attorneys' fees and costs.

## JURY DEMAND

The Defendant, Winn Management, Inc., claims a trial by jury on all issues raised by this case.

---

I hereby certify that a true copy of the above document which will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) was filed through the ECF system on October 31, 2006.

Respectfully submitted,

Thomas M. Franco, Esq.
BBO# 550596
Long & Leahy
100 Summer Street, 11th Floor
Boston, MA  02110
Telephone: (617) 439-4777

DATED: _10/31/06_