UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF :                                        Case: 05-40154 FDS


JOSE HERRERA BETANCOURT
       Plaintiff                                        )
                                      )
     v.                                                    )
                                        )
                                        )
JOHN J. GRADY, MICHAEL FOLEY,                              )
PAUL KEYS, THE CITY OF WORCESTER                           )
A MUNICIPAL CORPORATION, KEVIN                             )
KEVIN FIFIELD, US SECURITY ASSOCIATES,                     )
INC., & WINN MANAGEMENT, INC.,                             )
       Defendants                                       )

**Plaintiff's Motion Per Fed. R.Civ. P. 45(e) to Compel Deposition Testimony of
Former Worcester Chief of Police Gerald J. Vizzo and/or in the alternative to
reserve the right to file a future motion for sanctions**

Now comes the plaintiff and respectfully moves that this Honorable Court compel

former Worcester Police Chief Gerald R. Vizzo to appear for the taking of his deposition.

Plaintiff states Gerald Vizzo's testimony is critical to plaintiff's 42 U.S.C. § 1983 claims

against the defendant City of Worcester ("the City").  Plaintiff also moves for sanctions

should it be determined Gerald Vizzo knowingly violated the federal subpoena served

upon him.  In further support plaintiff states as follows:

## Facts

Plaintiff Jose Herrera Betancourt ("Betancourt") alleges that on September 8,

2002, he was beaten by two Worcester police officers named Michael Foley and John J.

Grady.  The officers were working police details for defendant Winn Management, Inc.

and for the Worcester Housing Authority.  Betancourt alleges that a private employee of

U.S. Security Associates, Inc., Kevin Fifield, also violated his federal civil rights under 42 U.S.C. § 1983. [1]

The injuries sustained by Betancourt during his encounter with defendants were severe: "….[a] tiny subdural hematoma in the right frontal region [of the brain]" as diagnosed on September 8, 2002, by Jacqueline L. Wellman, M.D., a U.Mass Memorial Medical Center Radiologist. Betancourt also sustained a concussion and a left thumb metacarpal base fracture. The latter injury was surgically repaired, closed reduction and pinning performed by Lance G. Warhold, M.D., September 18, 20002. Plaintiff alleges these injuries occurred as a result his being subjected to unnecessary and excessive force - i.e. being kicked and stomped, and having his head ground into the pavement by a shod foot while he lay handcuffed and unresisting. *See* First Amended Complaint.

On November 15, 2006 plaintiff gave notice to the City of Worcester Law Department that the plaintiff would depose the City's former chief of police, Gerald J. Vizzo ("Chief Vizzo"). Plaintiff noticed Chief Vizzo's deposition because: 1) Betancourt filed his complaint regarding the incident with the Worcester police Internal Affairs Department ("IAD"); 2) at the time IAD concluded its investigation into plaintiff's citizen complaint, Chief Vizzo, was acting as Chief; 4) upon closing its investigation, the IAD recommended that the City's Police Department find the complaint of Betancourt to be 'not substantiated'; 5) as acting Chief, Vizzo was a key City policy-maker governing police matters, including investigation of citizen complaints and discipline of officers found to have engaged in misconduct; 6) Chief Vizzo, as policy maker for the City on police matters, accepted the IAD recommendation and advised Betancourt in writing that

---

[1] Plaintiff has asserted other pendant state claims in addition to his federal claims.

"it has been established that the complaint is unsustained, i.e., there is insufficient evidence to either prove or disprove its allegations." **(Ex. 1)**.

