UNITED STATES OF AMERICA

| | |
|---|---|
| WORCESTER, SS | U.S. DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS<br>CIVIL ACTION NO. 05-40154 FDS |

JOSE HERRERA BETANCOURT,  )
    Plaintiff  )
      )
v.  )
      )
JOHN J. GRADY, MICHAEL FOLEY,  )
PAUL KEYES, THE CITY OF  )
WORCESTER – A MUNICIPAL  )
CORPORATION, KEVIN FIFIELD,  )
U.S. SECURITY ASSOCIATES, INC.,  )
WINN MANAGED PROPERTIES, LLC.  )
    Defendants  )

**ASSENTED TO MOTION TO AMEND SCHEDULING ORDER TO ALLOW THROUGH JANUARY 12, 2007 FOR TAKING OF DEPOSITIONS, AND TO EXTEND SUBSEQUENT DEADLINES CONSISTENT THEREWITH BY 42 DAYS**

    Now comes Plaintiff, with Defendants' assent, to request this Honorable Court amend its scheduling order to change from November 30, 2006 to January 12, 2007, the deadline for taking depositions and to extend subsequent deadlines accordingly.

    As reason therefore Plaintiff states that the four offices of counsel involved in this matter made diligent efforts following the status conference of September 6, 2006, to complete depositions by November 30, 2006, as provided by the existing scheduling order. Affidavit of Robert A. Scott, Esq., attached hereto. The four separate law offices involved were able to schedule enough deposition dates before November 30, 2006, to allow for all parties' witnesses. They took the bulk of the depositions planned and in the process agreed to settlement of claims against defendants Kevin Fified, U.S. Security Associates, Inc., and Winn Managed Properties, LLC. *Id.* The plaintiff has executed a release of these parties and stipulations of dismissal will shortly be filed, thereby removing two of the four law offices from this action. *Id.*

This settlement, the unavailability of several witnesses, transfer of the incarcerated plaintiff to from one correctional facility to another, and other circumstances not within the parties' control prevented them from completing all the planned depositions. Plaintiff now seeks additional time to complete the depositions, with Defendants' assent. *Id.*

The parties pray the Court take note of the considerable effort and progress made following the status conference to move the matter forward, and that in the interests of justice the Court allow a moderate adjustment of the scheduling order so that they may complete the process.

| Respectfully submitted, | ASSENTING: |
|---|---|
| */s/ Robert A. Scott* | */s/ Janet J. McGuiggan* |
| Hector E. Pineiro, BBO # 555315 | Janet J. McGuiggan, Esq., BBO # 630013 |
| Robert A. Scott, BBO # 648740 | Attorney for John J. Grady |
| Attorneys for Jose Herrera Betancourt | Attorney for Michael Foley |
| 807 Main Street | Attorney for Paul Keyes |
| Worcester, MA 01610 | Attorney for the City of Worcester |
| Tel. (508) 770-0600 | City Hall, Room 301 |
| | 455 Main Street |
| | Worcester, MA 01608 |
| | (508) 799-1161 |

ASSENTING:

| */s/ Thomas M. Franco* | */s/ Michael J. Mascis* |
|---|---|
| Thomas M. Franco, Esq., BBO # 550596 | Michael J. Mascis, Esq., BBO # 541772 |
| Attorney for Winn Management, Inc. | Attorney for U.S. Security Associates, Inc. |
| Attorney for Winn Managed Properties LLC | Attorney for Kevin Fifield |
| Long & Leahy | Law Offices of Jacqueline L. Allen |
| 100 Summer Street, 11th Floor | 262 Washington Street, Suite 601 |
| Boston, MA 02110 | Boston, MA 02108 |
| (617) 439-4777 | (617) 878-4624 |

DATED: December 5, 2006

UNITED STATES OF AMERICA

WORCESTER, SS  U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CIVIL ACTION NO. 05-40154 FDS

JOSE HERRERA BETANCOURT,    )
    Plaintiff    )
        )
v.    )
        )
JOHN J. GRADY, MICHAEL FOLEY,    )
PAUL KEYES, THE CITY OF    )
WORCESTER – A MUNICIPAL    )
CORPORATION, KEVIN FIFIELD,    )
U.S. SECURITY ASSOCIATES, INC.,    )
WINN MANAGED PROPERTIES, LLC.    )
    Defendants    )

Certificate of Service

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on December 7, 2006.

