UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE HERRERA BETANCOURT, ) | |
|     Plaintiff ) | |
| ) | |
| v. ) | |
| ) | No. 05-40154 FDS |
| JOHN J. GRADY, MICHAEL FOLEY, ) | |
| PAUL KEYES, CITY OF WORCESTER, ) | |
| KEVIN FIFIELD, U.S. SECURITY ) | |
| ASSOCIATES, INC. and WINN ) | |
| MANAGEMENT, INC., ) | |
|     Defendants ) | |

DEFENDANTS' JOHN J. GRADY, MICHAEL FOLEY, PAUL KEYES
AND CITY OF WORCESTER'S OPPOSITION TO
"PLAINTIFF'S MOTION PER FED. R. CIV. P. 45(e) TO COMPEL
DEPOSITION TESTIMONY OF FORMER WORCESTER
CHIEF OF POLICE GERALD J. VIZZO AND/OR IN THE ALTERNATIVE
TO RESERVE THE RIGHT TO FILE A FUTURE MOTION FOR SANCTIONS"
AND DEFENDANTS' CROSS-MOTION FOR SANCTIONS

Defendants, John J. Grady, Michael Foley, Paul Keyes and City of Worcester ("Worcester Defendants"), hereby oppose "Plaintiff's Motion Per Fed. R. Civ. P. 45(e) to Compel Deposition Testimony of Former Worcester Chief of Police Gerald J. Vizzo and/or in the Alternative to Reserve the Right to File a Future Motion for Sanctions." As grounds for this Opposition, the Worcester Defendants state that Plaintiff is not entitled, as a matter of law, to the relief he seeks: 1) Plaintiff is not entitled to an order compelling Vizzo to be deposed; 2) Plaintiff is not entitled to costs, now or in the future; and, 3) Plaintiff is certainly not entitled to costs from the City of Worcester, the individually named Defendants, or counsel for the City for a non-party's conduct in this circumstance, as Plaintiff's Motion and proposed Order appear to request. As further grounds for this Opposition, the Worcester Defendants state the following:

1. Gerald J. Vizzo ("Vizzo") is not a party to this action, nor is he employed any longer by the City of Worcester; Vizzo retired from the Worcester Police Department in December 2004.

2. On November 15, 2006, Plaintiff's process server left a deposition subpoena at Vizzo's last and usual place of abode for a deposition to take place on November 22, 2006 – the day before the Thanksgiving holiday. (See Plaintiff's Exhibit 2).

3. Rule 45(b)(1), governing service of a subpoena, states in relevant part that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person… ."

4. The majority of courts have interpreted the language of Rule 45 as authorizing only personal service of a deposition subpoena. See 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2454 (2d ed. 1995 & Suppl. 2005).

5. Wright & Miller state the following with respect to service of a subpoena on an individual third-party:

    Personal service of subpoenas is required. The use of the word 'delivering' in the rule with reference to the person to be served has been construed literally. Contrary to the practice with regard to the service of a summons and complaint, it is not sufficient to leave a copy of the subpoena at the dwelling place of the witness. Moreover, unlike service of most papers after the summons and complaint, service on a person's lawyer will not suffice.

    Id.

6. Thus, since Plaintiff failed to effectuate personal service of the deposition subpoena on Vizzo, Plaintiff is not entitled, as a matter of law, to an order compelling Vizzo to be deposed.[1]

7. Additionally, Plaintiff acknowledges that he was advised by counsel for the Worcester Defendants that she had not been contacted by Vizzo (see Affidavit of Hector Pineiro), and Plaintiff further acknowledges that counsel for Plaintiff contacted the Worcester Police Department in an effort to speak to Vizzo's wife, a captain in the Worcester Police Department, and was advised that she was on vacation and would not be returning until the following week, the week after the Thanksgiving holiday. (See Affidavit of Hector Pineiro).

---

[1] On December 8, 2006, this Court granted Plaintiff's motion to extend the deadline within which to take depositions, and, therefore, Plaintiff is not left without an appropriate remedy, as Plaintiff can simply re-serve a subpoena on Vizzo.

8. Clearly, a reasonable inference could have been made that Vizzo, a retiree, had taken a vacation around the Thanksgiving holiday, and, therefore, did not receive the deposition subpoena prior to the date of his deposition, which was the day before the Thanksgiving holiday.  Thus, Vizzo's non-appearance was substantially justified, as Plaintiff essentially acknowledges in his Motion (p. 3) and accompanying Affidavit.

9. In light of Plaintiff's failure to effectuate personal service and in light of the obvious inference that should have been drawn that Vizzo was on vacation and had not been properly served, Plaintiff is not entitled to sanctions for Vizzo's non-appearance now or in the future.[2]

10. At no time did the Worcester Defendants contest the taking of Vizzo's deposition; the Worcester Defendants did not seek a protective order, nor did they move to quash the deposition subpoena.

11. Yet, despite the fact that the Worcester Defendants never contested Vizzo's deposition, Plaintiff argues at length in his Motion about the need to take Vizzo's deposition in order to make out a Monell claim against the City of Worcester.  Such an argument was entirely unnecessary, and, accordingly, the Worcester Defendants, Vizzo and counsel for the Worcester Defendants should not be assessed the costs related to researching, drafting and submitting that portion of Plaintiff's Motion, now or in the future.

12. The remainder of Plaintiff's Motion sets forth at great length the panoply of sanctions provided for under the Federal Rules of Civil Procedure, and purports to prospectively reserve Plaintiff's supposed right to seek sanctions against the Worcester Defendants, Vizzo, and counsel for the Worcester Defendants "in the event [Plaintiff] later learns the witness willfully, recklessly or for some other unjustifiable reason disregarded the notice of deposition subpoena."

13. The prospective relief Plaintiff seeks is, by its very nature, premature, and, inasmuch as Plaintiff has failed to effectuate proper service on Vizzo, the relief sought is not permitted as a matter of law.  Therefore, such an argument was entirely unnecessary, and, accordingly, the Worcester Defendants, Vizzo and counsel for the Worcester Defendants should not be assessed the costs related to researching, drafting and submitting that portion, the remainder, of Plaintiff's Motion, now or in the future.

WHEREFORE, "Plaintiff's Motion Per Fed. R. Civ. P. 45(e) to Compel Deposition of Testimony of Former Worcester Chief of Police Gerald J. Vizzo and/or in the Alternative to Reserve the Right to File a Future Motion for Sanctions" should be denied.  Moreover, as is demonstrated above, Plaintiff's Motion is unnecessary and frivolous, and, as such, the Worcester

---

[2] Plaintiff's Motion purports to "reserve the right to file a future motion for sanctions;" said request is premature.

3

Defendants hereby cross-move for sanctions against Plaintiff and/or Plaintiff's counsel for the costs and attorney's fees associated with opposing Plaintiff's Motion.

        Respectfully submitted,

        JOHN J. GRADY, MICHAEL FOLEY,
        PAUL KEYES, and CITY OF WORCESTER

        By their attorney,

        /s/ Janet J. McGuiggan
        Janet J. McGuiggan
        Assistant City Solicitor
        City Hall, Room 301
        455 Main Street
        Worcester, MA 01608
        (508) 799-1161
        BBO #630013

## CERTIFICATE OF SERVICE

    I, Janet J. McGuiggan, hereby certify that, on this 11th day of December 2006, the within Opposition has been filed through this Court's electronic filing system (ECF) and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        /s/ Janet J. McGuiggan