UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE HERRERA BETANCOURT, | ) |
|     Plaintiff | ) |
| | ) |
| v. | ) |
| | )   No. 05-40154 FDS |
| JOHN J. GRADY, MICHAEL FOLEY, | ) |
| PAUL KEYES, CITY OF WORCESTER, | ) |
| KEVIN FIFIELD, U.S. SECURITY | ) |
| ASSOCIATES, INC. and WINN | ) |
| MANAGEMENT, INC., | ) |
|     Defendants | ) |

AFFIDAVIT OF JANET J. MCGUIGGAN
IN FURTHER SUPPORT OF
DEFENDANTS' JOHN J. GRADY, MICHAEL FOLEY, PAUL KEYES
AND CITY OF WORCESTER'S OPPOSITION TO
"PLAINTIFF'S MOTION PER FED. R. CIV. P. 45(e) TO COMPEL
DEPOSITION TESTIMONY OF FORMER WORCESTER
CHIEF OF POLICE GERALD J. VIZZO AND/OR IN THE ALTERNATIVE
TO RESERVE THE RIGHT TO FILE A FUTURE MOTION FOR SANCTIONS"
AND DEFENDANTS' CROSS-MOTION FOR SANCTIONS

    I, Janet J. McGuiggan, do on oath hereby state the following:

1. I am counsel for Defendants John J. Grady, Michael Foley, Paul Keyes and City of Worcester, and I have personal knowledge of the facts contained in this affidavit.

2. Gerald J. Vizzo ("Vizzo"), former Chief of Police of the City of Worcester, agreed to be deposed on December 22, 2006 at 11:00 a.m.[1], despite the fact that he had not been served in-hand with a deposition subpoena.[2]

---

[1] On December 22, 2006, Vizzo's deposition went forward at 11:30 a.m. rather than 11:00 a.m. as scheduled. The stenographer advised this attorney that she had been advised by Plaintiff's counsel that the deposition would commence at 11:30 a.m. rather than 11:00 a.m. Accordingly, the stenographer did not arrive for the deposition until approximately 11:25 a.m.

[2] On or about November 28, 2006, Plaintiff filed a motion seeking an order to compel Vizzo's deposition and prospectively seeking sanctions in the event it was determined that Vizzo knowingly ignored a deposition subpoena. Plaintiff's motion acknowledges that service was not made in-hand to Vizzo. Defendants filed an Opposition, which is incorporated herein by reference. Plaintiff's motion to compel Vizzo's deposition is now moot.

3. Despite Plaintiff having filed a motion prospectively seeking sanctions against Vizzo in the event it was determined that Vizzo knowingly ignored a deposition subpoena, Plaintiff's counsel did not inquire of Vizzo as to whether he received a deposition subpoena, when he received his deposition subpoena or the method by which he was served. Vizzo was not asked any questions whatsoever with respect to his deposition subpoena.

4. As of the date of this affidavit, Plaintiff has not withdrawn his motion to compel Vizzo's deposition and prospective request for sanctions.

Signed under the pains and penalties of perjury on this 27th day of December, 2006.

/s/ Janet J. McGuiggan
Assistant City Solicitor

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, do hereby certify that, on this 27th day of December, 2006, the within Affidavit of Janet J. McGuiggan has been filed through this Court's electronic filing system (ECF) and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Janet J. McGuiggan