UNITED STATES OF AMERICA

| | |
|---|---|
| WORCESTER, SS. | U.S. DISTRICT COURT |
| | DISTRICT OF MASSACHUSETTS |
| | Civil Action No. 05-40154 FDS |

JOSE HERRERA BETANCOURT )
    Plaintiff )
     )
v. )
     )
JOHN J. GRADY, MICHAEL FOLEY, )
PAUL KEYES, THE CITY OF )
WORCESTER - A MUNICIPAL )
CORPORATION, KEVIN FIFIELD, )
U.S. SECURITY ASSOCIATES, INC., and )
WINN MANAGED PROPERTIES LLC )
    Defendants )
                         )

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS BY THE DEFENDANT CITY OF WORCESTER AND MOTION TO IMPOUND PLEADING AND EXHIBITS**

Now comes the plaintiff and he respectfully requests pursuant to Fed. R. Civ. P. 37 that this Honorable Court compel the defendant City of Worcester ("the City") to produce:

1. certain documents and information concerning the disciplinary history and mental fitness examinations of individual defendants; and, 2. for the two-year period beginning September 8, 2000, unredacted records of citizen complaints against individual defendants, unredacted records of citizen complaints of physical abuse by Worcester police officers, and unredacted use of force reports and injured prisoner reports.

As the attached memorandum in support of this motion, and the exhibits to the memorandum, include or refer to mental fitness information regarding a Worcester police officer, plaintiff moves that this pleading and exhibits be impounded until the Court has an opportunity to rule on what parts, if any, of these materials should be made part of the public record.

This is a civil rights action by which the plaintiff claims he was beaten by two Worcester police officers in the course of his arrest on September 8, 2002, and was subsequently denied timely medical attention for his injuries.  He further alleges that his injuries resulted from a policies and practices of the City and its Police Department of failing to train and supervise police officers regarding the proper use of force, failing to fully investigate allegations of physical abuse of citizens by officers and failing to adequately discipline or control officers found to have used force without justification.

Plaintiff claims, and medical records show, that he sustained a small subdural hematoma to the brain, a broken bone in the hand, and numerous contusions to his back, neck and face on the date of his arrest.

In response to discovery requests the City has produced incomplete redacted records of misconduct by a defendant police officer and of mental fitness examinations of that officer.  It has refused to produce complete personnel files of individual defendants.  It has also refused to produce records, for the two-year period ending on the date of Plaintiff's arrest, of citizen complaints of physical abuse by police, use of force reports or injured prisoner reports.

As discussed in the memorandum of law in support of this motion, the available evidence raises questions about how the Worcester Police Department investigates citizen complaints of physical abuse, how or whether it compares injuries of persons in custody with officer reports of such incidents, how it disciplines officers found to have physically abused persons, and how officers removed from patrol duty for violent misconduct return to such duty.  The redacted and withheld documents are relevant to these questions and to  plaintiff's municipal liability claim.

Plaintiff, by this motion, seeks an order of this Court compelling the City to promptly produce:

1.  Unredacted copies of all written complaints against defendants John J. Grady, Michael Foley or Paul Keyes alleging violation of a person's rights under state or federal law or in violation of policies, rules, regulations, or directives of the Worcester Police Department and all documents pertaining to the investigation of any such complaints.  The documents produced were redacted to remove names of complainants, witnesses or other persons.

2. Unredacted copies of all written citizen complaints against Worcester police, and records of investigation of the same, received during period September 8, 2000 to September 8, 2002, alleging physical abuse of a person or denial of needed medical care by a member of the Worcester Police Department.  The scope of plaintiff's original request for *all* citizen complaints against police offers for this period was narrowed to complaints of physical misconduct or denial of medical care by letter of January 17, 2007, from plaintiff's counsel to defense counsel.  The City has declined to produce the requested records.

3. Complete copies of the entire personnel files of defendants John J. Grady, Michael Foley, and Paul Keyes including but not limited to records of any citizen complaints of, or investigation regarding, conduct by the said officers.  The City refused this request except as to citizen complaints of excessive force against these officers.

4. Any and all documents or other matter pertaining to mental fitness examinations of defendants John J. Grady, Michael Foley or Paul Keyes.  The City has released limited and redacted records of mental fitness examinations of one defendant.

5. All use of force reports and injured prisoner reports for the period September 8, 2000 to September 8, 2002.  The City has refused these requests.

The requested documents are relevant to the claims of the plaintiff and reasonably calculated to lead to the discovery of admissible evidence.  Production will not be unduly

burdensome to the City. Nor will it, with adoption of an appropriate protective order by the Court and impoundment of any documents considered sensitive that are filed with pleadings, implicate the privacy interests of the defendants or other persons.

In further support of this Motion, plaintiff refers to and incorporates herein his Memorandum of Law in support of the motion, with attached exhibits.

        Respectfully submitted,
        Plaintiff, by his attorneys,


        /s/ *Hector E. Pineiro*
        Hector E. Pineiro, Esquire BBO#555315
        Robert A. Scott, Esquire BBO#648740
        807 Main Street
        Worcester, MA 01610
        (508) 770-0600

DATED: May 15, 2007

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1 &37.1

Pursuant to Local RuleS 7.1(a)(2) and 37.1(a) & (b) I hereby certify that the parties conferred in good faith to narrow the areas of disagreement to the greatest possible extent. On January 17, 2007, I sent written request for discovery conference to counsel for the defendants, and she responded within seven days. We conferred by telephone on several occasions and corresponded by email in an effort to resolve the issues related to this motion. The parties intended to have a final discovery conference to review their arguments and positions, but it had become apparent that there was no prospect for a substantial resolution of the differences. I attempted on this date to contact counsel for the final discovery conference, but was advised she would not be available due to a death in her family.

        /s/ *Robert A. Scott*_____

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on May 15, 2007.


        /s/ *Hector E. Pinero*