UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JOSE HERRERA BETANCOURT, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | NO. 05-40154-FDS |
| JOHN J. GRADY, MICHAEL FOLEY, | ) | |
| PAUL KEYES, and | ) | |
| CITY OF WORCESTER, | ) | |
| Defendants | ) | |

DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
AND CROSS-MOTION FOR SANCTIONS FOR
VIOLATION OF PROTECTIVE ORDERS

Defendants John J. Grady, Michael Foley, Paul Keyes, and City of Worcester ("the

City") hereby oppose Plaintiff's Motion to Compel Production of Documents by the Defendant

City of Worcester. Further, since Plaintiff improperly filed sensitive documents through this

Court's electronic filing system, making them accessible to anyone with access to the Court's

PACER system, including a mental fitness examination of one of the Defendants, which are the

subject of an agreed upon protective order, and since Plaintiff has, over Defendants' objections,

repeatedly attached sensitive documents as exhibits to numerous depositions in this matter as

well as to pleadings in another matter, Defendants request sanctions be imposed against Plaintiff

and/or Plaintiff's counsel. Finally, Defendants request that the mental fitness examination of

John J. Grady, which was mistakenly produced in response to a document request, be returned to

counsel for the City with no copies retained by Plaintiff.

FACTS

On September 8, 2002, Plaintiff was backing out of a parking space in the parking lot of

a housing complex located at 714 Main Street when he struck a parked vehicle, drawing the

Case 4:05-cv-40154-FDS    Document 42    Filed 05/24/2007    Page 2 of 11

attention of two Worcester Police Officers, Grady and Foley, as well as a private security officer who were working in the area. When the officers were walking toward the Plaintiff's vehicle in order to investigate the accident, Plaintiff drove directly at the officers and towards the exit to the parking lot. Plaintiff did eventually stop his vehicle, and he was arrested by Officers Grady and Foley and charged with three counts of assault and battery with a dangerous weapon (motor vehicle). Plaintiff was found not guilty following a bench trial in Worcester District Court wherein Plaintiff's blood alcohol level was excluded from evidence and the private security officer was not available to testify. Plaintiff brought the present lawsuit in September 2005. Plaintiff claims that he was beaten during the arrest and that he was subsequently denied medical attention, despite the clear fact that he was brought to the hospital by the Worcester Police Department and provided treatment. Plaintiff claims that his alleged injuries resulted from a policy and practice of the City of failing to train, supervise, and discipline its police officers with respect to the use of excessive force.

ARGUMENT

Protective Order

Plaintiff failed to timely propound written discovery requests. Consequently, Plaintiff noticed numerous depositions in this matter that were accompanied by Rule 34 document requests. Because the City's responses included documents of a highly sensitive nature and because the responses also included numerous objections to production, the parties discussed entering into a protective order. The City provided Plaintiff with a proposed protective order, but the parties were unable to agree upon the terms. (Proposed Protective Order attached hereto as Exhibit A). However, in order to avoid delay in the production of documents and in the deposition schedule, counsel for Plaintiff agreed to be bound by the existing terms of the

proposed protective order until the terms could be finalized by the parties or imposed by the Court, which did not occur. (Emails where Plaintiff agrees to be bound by the terms of the proposed protective order, attached hereto as Exhibit B). Accordingly, the terms of the proposed protective order remain in effect as of the filing of Plaintiff's Motion to Compel.

Plaintiff contends throughout his Motion to Compel that a sufficient protective order should satisfy the City's concerns with respect to production of sensitive documents and safeguarding privacy interests as well as privileged information. However, the Court need only look at Plaintiff's Motion to Compel, wherein Plaintiff attaches sensitive documents stamped "highly confidential," including a mental fitness examination of John Grady, and which are the subject of the above-mentioned protective order, to see that Plaintiff has no regard for protective orders. Plaintiff has violated the terms of the protective order precluding disclosure of the confidential documents and information contained therein by filing the documents electronically with this Court. Moreover, throughout discovery in this matter, Plaintiff repeatedly attached, over Defendants' objections, sensitive documents that were the subject of a protective order in a prior action as exhibits to depositions in this action as well as other lawsuits.[1] (Motions filed by Attorney Pineiro in the matter of Quintanilla, et al. v. City of Worcester, et al., attaching sensitive documents in unredacted form, and Protective Order in effect in that action, attached as Exhibit C).[2] Thus, the Defendants are reluctant to provide additional sensitive documents to Plaintiff in light of counsel's disregard for prior protective orders and carelessness in handling sensitive documents.

