UNITED STATES OF AMERICA

WORCESTER, SS.                          U.S. DISTRICT COURT
                                        DISTRICT OF MASSACHUSETTS
                                        Civil Action No. 05-40154 FDS

_____
JOSE HERRERA BETANCOURT          )
      Plaintiff              )
                                 )
v.                               )
                                 )
JOHN J. GRADY, MICHAEL FOLEY,    )
PAUL KEYES, THE CITY OF          )
WORCESTER - A MUNICIPAL          )
CORPORATION, KEVIN FIFIELD,      )
U.S. SECURITY ASSOCIATES, INC., and )
WINN MANAGED PROPERTIES LLC      )
      Defendants             )
_____)

## PLAINTIFF'S OPPOSITION TO THE DEFENDANTS' MOTION FOR SANCTIONS

     Now comes the plaintiff and he respectfully opposes the defendants' motion for sanctions against him or his counsel for allegedly violating the terms of what defendants claim is "an agreed upon protective order."  In brief, plaintiff submits the motion should be denied because:

I.      The motion for sanctions states no legal basis or authority for the action sought as required by L.R 7.1(b)(1).

II.     The claim of an agreed upon protective order is false and contrary to plaintiff's explicit representation of objection to the protective order defendants proposed.

III.    Defendants' promise to file a motion for protective order was the stipulated precondition of an understanding regarding materials produced in discovery, which precondition defendants' did not fulfill.

IV.    Defendants' fail to establish a *prima facie* case for their claim that plaintiff's counsel violated protective orders of the Massachusetts Superior Court.

     In further support of his opposition of defendants' motion, plaintiff states as follows:

## FACTS

1.  This is a civil rights action in which the plaintiff claims he was the object of violent and excessive force by defendant City of Worcester police officers Grady and Foley in the course of his arrest on or about September 8, 2002. Complaint and Request for Jury Trial, Paper No. 1.

2.  Plaintiff also claims the misconduct of defendants Grady and Foley and his injuries were proximate results of a policy and practice of deliberate indifference to the safety of persons coming into contact with Worcester police as reflected in the policies and practices of the City and its Police Department. *Id.*

3.  Beginning January 8, 2007, defendants sought plaintiffs' assent to a protective order regarding documents produced by defendants, which order defendants' represented through their counsel would be sought from the Court by duly filed motion. Pages 1, 2 Exhibit 1, email correspondence regarding proposed protective order between defense counsel (Janet J. McGuiggan, Esq., Wendy L. Quinn, Esq.) and plaintiff's Counsel (Robert A. Scott, Esq.) January 8, 2007 to June 1, 2007.

4.  Defense counsel represented that filing of a motion for protective order was a matter of some urgency. *Id.* at 3, stating on January 8, 2007, "I would like to get that efiled tomorrow afternoon."

5.  Plaintiff's counsel was initially uncertain as to whether or not the parties could agree on a protective order, wrote defense counsel on January 8, 2007: In the event we have any dispute, I'd agree to observe the order as written *until the court rules.*" *Id.* at 3. (emphasis added.)

6.  Defense counsel responded on January 9, 2007: "I will count on your representation

that whatever is produced to you *prior to the court's ruling on the order* will be held

confidential and subject to the terms of my proposed order. . ." *Id.* at 4. (emphasis

added.)

7.      Faced with continued prevarication by plaintiff's counsel, defense counsel wrote to

him:  "With or without your assent, I will be filing it by the close of business on

Wednesday [January 17, 2007] so that it can be acted on asap." *Id.* at 5.  Plaintiff's

counsel, still unwilling to assent, responded to the foregoing note: "As to your filing

the protective order, understood."

8.      On January 17, 2007, plaintiff's counsel sent defense counsel by facsimile a request

to confer pursuant to Local Rule 37.1(a) regarding disputes over documents withheld

or produced in redacted form by the defendants.  *Id.* at 7 – 9.  The letter offered some

concessions on the scope of document requests and the question of a protective order

but did not endorse the order as defendants had proposed it. *Id.*

9.      On the date aforesaid defense counsel acknowledged receipt of the conference request

and stated: "We can discuss your issues re: document production.  But, before we get

there, I need an answer on the protective order." *Id.* at 10.

