UNITED STATES OF AMERICA

| | |
|---|---|
| WORCESTER, SS. | U.S. DISTRICT COURT<br>DISTRICT OF MASSACHUSETTS<br>Civil Action No. 05-40154 FDS |

JOSE HERRERA BETANCOURT   )
    Plaintiff   )
  )
v.   )
  )
JOHN J. GRADY, MICHAEL FOLEY,   )
PAUL KEYES, THE CITY OF   )
WORCESTER - A MUNICIPAL   )
CORPORATION, KEVIN FIFIELD,   )
U.S. SECURITY ASSOCIATES, INC., and   )
WINN MANAGED PROPERTIES LLC   )
    Defendants   )
  )

**PLAINTIFF'S REQUEST FOR LEAVE TO FILE REBUTTAL TO DEFENDANTS'
OPPOSITION TO HIS MOTION TO COMPEL
[L.R. 7.1(b)(3)]**

    Now comes the plaintiff, and he respectfully requests leave per Local Rule 7.1(b)(3) to file a rebuttal to the defendants' opposition (Document No. 42) to his motion to compel production of documents (motion at Document No. 40; memorandum in support of motion to compel, Document No. 41). In support thereof he states as follows:

1. This is a civil rights action in which plaintiff alleges injury arising from acts and omissions of individual defendants and from deliberate indifference by the defendant City of Worcester.

2. Defendants' opposition to the motion to compel ("opposition") takes a position regarding the discoverability of certain police records that is diametrically opposed to defendants' stance before filing of the motion to compel. Defendants thereby raised an issue they had conceded when plaintiff's counsel drafted the motion to compel. In January, 2007,

1

defendants produced a police record that is manifestly relevant to plaintiff's claims.[1]  At no time during L.R. 7.1(a)(2) consultations regarding discovery disputes, nor on any other occasion before filing their opposition, did defendants advise plaintiff that they had "mistakenly produced" a non-discoverable document or that any such document should be returned.  Affidavit of Robert A. Scott, Esq., attached hereto.  Plaintiff requests leave to file a rebuttal to the opposition in order to address this belatedly disputed issue.

3. In their opposition defendants raise numerous arguments - disputing the discoverability of physical abuse complaints, use of force reports and injured prisoner reports – that they did not previously raise in consultations with plaintiff's counsel, notwithstanding that counsel for the parties were in regular communication and that plaintiff presented his arguments regarding disputed discovery in writing on January 17, 2007.  *See* opposition; for letter of January 17, 2007, see Exhibit 1 to Document 48, Plaintiff's Opposition to the Defendants' Motion for Sanctions, at 7 through 9; affidavit of Robert A. Scott, Esq., attached hereto.

4. Defendants attached to their opposition a draft assented motion for protective order, never assented to by plaintiff or filed by the defendants, and a proposed protective order.  Document 42-2, Exhibit A to opposition; affidavit of Robert A. Scott, Esq., attached hereto.  In the event that the Court may wish to consider defendants' proposed protective order in disposing of the plaintiff's motion to compel, plaintiff should have the opportunity to present written argument opposing its adoption.

---

[1] The record is attached to the motion to compel within Exhibit 4 (Document 41-5), at pages 14 – 15.  As the exhibit has been filed under seal, plaintiff does not identify it further here.

For the foregoing reasons plaintiff requests the court grant him leave to file a rebuttal to the defendants' opposition to his motion to compel and allow such time therefore as the Court sees fit.

>Respectfully submitted,
>Plaintiff, by his attorneys,
>
>/s/ *Robert A. Scott*
>Hector E. Pineiro, Esquire BBO#555315
>Robert A. Scott, Esquire BBO#648740
>807 Main Street
>Worcester, MA 01610
>(508) 770-0600

DATED: June 11, 2007

## Certificate of Service

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on June 11, 2007, and there are no non registered participants.

>/s/ *Robert A. Scott*

UNITED STATES OF AMERICA

| | |
|---|---|
| WORCESTER, SS. | U.S. DISTRICT COURT |
| | DISTRICT OF MASSACHUSETTS |
| | Civil Action No. 05-40154 FDS |

JOSE HERRERA BETANCOURT  )
    Plaintiff )
 )
v. )
 )
JOHN J. GRADY, MICHAEL FOLEY, )
PAUL KEYES, THE CITY OF )
WORCESTER - A MUNICIPAL )
CORPORATION, KEVIN FIFIELD, )
U.S. SECURITY ASSOCIATES, INC., and )
WINN MANAGED PROPERTIES LLC )
    Defendants )
 )

## AFFIDAVIT OF ROBERT A. SCOTT, ESQ.

1. My name is Robert A. Scott. I am a member in good standing of the Massachusetts Bar and the Bar of this Honorable Court. I and my associate Hector E. Pineiro, Esq. represent the plaintiff. I make the statements herein based on personal knowledge.

2. Defendants produced certain police records to plaintiff on December 20, 2006, pursuant to discovery requests, and served their written response to the requests on January 12, 2007.

3. On January 17, 2007, I sent a letter to defendants' counsel by facsimile, requesting conference pursuant to Local Rule 7.1 (a) and stating plaintiff's position on discoverability of certain documents produced and on certain information that had been redacted from those documents that were produced.

4. At no time from the December 20, 2006, until defendants filed their opposition to plaintiff's motion to compel on May 24, 2007, did defense counsel or any other person advise plaintiff's counsel that defendants had "mistakenly produced" any document or request the return of any produced document to defendants' counsel. This was the case notwithstanding that I was in frequent communication with defendants' counsel regarding this action as well as other matters throughout that period.

5. Defendants' opposition, filed May 24, 2007, to plaintiff's motion to compel is rife with arguments against production of documents that defendants' counsel did not previously communicate to me. Other than the general objections contained in the discovery response document served January 12, 2007, and which are reproduced in the opposition, counsel presented non of the arguments in the opposition previously, notwithstanding that I wrote defense counsel January 17, 2007, and conferred and attempted to confer on numerous occasions in a good faith effort to resolve and/or narrow the issues between us regarding production of documents.

6. I was the only counsel to plaintiff who consulted with defense counsel regarding defendants' draft motion for protective order and their proposed protective order. I never assented to any such motion or authorized anyone to sign such motion on my behalf.

Signed and sworn to under the pains and penalties of perjury this 11th day of June, 2007.

*/s/ Robert A. Scott*