UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE HERRERA BETANCOURT,<br>      Plaintiff | )<br>)<br>) |
| v. | )<br>)   No. 05-40154 FDS |
| JOHN J. GRADY, MICHAEL FOLEY,<br>PAUL KEYES, CITY OF WORCESTER,<br>KEVIN FIFIELD, U.S. SECURITY<br>ASSOCIATES, INC. and WINN<br>MANAGEMENT, INC.,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>) |

## PROTECTIVE ORDER

It is hereby ordered that the below-listed documents produced by Defendants John J. Grady, Michael Foley, Paul Keyes, and the City of Worcester in the discovery phase of the above-captioned matter are subject to this Protective Order, the terms of which are set forth below.

1. Copies of documents containing Criminal Record Information ("CORI"); copies of any and all documents generated by the Bureau of Professional Standards, formerly known as the Internal Affairs Division, including but not limited to all logs, journals, investigative reports, witness statements, records of complaints, complaint related dispositions, disciplinary records, data compilations, and related documents; copies of any and all documents pertaining to medical and/or psychological treatment; and personnel files. The parties may by agreement designate that additional documents be subject to the terms of this Protective Order.

2. Plaintiff shall not disclose any documents subject to this Protective Order and the documents and confidential information contained therein shall not be used for any purpose other than in connection with the preparation for trial and litigation of this case. Furthermore, all documents subject to this Protective Order that are filed with the Court shall not be filed electronically, and a motion and/or request to impound or seal said documents shall accompany such a filing.

3. Documents and information designated as confidential may be disclosed to counsel for the parties in this action who are actively engaged in the conduct of this litigation; persons who are working for counsel to the extent reasonably necessary to render professional services in the litigation; persons with prior knowledge of the documents or of the confidential information contained therein; to parties or representatives of the parties who are assisting in the conduct of the litigation; and to court officials

    involved in this litigation, including court reporters, stenographers, and special masters.  Such documents may also be disclosed:

    a.    to any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper; and

    b.    to outside consultants or experts retained for the purpose of assisting counsel in the litigation; to employees of parties involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; and to employees of third-party contractors performing one or more of these functions; **provided**, however, that in all such cases the individual to whom disclosure is to be made has signed and provided to opposing counsel a form containing:

    1.    a recital that the signatory has read and understands this Protective Order;

    2.    a recital that the signatory understands that unauthorized disclosures of the documents or information designated as confidential may constitute contempt of Court; and

    3.    a statement that the signatory consents to the exercise of personal jurisdiction by this Court.

4. A deponent may during a deposition be shown and examined about documents or information designated as confidential.  Deponents shall not retain or copy portions of the transcript of their depositions that contain confidential information not provided by them or the entities they represent unless they sign the form prescribed in paragraph 3(b).  A deponent who is not a party or a representative of a party shall be informed of this Protective Order before being examined about or asked to produce potentially confidential documents.

5. If another Court or an administrative agency subpoenas or orders production of documents that are the subject of this Protective Order, such party shall promptly notify the City of Worcester of the pendency of such subpoena or order.

6. This Order is limited to the pretrial phase of this litigation and issues relating to confidentiality and public access to information presented at trial will be addressed separately, if necessary.

SO ORDERED:

                                            _____
                                            Magistrate Judge Timothy Hillman
                                            United States District Court

DATE: _____