A copy of the deposition subpoena timely served on Chief Vizzo at his last and usual abode on November 15, 2006, for a deposition to occur on November 22, 2006, is attached. **(Ex. 2)** Chief Vizzo's last and usual place of abode was gleaned from the Registry of Motor Vehicles to be 11 Bailin Drive, Worcester, MA. The subpoena was not served in hand but left at his residence. Chief Vizzo did not attend his deposition. See No-Show for Deposition. **(Ex. 3)** On information and belief, Gerald Vizzo made no attempt to contact plaintiff's counsel or the City's Law Department. Affidavit of Hector E. Pineiro, **(Ex. 4)** Constable William George informed plaintiff's counsel that when the subpoena was served at 11 Bailin Drive, Worcester, MA, there was a vehicle in the driveway of the residence at that address with Massachusetts license plate number: # 3376 CO. Affidavit of Hector E. Pineiro, **(Ex. 4)**

Though Chief Vizzo has retired, he is married to Worcester Police Captain Barbara Swift. At the scheduled deposition time, plaintiff's called for Captain Swift at the Worcester Police Department. Counsel was advised that Swift was on vacation until Monday November 27, 2006, and could not be reached. *Id*. Plaintiff's counsel made further efforts to locate a home telephone number for Chief Vizzo and/or for Captain Swift and found no number associated with either of those last names in an internet search. *Id*. The Court's originally scheduled deadline for non-expert depositions is November 30, 2006. Plaintiff proposes a small extension of this deposition period until the end of 2006. Plaintiff brings this motion in order to safeguard his right to offer relevant evidence, which is probative of his municipal liability claims against the City.

## **Argument**

I.     Former Chief Vizzo's testimony is required in order for the plaintiff to meet his
       burden of proof as to his municipal liability claim.

For all purposes pertinent to this action Chief Vizzo was a policy-maker within the

meaning of *Monell,* 436 U.S. at 690, 98 S.Ct. 2018, and during his tenure was responsible for

disciplining Worcester police officers, even though he was not the Chief of police when

Herrera Betancourt was arrested.  See generally *Wierstack v. Heffernan*, 789 F. 2d 968 (1st Cir.

1986) (affirming a jury verdict against a Worcester officer and the City of Worcester, and

finding that the City's failure to train and supervise was the moving force behind the

constitutional violation).  Gerald Vizzo's testimony regarding the investigation and disposition

of the plaintiff's complaint, as well as the policies and practices of the Worcester Police

Department regarding such complaints at that time, is relevant to the plaintiff's case.  *See Foley*

*v. City of Lowell,*  948 F.2d 10, 14 (1st Cir. 1998), quoting *Bordanaro v. McLeod,* 871 F.2d

1151, 1167: "Post-event evidence can shed some light on what policies existed in the city on

the date of an alleged deprivation of constitutional right."  The First Circuit Court of Appeals

stated further in *Foley,* at 14: "We do not mean to imply that all post-event evidence is

automatically admissible in a section 1983 'custom or policy' case. Rather, the question that

must be asked when post-event evidence is proffered is whether the evidence sufficiently

relates to the central occurrence." (Citations omitted) *See also Id.,* at 23, FN 3, where the *Foley*

Court rejected as "a crabbed [ ] reading of the law" the contention that post-event evidence, to

be relevant, must arise directly out of the principal event.  Chief Vizzo's testimony is critical to

plaintiff's proving his municipal liability and deliberate indifference claims, which stem from

the City's alleged failure to: 1) properly investigate Betancourt's complaint; 2) discipline the

officers involved, and 3) adequately investigate citizen complaints of police abuse.

II.    All of the sanctions now sought have been approved in the Federal Rules of Civil Procedure when a non party fails to attend his own deposition without excuse

Rule 45(e) of the Federal Rules of Civil Procedure provides, in part:

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a non-party to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A)[2].