                                                /s/ *Robert A. Scott*_____

UNITED STATES OF AMERICA

| | |
|---|---|
| WORCESTER, SS | U.S. DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS<br>CIVIL ACTION NO. 05-40154 FDS |

JOSE HERRERA BETANCOURT,  )
    Plaintiff    )
        )
v.    )
        )
JOHN J. GRADY, MICHAEL FOLEY,  )
PAUL KEYES, THE CITY OF    )
WORCESTER – A MUNICIPAL    )
CORPORATION, KEVIN FIFIELD,  )
U.S. SECURITY ASSOCIATES, INC.,  )
WINN MANAGED PROPERTIES, LLC.  )
    Defendants    )

**AFFIDAVIT OF ROBERT A. SCOTT, ESQ., IN SUPPORT OF ASSENTED TO MOTION TO AMEND SCHEDULING ORDER**

1. My name is Robert A. Scott. I reside in Holland, Massachusetts and am a member in good standing of the bars of the Commonwealth of Massachusetts and the U.S. District Court for the District of Massachusetts. I am employed at the Law Office of Hector E. Pineiro in Worcester, Massachusetts, and in that capacity participate in the representation of the plaintiff.

2. I have personal knowledge of the facts stated herein.

3. Following the status conference of September 6, 2006, counsel for the parties cooperated to establish a schedule to complete depositions by November 30, 2006. After several rounds of contact with the other three law offices involved on September 20, 2006, I informed counsel of the commonly available dates and requested that these dates be reserved for depositions in this matter. All counsel obliged.

4. Because of numerous conflicts in our schedules, counsel had no available dates in common until November. We reserved a total of eight days for depositions in this matter and agreed to a schedule that allowed for all parties' witnesses. The last depositions were scheduled for November 27, 2006.

5. The following statements were taken pursuant to the schedule:

    - November 13, 2006: Defendant U.S. Security Associates, Inc., person with most knowledge regarding the hiring, training, oversight, supervision, assessment and/or discipline of its employee Kevin Fifield; and person with most knowledge as to video surveillance recording systems in the area of the subject incident;

- November 13, 2006: Winn Managed Properties, LLC, person with most knowledge regarding security measures and direction and control of security staff in the area of the subject incident;

- November 14, 2006: Defendant Kevin Fifield;

- November 15, 2006: Defendant, Michael Foley;

- November 15, 2006: Defendant John Grady;

- November 16, 2006: Defendant Paul Keyes;

- November 16, 2006, Worcester Police Department Lieutenant R. Krazcinskas;

- November 17, 2006, Worcester Chief of Police Gary Gemme. This statement took the whole day. Plaintiff reserved the right to seek compulsion of Chief Gemme regarding certain questions he declined to answer on the advice of counsel;

- November 20, 2006, Worcester City Manager Paul V. O'Brien. This deposition was suspended due to Mr. O'Brien's schedule, and plaintiff reserved the right to resume;

6. The following statements were not taken due to the circumstances stated below:

- The deposition of former Worcester Chief of Police Gerald Vizzo, a witness the plaintiff regards as essential to his case as Mr. Vizzo was chief at the time the Police Department investigated and disposed of the plaintiff's complaint to the department, did not go forward. On information and belief former Chief Vizzo may have been away on vacation when his subpoena was served on November 15, 2006, and did not return before the date of the deposition, November 22, 2006;

- The deposition of Jaime Madera, who allegedly witnessed the subject incident, did not go forward as the noticing party, the City, was unable to locate and subpoena him.

- On the basis of testimony obtained on or about November 17, 2006, the plaintiff and defendants, U.S. Security Associates, Inc. (U.S. Security), Kevin Fifield, and Winn Managed Properties, LLC, began settlement discussions. On November 21, 2006, it appearing these discussions would very likely prove fruitful, U.S. Security took off the plaintiff's deposition it had noticed for November 22, 2006. (As of December 4, 2006, settlement between plaintiff and the aforesaid defendants has been concluded. A release has been executed and stipulations of dismissal will shortly be filed.)