---

[1]    Attorney Pineiro attached unredacted copies purportedly of Internal Affairs records as exhibits to two of his motions in order to demonstrate to the Superior Court what the requested documents appeared like in form and substance. The Superior Court ordered their production in redacted form subject to a protective order. It is unclear from the Quintanilla pleadings how counsel obtained the unredacted records and from what source. Regardless, disclosure of the records outside of the Quintanilla lawsuit was precluded by the protective order.

[2]    Exhibit C will be filed with the court in hard copy rather than electronically due to the sensitive nature of the documents.

Case 4:05-cv-40154-FDS    Document 42    Filed 05/24/2007    Page 4 of 11

Particular Requests

As a preliminary matter, Plaintiff's Motion to Compel does not meet the requirements of

Local Rule 37.1(B)(5), which states: "[a] statement of the moving party's position as to each

contested issue, with supporting legal authority, which statement shall be set forth separately

immediately following each contested item." Plaintiff's argument does not follow, nor does it

track, the contested requests and responses. As such, it is difficult for Defendant to determine

the specific grounds for Plaintiff's motion with respect to each document request. In the event

that this Court does not deny Plaintiff's Motion to Compel for his failure to comply with the

Local Rules, Defendants address each argument, as best they can decipher them, below.

Document Requests to Captain Harrington:

> 2. Unredacted copies of all written complaints against John J. Grady, Michael Foley or Paul
> Keyes alleging conduct in violation of a person's rights under state or federal law or in
> violation of policies, rules, regulations or directives of the Worcester Police Department and
> all documents pertaining to the investigation of any such complaints.

> Response: Objection. Defendants object to this request as being overly broad in both time
> and scope and unduly burdensome. Defendants further object to this request on the grounds
> that it seeks information that is neither relevant nor reasonably calculated to lead to the
> discovery of admissible evidence at trial in this matter. Defendants further object to this
> request on the grounds that it seeks information that is subject to privacy interests and/or
> privilege, in whole or in part. Notwithstanding said objections and without waiving the
> same, see attached complaints alleging use of excessive force against Defendant Grady,
> which are produced subject to the protective order in this action, as the information contained
> therein is sensitive and subject to privacy interests and/or privilege, in whole or in part. With
> respect to complaints alleging the use of excessive force against Defendants Foley and
> Keyes, there are no such documents in Defendants' possession, custody or control other than
> the Betancourt complaint which was produced in response to document request #1.

**Plaintiff's Motion to Compel:**
Plaintiff argues that he is entitled to all written complaints against the individual officers and that
the complaints should not be redacted.

**Defendants' Opposition:**
Plaintiff's Complaint alleges that the City has a custom or policy of failing to discipline its
officers for the excessive use of force. (See Count VII). It follows that only excessive force
complaints are arguably relevant. However, even the excessive force complaints, to the extent

4

Case 4:05-cv-40154-FDS   Document 42   Filed 05/24/2007   Page 5 of 11

they exist, cannot be used as evidence against the individual officers at trial, but can only be used as part of Plaintiff's Monell claim. With respect to the Monell claim, Plaintiff cannot show the requisite affirmative link between other allegations of excessive force and his own alleged injuries. As to Plaintiff's contention that he is entitled to unredacted complaints, it is without merit. The identity of the individual complainants is not relevant to Plaintiff's Monell claim, as Plaintiff contends. Plaintiff would apparently like to conduct a mini-trial on each civilian complaint to determine if discipline was warranted, which would be impractical and unnecessary.

> 3. Unredacted copies of all written citizen complaints against Worcester police received during the relevant period alleging conduct in violation of a person's rights under state or federal law or in violation of policies, rules, regulations or directives of the Worcester Police Department and all documents pertaining to the investigation of such complaints.

> Response: Objection. Defendants object to this request as being overly broad in both time and scope and unduly burdensome. Defendants further object to this request on the grounds that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Defendants further object to this request on the grounds that it seeks information that is subject to privacy interests and/or privilege, in whole or in part.