10.     Plaintiff's counsel responded the same day: "On the protective order – we will oppose

as to the scope taking in public information; as to psych we do not oppose."  *Id.* at 11.

11.     In the view of plaintiff's counsel there were well-known and profound differences

between his office and the defendant City of Worcester regarding what categories of

police records fell within and without the scope of documents available to the public.

In this view all of the documents that the City had produced were public documents

and the proposed protective order would amount to a blanket waiver of rights in such

3

documents – even were they to be obtained pursuant to public records laws as opposed to discovery.  Exhibit 2, affidavit of Robert A. Scott, Esq.

12.  Because of the foregoing, plaintiff's counsel saw no likelihood of reaching agreement on a protective order though he was willing to continue discussions on it in the context of L.R. 37.1(a) consultation. *Id.*

13.  Plaintiff's counsel attempted repeatedly complete L.R. 37.1(a) consultation with defense, but was thwarted due to time and scheduling issues affecting lawyers on both sides.  Exhibit 1 at 13 – 18.

14.  On March 19, 2007, defense counsel responded to a request for consultation by writing that she could not find the consult request letter that had been faxed on January 17, 2007, and requesting another copy. *Id.* at 18.  This was promptly provided.  Exhibit 2.

15.  In the course of their contacts plaintiff and defense counsel did discuss some aspects of their disputes over documents production, the gist of which in the view of plaintiff's counsel was that none of the additional documentation sought would be produced without a court order. Exhibit 2.

16.  To date the defendants have not responded to plaintiff in writing regarding the January 17, 2007, request to confer.  In particular the defendants have not provided a privilege log of documents withheld on claims of privilege, which log was requested in the letter. *Id.*

17.  To date defense counsel has filed no motion for protective order, nor has any such order been adopted by the Court at any time in this action.  *Id.*

18.  On May 16, 2007, the deadline for motions in this action, plaintiff filed his Motion to

Compel Production of Documents and Motion to Impound Pleading and Exhibits (Paper No. 40) and memorandum in support thereof (Paper No. 41) with attachments including records produced by defendants.

19.    Plaintiff's counsel intended the aforesaid memorandum and Exhibit 4 thereto to be impounded but mistakenly did not follow the correct procedure for the same, and all the filings were entered onto the PACER system. Exhibit 2.

20.    From the filing of the aforesaid papers on May 16, 2007, until the filing of defendants' opposition and motion for sanctions near the close of business on May 24, 2007, there was no written or verbal contact between plaintiff's and defendants' counsel. *Id.*

21.    On May 25, 2007, after trying unsuccessfully late in the day to reach defense counsel for her assent, plaintiff's counsel filed a motion pursuant to L.R. 7.2 to impound the memorandum and exhibits they had intended to impound on filing the motion to compel.  Exhibit 1 at 19.

22.    On the aforesaid date plaintiff's counsel wrote to defense counsel by email requesting she advise the court of defendants' assent to the aforesaid motion.  *Id.*

23.    There being no response to the foregoing, on June 1, 2007, plaintiff's counsel contacted defense counsel by telephone and email and renewed the request for assent to the motion, which assent was filed on that date. Exhibit 1, at 20; Paper No. 47.

24.    On June 8, 2007, The Court allowed plaintiff's motion to impound. Docket.

## ARGUMENT

I.    THE MOTION FOR SANCTIONS STATES NO LEGAL BASIS OR AUTHORITY
FOR THE ACTION SOUGHT AS REQUIRED BY L.R 7.1(B)(1).

The motion should be denied because the failure to provide a legal justification for action sought from the Court is a violation of its rules and suggests, as will be apparent on examination that there is none.

Local Rule 7.1 states: "(1) *Submission of Motion.* A party filing a motion shall at the same time file a memorandum or reasons, including citation of supporting authorities, why the motion should be granted."

The motion for sanctions recites no local rule, rule of civil procedure and no authority in case law or legal scholarship to support its call for sanctions.  This encumbers the Court with the task of trying to discern what basis there could be for the motion and deprives the plaintiff of notice of the legal arguments he must answer.  Because the moving parties are represented by competent counsel and there is no readily apparent rule or legal theory to justify the motion, it should be denied.