Rule 45(b)(1) provides the following on "Service":  "A subpoena may be served by any person who is not a party and is not less than 18 years of age. Service of a subpoena upon a person named shall be made by delivering a copy thereof to such person, and, if the person's attendance is commanded, by tendering to that person the fees for one day's attendance and the mileage allowed by law."[3]

Service at Chief Vizzo's usual and last place at 11 Bailin Drive, Worcester, MA constitutes valid service within the meaning of Rule 45.  As one federal court has noted, "In construing the Federal Rules of Civil Procedure, the court is required to "secure the just, speedy and inexpensive determination of every action." FED. R.CIV. P. 1. *Doe v. Hersemann*, 155 F.R.D. 630 (N.D. 1994) (interpreting Rule 45 (b)(1)).  In *Doe v. Hersemann*, a non-party asserted that a subpoena could not be served upon her by certified mail under Rule 45 (b)(1).  The Court disagreed and held otherwise: "...[N]othing in the this language [the language of Rule 45(b)(1)] suggest that in-hand personal service is required to effectuate "delivery," or that service by certified mail is *verbotem*. The plain language of the rule requires only that the subpoena be delivered to the person served by a qualified person. "Delivery" connotes simply "the act by which the *res* or substance thereof is placed within the actual. . . possession or

---

[2] See Proposed Amendment of Fed. R.Civ. P. 45 effective December 1, 2006, which provides "absent contrary Congressional Action, this rule is amended to read as follows:...."  There are no proposed amendment changes to Rule 45(e).

[3] Rule 45(a)(3)(B) permits "an attorney as officer of the court [to] issue and sign a subpoena on behalf of the court for a district in which a deposition . . . is compelled by the subpoena, if the deposition...pertains to an action pending in a court in which the attorney is authorized to practice." *Keh v. Americus-Sumter County Hospital No.* 1:03-cv-68-2 (WLS)(M.D.Ga. 2006)

control of another." Black's Law Dictionary 428 (6TH ed. 1990). Where a mail carrier is a non-party more than 18 years old, certified mail may well assure the delivery foreseen by Rule 45. By way of both contrast and example, abode service, where a document is left at the served individual's dwelling, would not assure delivery to the person. See FED.R.CIV. p. 4(e)(1) (describing abode service for service of summons and complaint). The Court also noted that its conclusions were bolstered by the Federal Rules' description of personal service in the summon and complaint context as "delivering a copy of the summon and of the complaint to the individual personally." Fed. R.Civ. P. 4(e)(1). If "delivering . . . to such person, "as stated in rule 45 (b)(1), required personal, in-hand service, then "personally" in Rule 4(e)(1) would be pure surplusage. The better service requirement and that they chose not do so when they created Rule 45," quoting *Resolution Trust Corp. v. Gallagher*, 10 F.3d 416, 420 (7th Cir. 1993) statutes should be construed to avoid surplusage). *Id*. at 631. It is unclear whether Mr. Vizzo was aware of his noticed deposition, so plaintiff moves that he be allowed to depose Mr. Vizzo beyond the date originally established by the court as the discovery deadline. Non-parties can be sanctioned pursuant to Rule 37(b)(1), which grants a district court the authority to punish a nonparty for failing to follow the court's directions. See *Miller v. Transamerican Press, Inc.* 709 F.2d 524, 531 (9th Cir. 1983) (noting that Rule 37(b)(1) sanctions may be available against nonparty who fails to appear at deposition). *General Insurance Co. Am. v. Eastern Consol Util.*, 126 F.3d 215 (3rd. Cir. 1997).

Plaintiff wishes to reserve the right to re-submit a future motion for sanctions, attorney fees and costs similar to those of Rule 37(b)(2)(A), (b)(2)(B) and (b)(2)(C), in the event he later learns the witness willfully, recklessly or for some other unjustifiable reason disregarded the notice of deposition subpoena.

Rule 37(d) of the Federal Rules of Civil Procedure provides, in part:

"(d) Failure of Party[4] to Attend at Own Deposition or Serve Answers to Interrogatories or Respond to Request for Inspection.  If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party fails (1) to appear before the officer who is to take his deposition, after being served with proper notice,… the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized under paragraphs (A), (B), and (C) of subdivision (b)(2) of this rule… [T] he court shall require the party failing to act or the attorney advising[5] that party or both to pay the reasonable expenses, including attorney's fees caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.." Id.