- With the cancellation of the plaintiff's deposition and imminent departure from the case of U.S. Security and Winn Managed Properties, LLC, counsel for the

- City of Worcester ("the City") and its employed or formerly employed defendants became the sole remaining defense counsel in the action. Counsel for the City was not prepared on a few hours notice to make a determination as to the necessity for obtaining the plaintiff's deposition (as his testimony in criminal trial arising from the same incident is available), to re-notice the deposition and step into the role of lead and sole interrogator of the plaintiff.

- U.S. Security had noticed the deposition of the plaintiff, who is incarcerated, to take place at the Worcester County House of Correction as per the order of this Court of November 7, 2006, pursuant to Fed.R.Civ.P. 30(a)(2). Subsequent to the order the plaintiff was transferred to the Western Massachusetts Correctional Alcohol Detention Center in Springfield.

- Owing to the facts noted in the two foregoing subparagraphs, counsel for the plaintiff and the City of Worcester agreed that the City should have adequate time to prepare for the plaintiff's deposition and that it would also be appropriate to seek modification of the Rule 30(a)(2) order so it would address the facility where the plaintiff had been transferred.

- The parties had planned to use the entire day November 22, 2006, for plaintiff's deposition. Counsel for the City of Worcester did not have another day available before December 1, 2006, to travel to Springfield and take plaintiff's deposition.

- Based on testimony taken through November 20, 2006, the next day plaintiff's counsel canceled two depositions of persons with most knowledge that he concluded were redundant or unnecessary. In their place he noticed depositions of Police Department Sergeant Michael Kwederis, Esquire, of the Internal Affairs Division, and of Jacqueline Wellman, M.D. (a radiologist who had diagnosed brain injury to the plaintiff from radiographical interpretation) for November 27, 2006.

- The City advised plaintiff's counsel that Sergeant Kwederis was not available on November 27, 2006 due to a planned vacation day.

- Dr. Wellman advised that attending her deposition would impose extreme hardship on her as she was scheduled at that time to travel to Chicago, Ill., to take a certification examination in one of her specialties.

- Based on all of the foregoing, counsel for plaintiff took off Sergeant Kwederis' and Dr. Wellman's depositions. Due to encumbrances on their schedules and the approaching Christmas holidays, Plaintiff requests, with Defendants' assent, that they be allowed through January 12, 2007, to complete depositions. Plaintiff further requests, with Defendants' assent, that the Court extend subsequent deadlines in the scheduling order accordingly, i.e., by 42 days.

- Counsel for the City and plaintiff further agreed to reschedule (pending the Court's allowance of additional time) two depositions the plaintiff had duly noticed for November 27, 2006, that called for production of records: Keeper of the records for the Police Department (personnel records) and for Worcester Police Captain John Harrington (Internal Affairs records). Counsel agreed it would be unduly burdensome to the City to require the production and testimony on November 27, 2006, when the parties had agreed they would need more time to complete the other depositions.

7. The following depositions will be taken if the Court allows the within motion to amend the scheduling order:

   - Gerald Vizzo, former Chief of Police, City of Worcester;

   - Jaime Madera;

   - The plaintiff;

   - Sergeant Michael Kwederis, Worcester Police Department;

   - Jacqueline Wellman, M.D.;

   - Keeper of Records, Worcester Police Department;

   - Captain John Harrington, Worcester Police Department commanding officer of the internal affairs division;

   - Worcester Police Chief Gary Gemme, deposition of November 17, 2006, suspended (if compelled or if the parties agree);

   - City Manager Michael V. O'Brien, deposition of November 20, 2006, suspended;

8. In my opinion the plaintiff's cause would be prejudiced were he unable to take the foregoing depositions, other than his own.

Signed and sworn to under the pains and penalties of perjury, this 7th day of December, 2006:

>                                         /s/ Robert A. Scott
>                                         Robert A. Scott