**Plaintiff's Motion to Compel:**
Plaintiff limited his request to unredacted complaints of physical misconduct and denial of medical care against all Worcester police officers, and records of investigations of the same, from September 8, 2000 to September 8, 2002. It is unclear from Plaintiff's Motion to Compel what, if any, argument is made in support of his request to compel production of these records.

**Defendants' Opposition:**
Plaintiff's Complaint alleges that the City has a custom or policy of failing to discipline its officers for the excessive use of force. (See Count VII). Plaintiff's position is that complaints from 2000 to 2002 would be relevant to his Monell theory that there was an unconstitutional custom as to disciplining officers in 2002 when his alleged injury occurred. However, the disparate facts that would have been alleged in those complaints do not fall under the broader category of a custom. See Murray v. City of Boston, 104 F.3d 348, 1996 WL 728171, at **2 (1st Cir. 1996). In Murray, the plaintiff made no attempt to link claims presented in various other lawsuits to "a central policymaker," id., and the disparate facts alleged in those various other claims did "not fall under the broader category of a 'custom'" for which that plaintiff was suing Boston. Id. Likewise, here Plaintiff has made no attempt to link claims in civilian complaints from 10 or more years ago to a central policymaker, nor can Plaintiff make such a link as there have been numerous city managers and police chiefs as well as police policy changes in that timeframe. Additionally, the disparate facts that would have been alleged in those complaints do not fall under the broader category of a custom. Plaintiff seeks to render meaningless the custom requirement under Monell by subverting "custom" into his pass to unlimited discovery.

As to Plaintiff's contention that he is entitled to unredacted complaints, it is without merit. The identity of the individual complainants is not relevant to Plaintiff's Monell claim, as Plaintiff

contends. Further, the trial judge would need to conduct a mini-trial on each civilian complaint to determine if discipline was warranted. As to Plaintiff's request for complaints regarding the denial of medical care, they are not relevant nor are they reasonably calculated to lead to the discovery of admissible evidence at trial in this matter, as it is undisputed that Plaintiff was provided with medical care.

Document Requests to Worcester Police Department Keeper of Records:

7. Complete copies of the entire personnel files of John J. Grady, Michael Foley and Paul Keyes including but not limited to records of any citizen complaints of, or investigation regarding, conduct by the said officers.

Response 7:    Objection. Defendant objects to this request on the grounds that it is vague and ambiguous to the extent that it does not specify the nature of the conduct complained of or investigated. Defendant further objects to this request on the grounds that it is overly broad in both time and scope. Defendant further objects to this request on the grounds that it seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Defendant further objects to this request on the grounds that the documents sought are subject to privacy interests and/or privilege. Notwithstanding said objections and without waiving the same, see documents produced in response to document request #2 propounded upon Captain John Harrington for all citizen complaints alleging excessive force against Officer John J. Grady; there were no such complaints against Officer Michael Foley or Officer Paul Keyes.

**Plaintiff's Motion to Compel:**
Plaintiff argues that he is entitled to all written complaints against the individual officers and that the complaints should not be redacted.

**Defendants' Opposition:**
Plaintiff argues that he is entitled to all written complaints against the individual officers. Such complaints, to the extent they exist, would be contained in the Internal Affairs Division files only and not the personnel files. Thus, it appears that Plaintiff has waived his request as to personnel files.

Plaintiff's Complaint alleges that the City has a custom or policy of failing to discipline its officers for the excessive use of force. (See Count VII). It follows that only excessive force complaints are arguably relevant. However, even the excessive force complaints, to the extent they exist, cannot be used as evidence against the individual officers at trial, but can only be used as part of Plaintiff's Monell claim. With respect to the Monell claim, Plaintiff cannot show an affirmative link between other allegations of excessive force and his own alleged injuries.

As to Plaintiff's contention that he is entitled to unredacted complaints, it is without merit. The identity of the individual complainants is not relevant to Plaintiff's Monell claim, as Plaintiff contends. Plaintiff would apparently like to conduct a mini-trial on each civilian complaint to determine if discipline was warranted, which would be impractical and unnecessary. Additionally, with respect to Officer Grady who was a police officer for over 30 years, Plaintiff's

Case 4:05-cv-40154-FDS    Document 42    Filed 05/24/2007    Page 7 of 11

request is overly broad. Moreover, to the extent that the requested documents pertaining to Officer Grady date back to the 1970's, the documents are not relevant nor are they reasonably calculated to lead to the discovery of admissible evidence at trial because Plaintiff can show no affirmative link of causation, and therefore no relevancy, between complaints from 10, 20 or even 30 years ago and Plaintiff's alleged injury in 2002.