The failure to offer authority for allowing sanctions here also suggests strongly that there may be none to offer.  The defendants' claim that plaintiff has violated an "agreed upon protective order," appears to be an invocation Fed.R.Civ.P. 26(c) and the power of the courts to punish for contempt those who violate protective orders issued by the courts. Fed.R.Civ.P.37(b)(2)(D) Here, as will be detailed below, there no such order.

II.    THE CLAIM OF AN AGREED UPON PROTECTIVE ORDER IS FALSE AND
       CONTRARY TO PLAINTIFF'S EXPLICIT REPRESENTATION OF OBJECTION
       TO THE PROTECTIVE ORDER DEFENDANTS PROPOSED.

The motion for sanctions should be denied because there is no "agreed upon

protective order" for the Court to enforce.

"A court has the power to adjudge in civil contempt any person who willfully

disobeys a specific and definite order requiring him to do or to refrain from doing an act."

*Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146 (9th Cir. 1983) Fed R. Civ. P. 37(b)(2)(D). It

appears from the defendants' use of the phrase "agreed upon protective order" that they wish

to engage the Court's powers to sanction willful violation of its own orders so as to sanction

an unintended breach of a temporary, *ad hoc,* arrangement between the parties, an

arrangement the Court had no part of and that the defendants arguably repudiated by failing

to bring their request for protective order before the Court as promised in a duly filed motion.

The defendants do not suggest that the plaintiff willfully failed to impound documents.  They

do not, and could not possibly, aver that the Court entered any order.  Plaintiff's counsel

plainly communicated the intention of disputing the proposed and never waived the right to

do so.

III.    DEFENDANTS' PROMISE TO FILE A MOTION FOR PROTECTIVE ORDER
        WAS THE STIPULATED  PRECONDITION OF AN UNDERSTANDING
        REGARDING MATERIALS PRODUCED IN DISCOVERY, WHICH
        PRECONDITION DEFENDANTS' DID NOT FULFILL.

The motion should be denied because the defendants breached and voided their

understanding with plaintiff's counsel by failing to file the motion for protective order as

they represented repeatedly and categorically represented that they would do.

The defendants call for enforcement of an 'order' that they promulgated alone and the plaintiff agreed to observe *until* he had the opportunity to vindicate his rights before the Court.  In claiming that the plaintiff should be sanctioned for violating this "agreed upon protective order," defendants essentially claim to have gulled plaintiff's counsel into accepting an open ended agreement to abide by their language *unless and until* the Court ruled when counsel, believing in good faith that filing of a motion was imminent, agreed only to abide thereby *until* the Court ruled.  Referring again to the standard noted in the previous section, however one might characterize the interaction of counsel in this matter, the result is not akin to a specific and definite order of a court, and an unintentional departure from it cannot be treated as contempt of court.

IV.    DEFENDANTS' FAIL TO ESTABLISH A *PRIMA FACIE* CASE FOR THEIR CLAIM THAT PLAINTIFF'S COUNSEL VIOLATED PROTECTIVE ORDERS OF THE MASSACHUSETTS SUPERIOR COURT.

The defendants try to demonstrate a pattern of disregard on the part of plaintiff's counsel for protected records with the claim that counsel violated the protective order of another court by offering records subject to that order into evidence in this and in another action.  Apart from the fact that defendants appear to seek adjudication here of a matter that would belong in another court, the evidence offered does not begin to establish the claim. The protective orders of the Worcester Superior Court in the *Quintanilla* case, by their own language, apply to records *produced by the City of Worcester* in that action. See orders, exhibit C to the defendants' motion.  Defendants admit, at page 3, footnote 1, of their motion they do not know the source of the records in their Exhibit C.  Then they blithely assert that "[r]egardless, disclosure of the records outside of the *Quintanilla* lawsuit was precluded by the protective order."  They go on, in their Exhibit D, to point to another set of records,

having little or nothing in common with those in Exhibit C, that were introduced at depositions in this and in another action but do not opine as to how they were obtained or what protective order might apply to them.

## CONCLUSION

For the foregoing reasons plaintiff submits that the moving parties cite no substantive grounds to allow their motion for sanctions. The defendants find the filing of certain records in PACER to be a matter of grave concern.[1] But they responded without alacrity to plaintiff's efforts to undo the filing. Because no violation of orders of this Court or any other court has been demonstrated, and because defendants have not shown any willful misconduct by plaintiff's counsel nor any harm to any party linked to any conduct by the said counsel, the motion should be denied.