Subdivisions (A), (B) and (C) follow:

(b)(2)(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(b)(2)(B)  An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing designated matters in evidence;

(b)(2)(C)  An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

For example, case law provides an array of remedies against parties that disobey notices of depositions under Rule 37(d), Fed. R.Civ.P.  See *Taylor v. Correctional Officer Woods*, No. C.A. 05-501 S. (R.I. 2006) (plaintiff pro se litigant had to pay the state of Rhode Island attorney fees and costs as a result of his disobedience); *John D. v. Vanderpool*, No. CV 05-2254-PHX-JAT (Ariz. 2006)(Teilborg, J) (holding the plaintiff's counsel personally liable for the award of fees and expenses for the inconvenience

---

[4] There can be no doubt that former Chief Vizzo, while not a party to this action, was an officer of a party (The City of Worcester) within the meaning of Fed.R.Civ. P. 37(d).
[5] Assistant City Solicitor for the City of Worcester, Janet J. McGuiggan has advised this office she has not had any contacts with Mr. Vizzo in connection with the plaintiff's notice of the deposition.

caused); *Wyandotte Nation v. Sebelius*, 337 F. Supp. 2d. 1253 (Kan. 2004) (noting in

dicta that failure to adequately prepare a witness is akin to failure to appear); *Guex v. All*

*America Financial Life Insurance,* 146 F.3d 40 (1st Cir. 1998) (affirming trial court

dismissal of plaintiff's case as a sanction for his failure to appear to his own deposition,

as well as for earlier violations of discovery orders).


## Conclusion

Wherefore, the plaintiff respectfully prays that Gerald J. Vizzo: 1) be compelled

to give testimony in connection with this case and the matters raised in the plaintiff's

Complaint, and 2) that the plaintiff be allowed reserve the right to re-submit a future

motion for sanctions, including attorney fees under Rule 37 (d) & Rule 37(b)(2) Fed.

R.Civ. P. subdivisions (A), (B), (C) in the event the witness willfully, recklessly or

unjustifiably disregarded the subpoena.  A proposed Order has been attached to this

motion for the Court to consider.


Respectfully submitted,
Plaintiff JOSE BETANCOURT
By his attorneys,

/s/ Robert H. Beadel

Hector E. Pineiro, BBO # 555315
Robert H. Beadel, BBO #632447
807 Main Street
Worcester, MA 01610
Tel. (508) 770-0600
Telefax (508) 770-1300

Dated:  November 28, 2006

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF :                              Case: 05-40154 FDS


JOSE HERRERA BETANCOURT
        Plaintiff                              )
                                        )
    v.                                          )
                                         )
                                       )
JOHN J. GRADY, MICHAEL FOLEY,                   )
PAUL KEYS, THE CITY OF WORCESTER                )
A MUNICIPAL CORPORATION, KEVIN                  )
KEVIN FIFIELD, US SECURITY ASSOCIATES, )
INC., & WINN MANAGEMENT, INC.,                  )
        Defendants                             )

### Order

      After reviewing the within motion and for good cause shown the Court orders as follows:


\_\_\_(1) Mr. Gerald J. Vizzo shall appear for deposition at the office of Hector E. Pineiro in connection with this case and the matters raised in the Complaint no later than

_____;


\_\_\_(2) Plaintiff is entitled to seek remedies that would be available under Fed. R.Civ. P.,

Rule 37(d) and Rule 37(b)(2) subdivisions (A), (B), (C), and Rule 37 (d) against a party

deponent should it become evidence that Gerald Vizzo did knowingly fail to comply with

a federal subpoena.


        By the United States District Court_____
                                        Judge Presiding

Date:

<u>Certificate of service</u>

The undersigned hereby certifies on this date the foregoing was filed electronically and submitted by first class mail to:

**<u>By first class mail</u>**
Gerald R. Vizzo
11 Bailin Drive
Worcester, MA 01604

Thomas M. Franco, Esquire
Long & Leahy
100 Summer Street, 11th floor
Boston, MA 02110

Janet J. McGuiggan, Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608

Michael J. Mascis, Esquire
Law Office of Jacqueline L. Allen
262 Washington Street, Suite 601
Boston, MA 02108

DATED: 11/28/06

Sworn and subscribed under the pains and penalties of perjury this 28th day of November, 2006.