It is apparently Plaintiff's position that complaints dating back up to 30 years ago would be relevant to his Monell theory that there was an unconstitutional custom as to disciplining officers in 2002. However, "[s]uch a protean view as that offered by ... [Plaintiff] would render the 'custom' requirement meaningless" under Monell. Murray v. City of Boston, 104 F.3d 348, 1996 WL 728171 (1st Cir. 1996), at **2. In Murray, the plaintiff made no attempt to link claims presented in various other lawsuits to "a central policymaker," id., and the disparate facts alleged in those various other claims did "not fall under the broader category of a 'custom'" for which that plaintiff was suing Boston. Id. Likewise, here Plaintiff has made no attempt to link claims in civilian complaints from 10 or more years ago to a central policymaker, nor can Plaintiff make such a link as there have been numerous city managers and police chiefs as well as police policy changes in that timeframe. Additionally, the disparate facts that would have been alleged in those complaints do not fall under the broader category of a custom. Plaintiff seeks to render meaningless the custom requirement under Monell by subverting "custom" into his pass to unlimited discovery.

> 8. Any and all documents or other matter pertaining to mental fitness examinations of John J. Grady, Michael Foley or Paul Keyes.
>
> Response 8:      Objection. Defendant objects to this request on the grounds that it is overly broad in both time and scope. Defendant further objects to this request on the grounds that it seeks information that is neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter. Defendant further objects to this request on the grounds that the documents sought are subject to privacy interests and/or privilege.

**Plaintiff's Motion to Compel:**
Plaintiff makes no argument in support of his motion to compel the production of mental fitness examinations of the Defendant officers.

**Defentants' Opposition:**
Plaintiff's Complaint makes no allegation with respect to the mental competency of the Defendant officers. Moreover, Plaintiff makes no argument in support of his motion to compel production of mental fitness examinations of the Defendant officers. Therefore, production should not be compelled. Moreover, the City mistakenly produced a mental fitness examination of John Grady, which the City now requests be returned with no copies retained by Plaintiff.

> 15. Unredacted copies of all use of force reports or use of weapons reports from the relevant period filed by any officer.

Response 15:    Objection. Defendant objects to this request on the grounds that it is overly broad in both time and scope.  Defendant further objects to this request on the grounds that it seeks documents that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter, especially in light of the fact that no use of force report, other than the incident report, was required to be filed, pursuant to Department policy, because no Department issued weapon (OC spray, baton, firearm discharge) was used or alleged to be used in the course of Plaintiff's arrest.  Defendant further objects to this request on the grounds that it seeks documents containing information that is protected by privacy interests and/or privilege.

**Plaintiff's Motion to Compel:**
Plaintiff contends that the City has an unconstitutional use of force policy.  Plaintiff attacks the reporting provision of the policy as being unconstitutional.  The policy requires a use of force report to be generated, in addition to the routine incident report, whenever a department issued weapon is used.  Plaintiff contends that such a policy is deficient in that it does not require a separate report when the force used is manual – hands or feet.  Plaintiff's claim is that the supervisors who review the reports do not get a full understanding of the frequency and degree of force used in the field through the present reporting system.

**Defendants' Opposition:**
Plaintiff's contention that the existing reporting requirements with respect to use of force are deficient cannot as a matter of law support a Monell claim against the City, and, therefore, production of all use of force reports filed by all officers for a two year period should not be compelled.  There is no constitutional guarantee to a particular type of report when use of force is used.  The City policy requires officers to generate a separate use of force report whenever a department issued weapon is used.  The use of force report would be generated in addition to the routine incident report.  There is no requirement, constitutional, statutory or otherwise, mandating the type of reporting that Plaintiff sees as preferable.  While there is a statutory reporting requirement to make a report when an injured prisoner is in custody, any alleged violation of said statute would merely constitute a violation of state law, which is insufficient to support a claim of a constitutional violation.  See Boveri v. Town of Saugus, 113 F.3d 4, 7 (1st Cir. 1997); see Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990).  Similarly, any violation of the City reporting policy would be insufficient to support a claim of a constitutional violation.  In the case at bar, Officer Grady admittedly pointed his firearm at Plaintiff when Plaintiff was driving his vehicle straight at the three officers.  However, Officer Grady did not discharge his weapon.  Thus, in accordance with the City policy, Officer Grady indicated in his incident report that he drew his service revolver, but no separate use of force report was made. (See incident report attached as Exhibit C).  Plaintiff's observable injuries are also noted in Officer Grady's report.  Once again, any deficiency with respect to the reporting requirements relative to a prisoner's injuries constitutes nothing more than a violation of state law.  Accordingly, production of the requested documents should not be compelled.