Respectfully submitted,
Plaintiff, by his attorneys,


/s/ *Robert A. Scott*
Hector E. Pineiro, Esquire BBO#555315
Robert A. Scott, Esquire BBO#648740
807 Main Street
Worcester, MA 01610
(508) 770-0600

DATED: June 8, 2007

Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, on June 8, 2007.

/s/ *Robert A. Scott*

---

[1] Plaintiff contends the records filed with his motion to compel are public records not privileged from disclosure, and he denies that their filing infringed on any privacy interest or other privilege recognized by the law.

Subject: Betancourt
Date:    Mon, 8 Jan 2007 12:54:17 -0500
From:    "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>  Add to Address
         Book   Add Mobile Alert
To:      "Robert Scott" <robinscott427@yahoo.com>, Thomas.Franco@AIG.com,
         "Mascis,Michael J." <Michael.Mascis@cna.com>
CC:      "Morano, Barbara M." <MoranoB@ci.worcester.ma.us>


Counsel:


I am still working on producing documents to Plaintiff. In the meantime, it occurred to me that we
should enter into a protective order due to the sensitive nature of many of the requested
documents. To that end, I have drafted an assented to motion as well as a proposed order. Let
me know what you think asap. I would like to get it electronically filed today or tomorrow. Since
the remaining defendants have not yet filed a stipulation of dismissal, I will need to include them
on the filing as well. Please let me know if I can sign your name to the filing.


Thank you.

Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608

(508) 799-1161

0001

Subject:Betancourt
Date:    Mon, 8 Jan 2007 17:00:29 -0500
From:    "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us> 📇Add to Address Book  📱Add Mobile Alert
To:      "Robert Scott" <robinscott427@yahoo.com>

Robin:

I am preparing for tomorrow's deposition and I cannot locate Plaintiff's response to the City Defendants' discovery requests.  Did Plaintiff ever respond to those?  If so, can you email the responses again?  If not, can you get them to me tomorrow?

Also, we need to confirm the depo times for the remainder of the week.  I have Betancourt at 10:30 am tomorrow; Betancourt's sister at 10:00 here at City Hall on Wednesday (if you prefer a later time let me know); Mike Kwederis at 10:00 am on Thursday (if you prefer 10:30 or 11 on that one, let me know); and Dr. Wellman on Friday am (9 or 10?); and Captain Harrington to follow (10 or 11?).  Please firm these up with me asap so that I can schedule with my clients.

Also, let me know about the protective order that I emailed earlier today.  I would like to get that efiled tomorrow afternoon.

Thanks.

Janet

Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608

(508) 799-1161

0002

Date:    Mon, 8 Jan 2007 17:48:08 -0800 (PST)
From:    "Robert Scott" <robinscott427@yahoo.com>  ⬚Add to Address Book  ⬚Add
         Mobile Alert
Subject:Re: Betancourt
To:      "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>

JANET:

  Sorry - today was so wild I did not check emails until now. Very sorry if you came in
over the weekend to work on the docs disclosure.

SCHEDULE:

Tues - all set for Betancourt, 10:30
Wed - his sister, at your office, 10:00
Thur - Mike Kwederis, here, 10:00
Fri -  Dr. Wellman at 10:00; Capt. Harrington at 11:00

PODs - Omigod - I will check into this now and get back to you asap

PROTECTIVE ORDER - This is new ground to me in this type of case, so I want to
check with HEP; he's in Costa Rica and has a phone with service there, but I haven't been
able to get through.  In the event we have any dispute, I'd agree to observe the order as
written until the court rules. Does that work?

Thanks - see you tomorrow.

0003

**McGuiggan, Janet J.**

**From:**     McGuiggan, Janet J.

**Sent:**     Tuesday, January 09, 2007 4:41 PM

**To:**        'Robert Scott'

**Subject:** Protective Order

I would like to file the motion as an assented to motion so that the court will rule on it quicker.  I have the assent of the other defendants.  I will count on your representation that whatever is produced to you prior to the court's ruling on the order will be held confidential and subject to the terms of my proposed order, and that includes the Internal Affairs report/file re: Betancourt which has already been produced.  Please let me know if/when Hector is willing to assent.

Thank you.

Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

0004

Subject: Betancourt/misc
Date:   Tue, 16 Jan 2007 14:50:53 -0500
From:   "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us> 🖉⌐Add to Address
        Book  ⌐Add Mobile Alert
To:     "Robert Scott" <robinscott427@yahoo.com>


Robin:


If I do not hear from you/Hector re: the proposed protective order by tomorrow, I am going to go
ahead and file it.  With or without your assent, I will be filing it by the close of business on
Wednesday so that it can be acted on asap.

Please remember to provide me copies of all depo exhibits as we discussed on Friday.

Please provide me with updated medical records as we discovered that the package you
provided is incomplete.

Please provide me with formal discovery responses from your client before our next conference in
this case.

Thank you.

Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

0005

Date:     Wed, 17 Jan 2007 05:47:41 -0800 (PST)
From:     "Robert Scott" <robinscott427@yahoo.com>   Add to Address Book    Add
          Mobile Alert
Subject: Re: Betancourt/misc
To:       "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>

Janet,

As to your filing the protective order, understood.  I still have not had a chance to discuss
with Hector . . .

As to the rest, will do.

Thanks.

Robin

# HECTOR E. PIÑEIRO

### ATTORNEY AT LAW

807 MAIN STREET
WORCESTER, MASSACHUSETTS 01610
(508) 770-0600
(617) 720-4008

FAX (508) 770-1300
Email: h.pineiro@att.net

HECTOR E. PIÑEIRO

ROBERT H. BEADEL**
**ALSO ADMITTED IN NY

ROBERT A. SCOTT

CLAIMS ADMINISTRATOR
HAROLD CRUZ

CORRESPONDENT
MARÍA S. PIÑEIRO SOLER, L.L.M.
ATTORNEY AT LAW
POPULAR CENTER BUILDING
18TH FLOOR - SUITE 1818
209 MUÑOZ RIVERA AVE.
SAN JUAN, PUERTO RICO 00918
TEL: (787) 250-8304
FAX (787) 758-4236

January 17, 2007

By telecopier: 508-799-1163

Janet J. McGuiggan, Esquire
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608

**RE:   Jose Herrera Betancourt v. John L. Grady, _et al._
U.S. District Court, District of Massachusetts, Civil Action No. 05-40154 FDS
Request to confer regarding responses to document requests**

Dear Attorney McGuiggan:

I write to request conference per Local Rule 37.1(a) so we may try to narrow areas of disagreement regarding responses to document requests propounded to Captain Harrington and to the Worcester Police Department keeper of records.

As you know the plaintiff asserts federal civil rights claims, among others, against the City of Worcester and officers Grady and Foley for excessive force and for deliberate indifference manifested in failures to adequately train, monitor, supervise, and discipline Worcester police officers.

By notices of deposition served October 25, 2006, we requested various documents concerning the incident of September 8, 2002, the police officers involved and documents going generally to the Police Department's collection of data on use of force and injured prisoners, to complaints of officer misconduct and to the investigation of the same. The scope of these requests was restricted to time to a two-year period beginning 9/8/00. The City's responses include limited production of redacted documents as to officers a refusal to produce documents pertaining to other complaints against the department or its records of uses of force and injured/ill prisoners.

We think the plaintiff has been denied information he has a need and a right to obtain in order to meet his burden of proof as to municipal liability.   In an effort to narrow our disagreements in this area and reduce the burden's of the discovery on the City, below I discuss the specific requests, and in some cases modify them or stipulate to status of papers produced under protective order, and request reconsideration.

Janet J. McGuiggan, Esq., 1/17/06
RE: Betancourt document requests
Page two

## REQUESTS TO CAPTAIN HARRINGTON

2.     The documents provided were redacted, apparently to remove the names of complainants, witnesses or other persons. We have received the documents subject to your proposed protective order and any action the court may take on the same. If the City had standing to safeguard the privacy interests and/or privilege of any person, which we do not concede, we do not think disclosure to us under a protective order compromises such interests. We therefore request these documents be provided unredacted.

3.     We modify this request to narrow its scope to complaints alleging physical abuse or failure to provide medical care to injured or ill prisoners. The request is limited to complaints received in the period 9/8/00 through 9/802. As limited in time and scope it would not appear to be unduly burdensome and it seems clear to us that the material of this sort is discoverable for purposes of a municipal liability claim.