/s/ Robert Beadel
_____
Robert Beadel

**EXHIBIT 1**



**DEPARTMENT OF POLICE**
**CITY OF WORCESTER**
MASSACHUSETTS 01608-1172
(508) 799-8600



_ J. VIZZO
OF POLICE

May 20, 2003

Robert A. Scott, Esq.
800 Main Street
Worcester, MA 01610

Dear Attorney Scott:

Your complaint, which you filed with the Internal Affairs Division of the Worcester Police Department, on behalf of your client, Jose Herrera Betancourt, against employees of this department, has been investigated. It has been established that the complaint is unsustained, i.e., there is insufficient evidence to either prove or disprove its allegations.

If you so desire, please feel free to contact Sgt. Michael J. Kwederis, of our Internal Affairs Division, for a further discussion regarding the disposition of your complaint. Sgt. Kwederis can be contacted usually, Monday through Friday, from 8:00 A.M. to 4:00 P.M., at (508) 799-8694, or you may leave a voice mail message at any time on the Audix® system.

This department is committed to high standards of professionalism, and misconduct by its personnel will not be condoned or tolerated. We appreciate your bringing this matter to our attention so that these standards can be maintained.

Very truly yours,

GERALD J. VIZZO
Chief of Police

GJV:mjk/iad

r'c'd
5/12/04



Worcester
All-America City

**EXHIBIT 2**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF

| | |
|---|---|
| JOSE BETANCOURT, ET AL., PLAINTIFF | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| JOHN J. GRADY, ET. AL, DEFENDANTS | Case Number:[1] 05-40154 FDS |

TO:  Gerald J. Vizzo
     11 Bailin Dr.
     Worcester, MA 01604

*Vizzo*
EXHIBIT NO. *1*
*11/22/06*
C. CARPENTIER

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☑  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION   807 Main Street, Worcester, MA 01610 | DATE AND TIME |
|---|---|
| | 11/22/2006 10:00 am |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Plaintiff Counsel* | 11/15/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Hector Pineiro, Law Office of Hector Pineiro, 807 Main Street, Worcester, MA 01610 (508) 770-0600

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | November 15th, 2006 | @ 11 Bailin Dr., Worcester, MA 0160 |

| | | |
|---|---|---|
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| Gerald J. Vizzo | | Left at last and usual place of abode, |
| SERVED BY (PRINT NAME) | | TITLE w/ $46.00 witness fee. |
| William E. George | | Constable |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/15/06
_____
DATE

_~William E. George~_ (signature)
SIGNATURE OF SERVER

340 Main St., Worcester, MA 01608
ADDRESS OF SERVER

---

**Rule 45, Federal Rules of Civil Procedure, Parts C & D:**

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# Invoice

**George & Associates**
340 Main Street
Worcester, Ma 01608
Office Tel: (508) 755-1129
Fax: (508) 755-4447
Tax I.D.: 049600552

| DATE | INVOICE # |
|---|---|
| 11/15/06 | 26710 |

| BILL TO | CASE NAME |
|---|---|
| Hector E. Pineiro, Esquire<br>807 Main Street<br>Worcester, MA 01610 | Jose Betancourt, et al<br>vs<br>John J. Grady, et al |

| ITEM | DESCRIPTION | QTY. | RATE | AMOUNT |
|---|---|---|---|---|
| Federal<br>Subpoena<br>Witness Fee | Gerald J. Vizzo<br>11 Bailin Drive, Worcester | 1<br><br>1 | 45.00<br><br>46.00 | 45.00<br><br>46.00 |