16. Unredacted copies of all injured prisoner reports pursuant to Mass. Gen. Laws c. 276 Section 33 from the relevant period filed by any officer.

Case 4:05-cv-40154-FDS   Document 42   Filed 05/24/2007   Page 9 of 11

Response 16:     Objection. Defendant objects to this request on the grounds that it is overly broad in both time and scope. Defendant further objects to this request on the grounds that it seeks documents that are neither relevant to nor reasonably calculated to lead to the discovery of admissible evidence at trial in this matter, especially in light of the fact that Plaintiff was transported to the hospital for medical treatment and there is no allegation that he was denied medical treatment. Defendant further objects to this request on the grounds that it seeks information that is protected by privacy interests and/or privilege.

**Plaintiff's Opposition:**
Plaintiff contends that the production of injured prisoner reports "will show that the Worcester Police Department made little or no attempt at the time Betancourt was injured to correlate the injuries sustained by arrested persons with the accounts of police officers."

**Defendants' Opposition:**
There is no constitutional requirement that a police department correlate injuries sustained, which may or may not be known when an arrestee is in custody, with the accounts of police officers. In the case at bar, Plaintiff allegedly sustained a cut on his face, a small subdural hematoma over his eye, and an injury to his thumb some time prior to or during his arrest. Plaintiff had been involved in a motor vehicle accident prior to his arrest. Additionally, he was pulled from his vehicle and placed on the ground during his arrest. Defendants also contend that Plaintiff was inebriated at the time of his arrest. In light of these facts, there is nothing about the circumstances of Plaintiff's arrest and his injuries that are inconsistent with the facts as recounted by Officer Grady in his incident report. Moreover, any violation of the statutory reporting requirements that may be gleaned from a search of two years' worth of injured prisoner reports would constitute a violation of state law, but not a constitutional violation. See Boveri v. Town of Saugus, 113 F.3d 4, 7 (1st Cir. 1997); see Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990). Accordingly, production of the requested documents should not be compelled. Finally, this Request is further irrelevant to this lawsuit because there would be no way to determine from the requested injured prisoner reports whether the injury sustained was caused by any police action, and there would be no way to show an affirmative link between any injured prisoner reports from 2000 to 2002 and Plaintiff's alleged injury in 2002.

9

CONCLUSION

For all of the aforementioned reasons, the Defendants oppose Plaintiff's Motion to

Compel and request that the mental health examination of Officer Grady, which was mistakenly

produced, be returned to Defendants with no copy retained by Plaintiff. Further, because

Plaintiff has demonstrated carelessness with respect to sensitive documents and disregard for the

safeguarding provisions of protective orders, sanctions should be imposed against Plaintiff

and/or Plaintiff's counsel.

> DEFENDANTS JOHN GRADY,
> MICHAEL FOLEY, PAUL KEYES and
> CITY OF WORCESTER,
>
> By their attorneys,
>
> David M. Moore
> City Solicitor
>
>
> /s/ Janet J. McGuiggan
> Assistant City Solicitor
> City Hall, Room 301
> 455 Main Street
> Worcester, MA 01608
> (508) 799-1161

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that I have served upon all parties of record the within Defendants' Opposition to Plaintiff's Motion to Compel Production of Documents via this Court's electronic filing system (ECF) on May 24, 2007, and I have served a hard copy of Exhibit C via U.S. Mail, postage prepaid, to Hector Pineiro, Esq., 807 Main Street, Worcester, MA 01610 on May 25, 2007.


/s/ Janet J. McGuiggan

CERTIFICATION PURSUANT TO L.R. 7.1

The requirements of L.R. 7.1 are unclear with respect to cross-motions for sanctions. Since, as a general rule, counsel will not agree to the imposition of sanctions, defense counsel does not read L.R. 7.1 to require the parties to confer with respect to such a motion.


/s/ Janet J. McGuiggan

11