## REQUESTS TO THE KEEPER OF RECORD, WORCESTER POLICE DEPARTMENT

7.     The personnel files bear on the supervision and discipline of the officers and so are relevant to the plaintiff's municipal liability claims. The City has made limited disclosure in response to this request, but we do not think the City should solely make the determination as to what is discoverable. We agree that personnel files should be subject to protective order and, if any are filed in court, should be filed under seal.

8.     As you know, some documents responsive to this request were provided in response to the previous request. The City objects to this request but does not state whether any responsive documents have been withheld or whether the disclosure noted is complete as to this request. Again we agree that personnel files should be subject to protective order and, if any are filed in court, should be filed under seal.

15.     The request is specific and is reasonable as to time period. The Police Department's practices as to collection of use of force information is discoverable in a municipal liability claim where deliberate indifference to the safety of persons coming into contact with police is alleged and the plaintiff was allegedly beaten with fists and feet and a firearm was drawn. As to privacy issues please see comment on that topic under Requests to Captain Harrington, No. 2.

Janet J. McGuiggan, Esq., 1/17/06
RE: Betancourt document requests
Page three

16.    The request is specific and is reasonable as to time period. Injured prisoner reports are
pertinent to provision of medical care and to investigation of how injuries occurred. The
plaintiff here claims he was injured as a result of deliberate indifference to the physical
safety of persons coming into contact with Worcester police officers. He manifested and
complained of injury on arrival at the police station after his arrest. He was eventually
transported to a hospital. No injured prisoner report has been produced, and we
understand that none has been found. As to the City's statement that "there is no
allegation that he was denied medical treatment" please see paragraph 64 of the first
amended complaint. The record of the Police Department's collection of information
regarding injured or ailing prisoners is pertinent to the municipal liability claims of the
plaintiff both as to his injury and the denial of access to medical care for some hours.

To the extent that the City continues to withhold documents on the basis of a claim or
privilege, we request that a privilege log be produced, identifying each and every document
withheld on that basis and designating the privilege(s) claimed.

Please contact me at your earliest convenience so that we may try to reconcile our
positions on these matters.

Very truly yours,

Robert A. Scott

0009

Subject: RE: Betancourt/misc
Date:    Wed, 17 Jan 2007 13:43:53 -0500
From:    "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us> 📷Add to Address
         Book  📱Add Mobile Alert
To:      "Robert Scott" <robinscott427@yahoo.com>


Robin:


I received your voicemail and your fax.  We can discuss your issues re: document production.
But, before we get there, I need an answer on the protective order.  Also, I don't even have your
client's initial document responses yet ….


Please let me know by the end of the day today on the protective order.  Also, please be advised
that I will be adding a provision to the proposed order that requires the documents be returned to
the City or destroyed at the end of the case.


Thank you.


Janet


0010.

Date:     Wed, 17 Jan 2007 14:00:03 -0800 (PST)
From:     "Robert Scott" <robinscott427@yahoo.com>  ⬚Add to Address Book   ⬚Add
          Mobile Alert
Subject:RE: Betancourt/misc
To:       "McGuiggan, Janet J." <McGugganJ@ci.worcester.ma.us>

Janet,

On the protective order - we will oppose as to the scope taking in public information; as
to psych we do not oppose.  Would you fax or email a copy of the revised order.

As to initial documents disclosure, it was served by mail 6/1/06 and had quite a bit of
documentation on CD-ROM, including the medical records and transcript of the criminal
trial.  It was included with all the written discovery requests we served on you that date,
so perhaps the disclosure followed the discovery requests into the dustbin of history?
You should have a CD, cover letter and disclosure document.  Please double check and
let me know.  I will replace if needed.  But if you have any question as to whether it was
served I'm sure Mascis or Franco can verify.

See you tomorrow.

Robin

0011

Subject:RE: Betancourt/misc
Date:     Wed, 17 Jan 2007 20:38:21 -0500
From:     "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>  Add to Address
          Book   Add Mobile Alert
To:       "Robert Scott" <robinscott427@yahoo.com>


Robin:


By initial document responses, I don't mean automatic disclosures.  I am speaking of formal
document responses.


As to the protective order, public information wouldn't be considered confidential and within the
scope of the order.  I will look at language tomorrow to address that point.