| | Total | 91.00 |
|---|---|---|

**EXHIBIT 3**

**Original**

```
 1                                    VOLUME:     I
                                      PAGES:      1-5
 2                                    EXHIBITS:   1

 3                 UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

 4
                                      Case:  05CV40154FDS
 5
   JOSE HERRERA BETANCOURT,
 6           Plaintiff

 7   vs.

 8   JOHN J. GRADY, MICHAEL FOLEY, PAUL
     KEYS, THE CITY OF WORCESTER A MUNICIPAL
 9   CORPORATION, KEVIN FIFIELD, US SECURITY
     ASSOCIATES, INC., and WINN MANAGED
10   PROPERTIES, LLC,
             Defendants

11

12          NO-SHOW STATEMENT FOR THE SCHEDULED

13            DEPOSITION OF GERALD J. VIZZO

14              To have begun at 10:00 a.m.

15             Wednesday, November 22, 2006

16             Law Office of Hector Pineiro

17                   807 Main Street

18          Worcester, Massachusetts  01610

19

20          Reported by:  Carol A. Carpentier

21             REAL-TIME COURT REPORTING

22                   1331 Main Street

23          Springfield, Massachusetts  01103

24             413.732.1157  Fax 413.781.4101
```



1    <u>APPEARANCES</u>:

2

3    <u>Representing the Plaintiff</u>:

4         Law Office of Hector E. Pineiro

5         Hector E. Pineiro, Esq.

6         800 Main Street

7         Worcester, Massachusetts  01610

8         508.770.0600

9         h.pineiro@att.net

10

11

12                   I   N   D   E   X

13

14   <u>EXHIBITS</u>:                              <u>PAGE</u>:

15   1  Subpoena, Proof of Service and Invoice     4

16

17   (Exhibit attached.)

18

19

20

21

22

23

24

1                P R O C E E D I N G S

2                MR. PINEIRO:  Good morning.  This is

3   Hector Pineiro.  It's 10:41 in the morning at

4   807 Main Street, Worcester, Massachusetts, in

5   connection with a subpoena, notice of deposition

6   duces tecum that was sent to former Chief of Police

7   Gerald J. Vizzo of 11 Bailin Drive, spelled

8   B-A-I-L-I-N, Worcester, Massachusetts 01604.

9                According to my records, he was served by

10  Constable William E. George on November 15th, 2006.

11  Witness fee was left in his -- at his last and usual

12  place of abode with forty-six dollars' witness fee.

13                I had an agreement with counsel for the

14  City of Worcester, Janet McGuiggan, to give her a

15  call in the event this witness showed, that she will

16  be on telephone call and she would come in.

17                And at about ten-thirty, I called the

18  Police Department and attempted to reach Captain

19  Barbara Swift, who I understand is married to former

20  Chief of Police Gerald Vizzo.  I was informed by a

21  Mr. Bennett that she is on vacation and will not

22  return until Monday.

23                I am not sure if Mr. Vizzo was aware of

24  the situation or not, but at any rate, I will move

1   to compel his testimony in federal court.

2          And I ask that the notice -- that the

3   subpoena with the proof of service be marked, that

4   the invoice for the proof of service be also

5   collectively marked as Exhibit No. 1 and I reserve

6   my right to recall this witness.

7          (Marked, Exhibit 1, Packet of Documents.)

8          And at about ten-forty, I spoke with

9   Janet McGuiggan and informed her that I had called

10   the Police Department and that I was suspending it,

11   but reserving my right and moving to compel.

12          (End of proceedings at 10:45 a.m.)

13

14

15

16

17

18

19

20

21

22

23

24

1

2      Worcester, ss.

3

4

5

6

7

8

9           I, CAROL A. CARPENTIER, a Professional

10     Court Reporter and Notary Public in the Commonwealth

11     of Massachusetts, do hereby certify that the

12     foregoing transcript of proceedings is true and

13     accurate, to the best of my knowledge, skill and

14     belief.

15

16          WITNESS MY HAND, this 22nd day of November,

17     2006.