See you tomorrow.


Janet

0012

Subject: Betancourt
Date:   Mon, 22 Jan 2007 11:22:20 -0500
From:  "McGuiggan, Janet J." <McGugganJ@ci.worcester.ma.us>  Add to Address Book  Add Mobile Alert
To:    "Robert Scott" <robinscott427@yahoo.com>


Robin:


I am in receipt of your fax regarding discovery in Betancourt.  I have not had an opportunity to review it yet due to other pressing deadlines.  I will be unavailable for the most part until Wednesday afternoon.  Perhaps we can discuss it then?


Thanks.

Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

0013

Date:    Mon, 22 Jan 2007 08:27:03 -0800 (PST)

From:    "Robert Scott" <robinscott427@yahoo.com>  Add to Address Book  Add Mobile Alert

Subject: Re: Betancourt

To:    "McGuiggan, Janet J." <McGugganJ@ci.worcester.ma.us>

Janet:

Thanks for the note.  Wednesday pm is fine.

Robin

0014

Subject: Betancourt
Date:    Wed, 7 Feb 2007 17:23:39 -0500
From:    "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us> 📇Add to Address
         Book  📱Add Mobile Alert
To:      "Robert Scott" <robinscott427@yahoo.com>


Robin:


I got your voicemail.  I am crazed with a summary judgment due on Monday as well as a trial starting the same day.  Can we hold off a short while longer and agree to speak Monday or Tuesday of next week?


In the meantime, think about how you would like the protective order to read so that we can agree on the language if possible.


Hope all is well.


Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161


0015

Date:    Wed, 7 Feb 2007 15:26:31 -0800 (PST)
From:    "Robert Scott" <robinscott427@yahoo.com>  ⬚ Add to Address Book   ⬚ Add
         Mobile Alert
Subject: Re: Betancourt
To:      "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>

Janet -

Thanks for getting back.  We will hold off 'til monday or tuesday and I will try to figure
out just what our position is re the protective order. On condition that someone other than
me is on the receiving end of your MSJ, good luck with that & the trial.

Robin

0016

Subject: Betancourt (i am assuming - you didn't say)
Date:     Wed, 21 Feb 2007 14:27:06 -0500
From:     "McGuiggan, Janet J." <McGugganJ@ci.worcester.ma.us>  📖 Add to Address
          Book   📱 Add Mobile Alert
To:       "Robert Scott" <robinscott427@yahoo.com>


Robin:


I got your voicemail today.  I am on my way out the door for a 3:00 meeting, and I will be in court
in the morning.  But, I will be in the office late tomorrow morning and for the remainder of the day
(I hope) to discuss this matter.  Have you talked to Hector about a protective order?  If not, maybe
you could do that before we talk tomorrow.



Thanks.

Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

0017

Subject: Betancourt
Date:       Mon, 19 Mar 2007 09:51:50 -0400
From:      "McGuiggan, Janet J." <McGugganJ@ci.worcester.ma.us> 🖼️Add to Address
            Book  📱Add Mobile Alert
To:         "Robert Scott" <robinscott427@yahoo.com>


Robin:


I received your voicemail message from Friday.  I left early due to the snow/weather.


Can you please forward me a copy of the letter you had sent which attempted to limit the scope of
your request and limit our disputed issues?  I have not been able to locate it and I really need to
review it before we can have a substantive discussion.


Thank you.


Janet


Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161



0018

Date:     Fri, 25 May 2007 13:57:43 -0700 (PDT)
From:     "Robert Scott" <robinscott427@yahoo.com>  ⌖Add to Address Book   ⌖Add Mobile
          Alert
Subject:RE: Betancourt
To:       "McGuiggan, Janet J." <McGuigganJ@ci.worcester.ma.us>

Hi Janet,

Late today I filed a LR 7.2 motion to impound the memo in support of our motion to compel and
the attached Exhibit 4. I could not reach you for assent.  If you assent please advise the court.