18

19                                  _____

20                                  CAROL A. CARPENTIER
                                    Notary Public
21

22

23     My commission expires:
       April 17, 2009.

24

**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN THE MATTER OF :                                 Case: 05-40154 FDS

JOSE HERRERA BETANCOURT
      Plaintiff                                    )
                                     )
      v.                                           )
                                     )
                                     )
JOHN J. GRADY, MICHAEL FOLEY,                       )
PAUL KEYS, THE CITY OF WORCESTER                    )
A MUNICIPAL CORPORATION, KEVIN                      )
KEVIN FIFIELD, US SECURITY ASSOCIATES,             )
INC., & WINN MANAGEMENT, INC.,                      )
      Defendants                                   )

**Affidavit and good faith certificate of Hector E. Pineiro**

1.     This suit stems from injuries my client sustained on September 8, 2002.

2.     I am the principal counsel of record in this case, and I have personal knowledge of the facts contained in this affidavit.

3.     I did use diligent efforts to determine that former Worcester Chief of police Gerald J. Vizzo resided at 11 Bailin Drive in Worcester, MA. The source of this information was the Massachusetts Registry of Motor Vehicles database.

4.     Mr. Vizzo was served by constable at his last and usual place of abode on November 15, 2006 at around 3:00 p.m. I learned this information through a conversation I had with the Constable that served the subpoena at Mr. Vizzo's home address. Specifically, on the day of Mr. Vizzo's deposition I called Mr. George and requested any additional information he had in connection with the service of process. I was informed by Mr. George that there was a black pick up truck parked in the driveway of 11 Bailin Drive, Worcester, with a Massachusetts plate number: #  3376 CO In fairness, and as the return of service suggests, Mr. George was unable to perform service of process by hand delivery upon Mr. Vizzo.

5.     The subpoena commanded Mr. Vizzo to appear to my office at 807 Main Street in Worcester, Massachusetts.

6.     Prior to that date Associate Robert Scott and I informally discussed the issue of his appearance or non-appearance with counsel for the City of Worcester, Assistant City Solicitor Janet McGuiggan.

7.  Assistant City Solicitor McGuiggan indicated to us that she had not had any contact with Mr. Vizzo, and she did not know whether he would show up for his deposition. The day before the deposition Assistant City Solicitor McGuiggan requested that I keep her on telephone call notice and advised her if Mr. Vizzo showed up for his deposition.

8.  As the certificate of non appearance shows, I waited until approximately 10:45 a.m., and then cancelled the deposition, after indicating in the record that he had failed to appear.

9.  At approximately 10:30 a.m. I called the Worcester Police department and requested to speak with Captain Barbara Swift.  Capt. Swift is employed by the Worcester Police Department.  I called Swift in an effort to find out if she knew anything about the subpoena to her husband.  I wanted to find out if she could contact him to secure his appearance for the deposition.  I was informed by a Worcester police officer by the name of Matt LNU, that she was out on vacation and would not return until Monday November 27, 2006.

10. I also conducted an electronic (white pages) search for the residential phone of Mr. Vizzo and of Captain Swift to see if it would match the 11 Bailin Drive address but unfortunately found no residential number for either Mr. Vizzo or for Capt. Swift.

11. On November 27, 2006 I spoke with Assistant Solicitor McGuiggan again and requested if she could speak with Captain Swift to try to coordinate the deposition. I understand that Ms. McGuiggan either left a message for her or attempted to leave a message for her.  I was unable to reach Ms. McGuiggan on November 28, 2006 to find out any additional information.

12. On November 28th, I tried contacting Captain Swift directly at the Worcester police department but was unable to do so.

13. I have no other way to contact Chief Vizzo at this time and this is my certificate of my good faith effort(s) to confer with the person and with counsel for the municipality in an effort obtain such answer or response without court action.

Signed under the pains and penalties of perjury this 28th day of November 2006.

/s/ Hector Pineiro

_____

Hector E. Pineiro