Best,

Robin


Robert A. Scott
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610

Robinscottt427@yahoo.com
tel 508-770-0600
fax 508-770-1300

Date:     Fri, 1 Jun 2007 13:53:31 -0700 (PDT)

From:     "Robert Scott" <robinscott427@yahoo.com>  <u>Add to Address Book</u>  <u>Add Mobile Alert</u>

Subject: Betancourt

To:     quinnwl@ci.worcester.ma.us, McGuigganJ@ci.worcester.ma.us

Wendy:

Thank you for taking my call today.   As we discussed, I have looked at our motion to impound filed 5/25 to see if I could remove your side's expected filing of a motion for protective order from the rationale and replace it with something your side would assent to. On review I see no way to replace the rationale stated, as I see no other basis for it on this side.

If the city and codefendants want the material impounded they can  endorse that action in a response to the motion and state their own rationale and/or exceptions to plaintiff's rationale. The sooner this happens the sooner the court can act on the motion and impound the material, which based on their pleadings the defendants want.  It seems to me this would not prejudice your opposition and cross motion for sanctions.

I am advised from the clerks office that the court will not act until the defendants' answer the motion or until the elapse of 14 days from filing.

Best,

Robin

cc: Janet McGuiggan

Robert A. Scott
Law Office of Hector E. Pineiro
807 Main Street
Worcester, MA 01610

0020

UNITED STATES OF AMERICA

WORCESTER, SS.                                     U.S. DISTRICT COURT
                                                  DISTRICT OF MASSACHUSETTS
                                                  Civil Action No. 05-40154 FDS

_____
JOSE HERRERA BETANCOURT                 )
        Plaintiff                       )
                                        )
v.                                      )
                                        )
JOHN J. GRADY, MICHAEL FOLEY,           )
PAUL KEYES, THE CITY OF                 )
WORCESTER - A MUNICIPAL                 )
CORPORATION, KEVIN FIFIELD,             )
U.S. SECURITY ASSOCIATES, INC., and     )
WINN MANAGED PROPERTIES LLC             )
        Defendants                      )
_____)

AFFIDAVIT OF ROBERT A. SCOTT, ESQ.

1.     My name is Robert A. Scott.  I am a member in good standing of the Massachusetts Bar and the Bar of this Honorable Court.  I and my associate Hector E. Pineiro, Esq. represent the plaintiff.  I make the statements herein based on personal knowledge.

2.     After reviewing the protective order proposed by the defendants in this case in January, 2007, and discussing the same with Attorney Pineiro, I concluded it would be impossible to agree to it. I concluded that all the records the defendants had produced were public records, that agreeing to the protective order would constitute a blanket waiver of that status and would concede to the City's its contention that none of them are public records.

3.     I preferred to oppose any protective order and accept only such restrictions on use of records as the Court would impose.  But I decided it would be prudent to agree to non disclosure of some records of a more personal nature even though I do not think they are legally privileged.

4.     I nonetheless so practically no chance of agreeing to the proposed protective order because it was so sweeping, and anticipated that the matter would go before the Court, as the City's lawyer assured me it would.

5.     I sent a written request for consultation about disputes over documents production to the defendants' attorney, Janet McGuiggan, January 17, 2007, and again on March 19, 2007.

1

6.    While we were unable to formally conclude our consultation before filing of plaintiff's motion to compel on May 16, 2007, Attorney McGuiggan did advise me in one conversation that she did not think the City would produce any more documentation without a court order.

7.    One of the items sought in my request for consultation of January 17, 2007, was a privilege log identifying documents withheld and the bases therefore.  I have never received a privilege log or any written response to the letter.

8.    No motion for protective order has ever been filed in this action nor has the Court adopted any such order.

9.    Though no motion for protective order was filed and I did not consider plaintiff to be strictly bound by any understanding reached based on representation that a motion would be filed, I believed that the failure to file was due to workload issues and conflicting priorities at the City's law department because I was never informed the defense had changed its plans as to such a motion.

10.    Because of the foregoing Attorney Pineiro and I intended, as a courtesy, to observe the understanding I had reached with Attorney McGuiggan that records produced by the city, if they were filed with pleadings, would be filed under seal.

11.    Our failure to fulfill the foregoing intention was completely unintended.

12.    After filing our motion to compel we did not become aware of our error until defendants filed their opposition and motion for sanctions late in the afternoon of May 25, 2007.

13.    The next day we filed a motion to impound documents filed with the motion to compel.

Signed and sworn to under the pains and penalties of perjury this 8th day of June, 2008,


/s/ Robert A. Scott
_____