# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ───────────────────────────── ) | |
| JOSE HERRARA BETANCOURT, ) | |
|        Plaintiff ) | |
| vs. ) | **CIVIL ACTION** |
| ) | **NO. 05-40154-FDS** |
| JOHN J. GRADY, MICHAEL FOLEY, ) | |
| PAUL KEYES, THE CITY OF WORCESTER, ) | |
| KEVIN FIFIELD, U.S. SECURITY ASSOCIATES,) | |
| INC., and WINN MANAGED PROPERTIES LLC, ) | |
|       Defendants. ) | |
| ───────────────────────────── ) | |

## Order
### October 15, 2007

### Proceeding

By Order of Reference dated June 21, 2007, the following Motions have been referred to me for disposition:

    1.      Plaintiff's Motion To Compel Production Of Documents By The Defendant City Of Worcester And Motion To Impound Pleading And Exhibits (Docket No. 40); and

    2.      Defendants' Opposition To Plaintiff's Motion To Compel Production Of Documents And Cross Motion For Sanctions For Violation Of Protective Orders (Docket No. 43).

### Nature of the Case

Jose Herrera Betancourt ("Plaintiff" or "Mr. Betancourt") has alleged claims against

Worcester Police officers, John J. Grady ("Officer Grady"), Michael Foley ("Officer Foley") and

Paul Keyes ("Officer Keyes"), the City of Worcester ("City"), Winn Management Inc., Kevin

Fifield and U.S. Security Associates under 42 U.S.C. §1983, the Massachusetts Civil Rights Act,

Mass.Gen.L.Ch. 12, and under Massachusetts common law arising out of his arrest and

subsequent prosecution on multiple counts of assault with a dangerous weapon, of which he was

acquitted in the Worcester District Court.[1]

### The Proposed Protective Order.

Some of the information which the Plaintiff seeks is of a sensitive nature and would

normally be disclosed subject to a protect order.  Therefore, before addressing the merits of the

parties' motions, I will address their dispute concerning whether a protective order was in place

in connection with documents that have been already disclosed to the Plaintiff and the terms and

conditions of the protective order by which the parties must abide going forward.  Defendants'

motion for sanctions will be discussed later in this decision.

In their opposition to Plaintiff's motion to compel production of documents/cross-motion

for sanctions, Defendants assert that Plaintiff's counsel, in particular, Attorney Scott, agreed to

be bound by the terms of their proposed protective order until the terms could be finalized by the

parties or a protective order was imposed by the Court.  In his opposition to Defendants' motion

for sanctions, Plaintiff's counsel asserts that:

- "[t]he claim of an agreed upon protective order is false and contrary to plaintiff's explicit representation of objection to the protective order defendants proposed"

-  "Defendants' promise to file a motion for protective order was the stipulated precondition of understanding regarding materials produced in discovery, which precondition defendants' did not fulfill."

- "Defendants' fail to establish a *prima facie* case for their claim that plaintiff's counsel violated the protective orders of the Massachusetts Superior Court."

---

[1]Winn Management Properties LLC, U.S. Security Associates, Inc. and Kevin Fifield have been dismissed from the case, with prejudice. *See Partial Stipulation Of Dismissal* (Docket No. 39).  Therefore, references to "Defendants" in this case will be deemed to include the individual police officers, Officers Grady,  Foley and Keyes and the City of Worcester ("City").

*Pl's Opp. To The Defs' Mot. For Sanctions* (Docket No. 48), at p. 1, ¶¶ II-IV.

### Findings of Fact Relating to Protective Order

The parties have had ongoing disputes concerning the disclosure of documents sent by the Defendants to the Plaintiff's counsel via discovery, some of which contain sensitive or confidential information.  On January 8, 2007, Defendants' counsel e-mailed Plaintiff's counsel and suggested that given the sensitive nature of the information contained in some of the documents, the parties should enter into a protective order.  Defendants' counsel included a draft assented to motion and proposed order to be filed with this Court. *See* Attachment to *Pl's Opp. To The Def's Mot. For Sanctions* (Docket No. 48)("*Pl's Opp.*"), at p. 1.  Later that day, Plaintiff's counsel, Attorney Scott, responded in an e-mail and stated that this was new to him and he wanted to check with Mr. Pineiro, his associate. If  after consulting with Mr. Pineiro the Plaintiff decided to revisit the idea of a protective order, he would agreed to abide by the Defendants' proposed protective order until the dispute was resolved by the Court. *Id.*, at p. 3. On January 9, 2007, Defendants' counsel responded that she would like to file an assented to motion so the Court will rule on it more quickly, but in the mean time, she would rely on Attorney Scott's representation that whatever the Defendants produced would be held confidential and subject to the terms of her proposed protective order. *Id.*, at p. 4.  In a subsequent letter to Defendants' counsel, Attorney Scott argued that documents which the Defendants produced pursuant to the proposed protective order should be produced without redaction.  *Id.* at p. 8.  On January 17, 2007, Attorney Scott further informed Defendants' counsel of his general concerns regarding the terms of the proposed protective order and asked for a revised order.  Counsel for the City agreed to look at Attorney Scott's proposed changes,

3

but did not think that the proposed protective order treated public information as confidential, as suggested by Attorney Scott. *Id.*, at p. 12.  On February 7, 2007, Defendants' counsel e-mailed Attorney Scott and asked him to think about what language he would like to change in the proposed protective order. *Id.*, at p. 15.  Attorney Scott replied that same day that he would try to figure out what the Plaintiff's position would be on the protective order. *Id.*, at p. 16. l There is no further written documentation concerning the dispute over the proposed protective order.

Attorney Scott has filed an affidavit[2] with this Court in which he states that after reviewing the proposed protective order with Mr. Pineiro, he concluded that it would be impossible to agree to it.  Therefore, he preferred to oppose any protective order and accept only such restrictions as this Court would impose.  At the same time, he "decided it would be prudent to agree to non disclosure of some records of a more personal nature even though [he did] not think they [were] legally privileged".  *See Affidavit Of Robert A. Scott, Esq.*, attached to *Pl's Opp.*  Nowhere in his affidavit does Attorney Scott assert that he communicated to counsel for the City that he was revoking his agreement to abide by the Defendants' proposed protective order until the Court had issued an order regarding the same.

### Discussion of Whether Plaintiff was Bound to Abide by Protective Order

---

[2]On June 11, 2007, Plaintiff filed a request for leave to file a rebuttal to Defendants' opposition to his motion to compel, which included a second affidavit of Attorney Scott.  On June 20, 2007, this Court (Saylor, D.J.) allowed that motion as follows: "Judge F. Dennis Saylor IV: Electronic ORDER entered granting 49 Motion for Leave to File; Counsel using the Electronic Case Filing System should now file the document for which leave to file has been granted in accordance with the CM/ECF Administrative Procedures. Counsel must include - Leave to file granted on (date of order)- in the caption of the document.".  Plaintiff did not comply with Judge Saylor's instructions, and therefore, the rebuttal is deemed not to have been filed and neither it nor Attorney Scott's second affidavit will be considered.

4

As will be discussed in more detail later in this Order, the actions of Plaintiff's counsel concerning the sanctity of confidential information and his disregard of his express written agreement to abide by the terms of the City's proposed protective order are profoundly disturbing. Attorney Scott provided the Court with a copy of the e-mails exchanged between he and counsel for the City. Despite the fact that in those e-mails he expressly agreed to abide by the City's proposed protective order until the Court could resolve any disputes between the parties concerning the terms thereof, Attorney Scott argues that "the claim of an agreed upon protective order is false". He further appears to argue that because the Defendants never filed a motion for protective order with this Court, he was not bound to maintain the confidentiality of documents which the Defendants had produced subject to his agreement to be bound by the proposed protective order. For the reasons discussed below, Attorney Scott's contention that he never agreed to abide by the terms of the Defendants' proposed protective order and/or that his agreement become void because the Defendants failed to file a motion for protective order with the Court is untenable.

The e-mails between Attorney Scott and Defendants' counsel make clear that Defendants' counsel repeatedly pressed Attorney Scott to clarify his specific objections to the proposed protective order so that she could file either an assented to or opposed motion for protective order with the Court. Attorney Scott continued to take the position that he had to discuss the matter with Mr. Pineiro. Attorney Scott conveyed some general concerns that he had concerning whether documents in the public domain were covered under the proposed protective order. However, Defendants' counsel expressed to Attorney Scott that the proposed protective order was not intended to cover documents in the public domain and requested that he provide

5

her with specific language changes which would alleviate his concern. Nowhere in the e-mails which Attorney Scott provided with his opposition or elsewhere in his submission does he represent that he ever communicated any specific proposals for modifying the proposed protective order to the Defendants' counsel, nor does he state that he ever informed the Defendants' counsel that he was no longer going to abide by the proposed protective order. Furthermore, nothing in the e-mail or Attorney Scott's affidavit suggest that he ever informed counsel for the City that he felt that they had reached an impasse regarding the terms of the protective order, thereby necessitating court intervention. Under these circumstances, I find that Plaintiff's counsel was bound by the proposed protective order up to and including the filing of Plaintiff's motion to compel and remained bound by its terms subject to the issuance of this Order.

Following the hearing on this matter, Defendants, at my request, submitted a proposed protective order to govern the parties in that case. I have signed that order. Plaintiff's counsel are on notice that any violation of that order will result in severe sanctions.

As to information which I am ordering disclosed subject to the protective order, it would generally be my practice to order such materials disclosed unredacted. Additionally, as to some information which I am ordering disclosed subject to a protective order, given the public's overriding interest, I would generally consider ordering that such information be disclosed without being subject to the protective order (but with sensitive or personal information redacted). However, given the reckless manner with which Plaintiff's counsel has treated confidential and private information, I am ordering all such information disclosed subject to a

protective order *and* will allow Defendants to redact sensitive, personal information contained in any documents which I order disclosed, which I deem irrelevant to the Plaintiff's claims.

## The Motion To Compel

1.   Unredacted Copies Of All Written Complaints Against Individual Police Officers [Document Requests No. 2].

Plaintiff seeks to compel the Defendants to disclose unredacted copies of all written complaints against Officers Grady, Foley and Keyes alleging that such officer violated a person's rights under federal law or in violation of policies, rules, regulations or directives of the Worcester Police Department and all documents pertaining to the investigation of such complaints.  The Defendants objected to the request: i) as being overly broad in time and scope and unduly burdensome; ii) as seeking information which is not relevant and not reasonably calculated to lead to the discovery of admissible evidence; and iii) as seeking information subject to privacy interests and/or privilege, in whole or in part.  Notwithstanding the objection, Defendants produced complaints alleging excessive force against Officer Grady.  The complaints against Officer Grady and related documentation were redacted (information which could be used to identify the complainants was redacted).  At the hearing, Plaintiff's counsel narrowed the request to use of excessive force complaints.  However, it is clear that the allegations against Officer Keyes are for failure to provide prompt medical treatment, not for excessive force.

To the extent that they have not already done so, the Defendants shall provide all complaints against Officers Grady, Foley and Keyes which are similar to the conduct against such officers alleged in the Complaint.  That is, all complaints against Officers Grady and Foley

for use of excessive force[3] and complaints against Officer Keyes for failure to provide prompt

medical attention to detainees.  *See Gibbs v. City of New York*, 243 F.R.D. 95 (S.D.N.Y. 2007);

*Bellamy-Bey v. Baltimore Police Dep't*, 237 F.R.D. 391, 393 (D.Md. 2006)(except for

reasonable redactions of names and addresses to protect privacy or informer sources, plaintiffs in

federal civil rights actions are presumptively entitled to documents on prior complaints; court

allows discovery of conduct similar to that complained of by plaintiff); *Stewart v. Rouse*, No.

97C 8141, 1998 WL 381975 (N.D. Ill. 1998)(police privacy interests must give way to civil right

plaintiff's right to discovery; at same time, documents should be disclosed pursuant to

appropriate protective order, and court should consider remoteness in time and similarity of past

misconduct to present complaint in order to protect privacy interests) .   Misconduct which is not

similar in nature to the misconduct alleged against the Officer in the Complaint is not relevant

with respect to Plaintiff's claims against the Officers, or his *Monell*[4] claim against the City and is

not reasonably calculated to lead to admissible evidence.

All personal information in such documents concerning the Officers (such as social

security numbers, information concerning family member, addresses and the like) may be

redacted.  As to information concerning the complainants, complainants have a privacy interest

with respect to their identities.   However, that privacy interest must give way to the public

interest in uncovering civil rights violations.  *Scaife v. Boenne*, 191 F.R.D. 590, 595 (N.D.Ind.

2000).  Therefore, the names of the complainants shall not be redacted. While I am not ordering

---

[3]The Defendants have already indicated that there are no complaints for use of excessive force concerning Officers Foley and Keyes.

[4]Plaintiff's Section 1983 claims against the City are brought pursuant to *Monell v. Dep't Soc. Serv.'s,* 436 U.S. 658, 98 S.Ct. 2018 (1978), which requires that in order to hold a municipality liable, the plaintiff establish that the constitutional violation resulted form an official policy or custom.

that the names of the complainants be redacted, private information such as social security

numbers, addresses and the like shall be redacted.   The Defendants shall also provide all

documents relating to any investigations conducted by the Worcester Police Department in

connection with such complaints.  **ALL SUCH MATERIALS SHALL BE SUBJECT TO**

**THE PROTECTIVE ORDER AND SHALL REMAIN CONFIDENTIAL UNLESS**

**OTHERWISE ORDERED BY THE COURT AT A LATER DATE.**

    2.  <u>Unredacted Copies Of All Written Citizen Complaints Against the Worcester Police Department And Records Of Investigation Of The Same</u> [Document Request No. 3].

    Plaintiff seeks unredacted copies of all written citizen complaints filed against the

Worcester Police Department and records of investigation of the same for the period September

8, 2000 to September 8, 2002, to the extent that such complaints allege physical abuse or denial

of needed medical care[5].  Defendants object to this request on the grounds that it is overly broad

in time and scope and unduly burdensome and because it seeks information that is not relevant or

reasonably calculated to lead to admissible evidence.  Furthermore, Defendants argue that the

information in such records concerning the police and complainant(s) is subject to privacy

interests or is privileged[6].   At the hearing, counsel for the Plaintiff stated that the Plaintiff was

narrowing this request to claims of physical abuse.

---

[5]Defendants assert that it is undisputed that Plaintiff was provided with medical attention.  At the hearing, Plaintiff's counsel agreed there was no such claim alleged.  However, the Plaintiff has alleged a claim for deliberate indifference to his serious medical needs against the City and Officer Keyes.

[6]The Defendants have not identified what privilege would shield the information contained in these records and therefore, that grounds for non-disclosure is waived.  In any event, this request would be governed by federal common law, *see* Fed.R.Evid. 501.  It is unlikely that federal common law would recognize a privilege shielding such information, with the possible exception of the official information privilege.  However, the Defendants have failed to establish the necessary threshold showing for this Court to even consider whether the privilege might apply. *See Zackery v. Stockton Police Dep't*, No. CIV S-05-2315 MCE DAD P, 2007 WL 1655634 (E.D.Cal. June 7,2007)(party invoking privilege must at outset make "substantial threshold showing" by way of declaration or affidavit from responsible official with personal knowledge of the matters to be attested to in affidavit).

The requested information is relevant to Plaintiff's *Monell* claim against the City. Defendants shall disclose all citizen complaints filed against the Worcester Police Department from September 8, 2000 to September 8, 2002, to the extent that such complaints allege that excessive force was used by a Worcester Police Officer during the course of an arrest.  The names of the police officers and complainants need not be redacted, but sensitive, personal information such as social security numbers, addresses, etc. may be redacted.   **ALL SUCH MATERIALS SHALL BE SUBJECT TO THE PROTECTIVE ORDER AND SHALL REMAIN CONFIDENTIAL UNLESS OTHERWISE ORDERED BY THE COURT AT A LATER DATE.**

3.   <u>Complete Copies Of Personnel Files Of Individual Defendants</u>[Document Request No. 7].

Plaintiff seeks complete copies of the personnel files of Officers Grady, Foley and Keyes, including but not limited to all citizen complaints and investigations of the same.  The Defendants argue that the request is vague, overbroad, seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence and because the documents sought are subject to privacy interests or are privileged.

As to Plaintiff's request for citizen complaints, this request covers the same information as Document Request No. 2, which I have ruled on above.  Therefore, as to information concerning complaints lodged against these officers, the request is denied as moot.  While I agree with the Defendants that although Plaintiff has limited the argument in his memorandum regarding this request to whether he is entitled to copies of  citizen complaints against these

officers, it appears he is still seeking copies of the officers' personnel files[7].  The Officers'

personnel files contain sensitive, personal information which although not privileged, is subject

to a privacy interest.  For that reason, I am ordering that the files be forwarded to me on or

before October 26, 2007, for *in camera* review.  I will then determine whether there is any

information contained therein which is relevant or reasonably calculated to lead to admissible

evidence and therefore, subject to the Officers' privacy interest, must be turned over to the

Plaintiff.

    4.  <u>Any and All Documents Or Other Matters Pertaining To Mental Fitness Examinations Of Officers Grady, Foley And Keyes</u> [Document Request No. 8].

    Plaintiff seeks all documents concerning mental fitness examinations of Officers Grady,

Foley and Keyes.   The Defendants objected to this request on the grounds that it is overly broad

in time and scope, that the information sought is not relevant nor reasonably calculated to lead to

admissible evidence, and the information is subject to privacy interests and/or is privileged.  In

addition, the Defendants have inadvertently disclosed a mental health evaluation of Officer

Grady to the Plaintiff.

    As pointed out by the Defendants, the Plaintiff has not provided any legal argument

and/or authority in support of his right to such materials.  This Court's L.R., D.Mass. 37.1,

requires that a party filing a motion to compel provide a statement of his/her position "as to each

contested issue, with supporting legal authority, which statement shall be set forth separately

immediately following each contested item."  Plaintiff's failure to include legal argument in

---

[7]Counsel for the Defendants has indicated that citizen complaints against officers are not kept in their personnel files.  If upon further review it is determined that complaints are contained in the personnel files, any complaints which I have not ordered disclosed in accordance with my ruling above may be removed from the file prior to disclosure and all references to such complaints may be redacted.

support of its position in his memorandum deprives the Defendants of an opportunity "to make cogent arguments to counter [his] motion ...". *Cambridge Mut. Ins. Co. v. Patriot Mut. Ins. Co.*, 323 F.Supp.2d 95, 106 (D.Me. 2004). Plaintiff did not elaborate on his right obtain these reports at the hearing. For this reason alone, Plaintiff's motion to compel the mental fitness examination of these Defendants should be denied. However, Plaintiff already possesses at least part of Officer Grady's mental health records. Under that circumstance, I will determine whether, in light of current law, Plaintiff is entitled to discovery of that document.

In *Jaffee v. Redmond*, 518 U.S. 1, 116 S.Ct. 1923 (1996), the Supreme Court recognized the confidential communications between a licensed psychotherapist and his/her patients during the course of diagnosis or treatment are privileged, and therefore, not subject to disclosure. However, where a police officer is ordered by his/her department to undergo evaluation by a mental health professional with the understanding that the report will be shared with the department, federal courts have generally found that the psychotherapist privilege recognized in *Jaffee* does not apply. *See Scott v. Edinburg*, 101 F.Supp.2d 1017 (N.D.Ill. 200); *Barrett v. Vojtas*, 182 F.R.D. 177 (W.D.Pa. 1998); *Cf. Speaker v. County of San Bernardino*, 82 F.Supp.2d 1105 (C.D.Cal. 2000)(officer's mental health records were not subject to disclosure where officer met with doctor for police department mandated *counseling*; officer was told sessions would be confidential; and report was not sent to police department). The courts have so found because 1) under such circumstances, the officer is not seeking "treatment"; and/or 2) there is no expectation of confidentiality, since it is understood that the evaluator's report would be shared with the officer's department. Still, such evaluations are not discoverable unless they are relevant or reasonably calculated to lead to admissible evidence.

12

In this case, it does not appear that Officer Grady received "treatment" or "counseling" in connection with the disputed evaluation. Furthermore, since the evaluation was disclosed to the then chief of police, it appears that at the time he underwent the evaluation, he could not have had any expectation that the contents would remain confidential. Therefore, the *Jaffee* privilege does not apply. At the same time, given the staleness of Officer Grady's evaluation (it was generated in approximately 1984), it is a very close call as to whether it is relevant and/or calculated to lead to admissible evidence. However, on balance, given that the evaluation was conducted in connection with a complaint(s) for use of excessive force by Officer Grady, I find that it is discoverable and therefore, I will not order the evaluation be returned to the Defendants. At the same time, Officer Grady has a significant privacy interest in the information contained in the evaluation and therefore, it is not public information and shall be subject to the protective order. *See Scott* (while mental health evaluation is discoverable, it contains sensitive, personal information which is not to be made public). Neither Officer Foley, nor Officer Keyes has had any citizen complaints for use of excessive force filed against him (other then the one filed by the Plaintiff). As mentioned above, Plaintiff has not proffered any argument in support of his request for these officers' mental fitness examinations. Since Plaintiff has failed to establish that the mental fitness examinations of these officers are relevant or reasonably calculated to admissible evidence, his request is denied[8].

---

[8]In any event, Defendants' counsel has represented that there are no mental health evaluations for Officers Foley and Keyes.

5.  <u>Unredacted Copies Of Use Of Force Reports Or Use Of Weapon Reports From The Relevant Period Filed By Any Officer</u> [Document Request No. 15].

Defendants have objected to this request on the grounds that it is overly broad and seeks information that it neither relevant nor reasonably calculated to lead to admissible evidence.  As to relevancy, Defendants argue that pursuant to department policy, no use of force report was required to be filed with respect to this incident because no firearms were alleged to have been discharged during the incident and no OC spray or baton was alleged to have been used during Plaintiff's arrest.

First, I agree with the Defendants that as originally framed, the request is overbroad: Plaintiff did not limit his request to a reasonable time frame, rather he sought all such reports for the "relevant period."   Expecting the Defendants to provide such information for an indefinite period of time is unreasonable.  At the hearing, counsel for the Plaintiff narrowed the time frame to the two year period from September 8, 2000 to September 8, 2002.  Second, Plaintiff argues that he is entitled to use of force reports, while conceding that under Worcester Police Department Policy, a use of force report need not be filed unless an officer discharges a weapon, uses OC spray, or a baton.  Given that even under Plaintiff's own version of the events, a use of force report was not required to be filed by Officers Grady and Foley, he has failed to establish how the information contained in such reports would be remotely relevant to his case, or that

such information is reasonably likely to lead to any admissible evidence.[9]  Accordingly, this request is underlined denied.

6. Unredacted Copies of All Injured Reports Pursuant To Mass.Gen.L., ch. 276, §33 Filed by Any Officer [Document Request No. 16].

Defendants have objected to this request on the grounds that it is overly broad, seeks information that it neither relevant nor reasonably calculated to lead to admissible evidence, and seeks information that is privileged or private.  In support of their argument, Defendants asserts that there is no disagreement concerning the fact that Plaintiff was transported to the hospital for medical treatment, and that Plaintiff does not deny that he was provided medical treatment.

At the hearing on this matter, counsel for the Plaintiff essentially conceded that Plaintiff was provided with medical treatment, but suggested that he wanted to see the records to determine whether Plaintiff was provided prompt medical care.  Counsel also narrowed the time from for this request from an unspecified period of time, to the period from September 8, 2000 to September 8, 2002.  First, as mentioned previously, the Plaintiff has alleged a claim for deliberate indifference to his medical care against both Officer Keyes and the City.  Second, the Defendants are unable to locate an injured prisoner report relating to the Plaintiff, which causes me some concern.  I am equally concerned that Plaintiff appears to be seeking the requested information in hopes of finding evidence to support a claim, rather than having a claim for which he seeks supporting evidence.  Under the circumstances, I am ordering the Defendants to

_____

[9]Plaintiff seems to be arguing that use of force reports should be required to be filed whenever an individual is injured during the course of the arrest and that the Worcester Police Department's failure to require the filing of such reports in all such instances supports his *Monell* claim that the City fails to adequately control the use of excessive force.  Plaintiff states that a number of Worcester Police Department Policy makers have stated that use of force reports would not be required in this case.  While the department's failure to require officer's to file use of force reports except under specific circumstances might be relevant to Plaintiff's *Monell* claim, it is unclear to me how use of force reports which relate to incidents that are not similar to the facts of this case, *i.e.,* because they concern incidents were guns where guns or OC spray were discharged or batons used, would be relevant.

produce to the Court for *in camera* review all injured prisoner reports for the two years period

from September 8, 2000 to September 8, 2002. Such reports shall be produced by October 26,

2007. I will then determine whether any such reports must be turned over to the Plaintiff.

### Defendants' Cross-Motion For Sanctions.

Plaintiff's counsel electronically filed a motion to compel production of documents and

motion to impound pleading and exhibits. In support of his motion to impound, counsel included

as an exhibit a mental health examination of Officer Grady. He argued that the exhibit should be

impounded and that other attached exhibits should be impounded until the Court had an

opportunity to rule on whether all or part of such materials should be made public. The Plaintiff

then inexplicably, and contrary to this Court's Local Rules and written and policy[10],

electronically filed the memorandum and exhibits, thus making them available for public

viewing. Thereafter, the Defendants filed a motion to seal the memorandum and exhibits and

sought sanctions for Plaintiff's conduct. That same day, Plaintiff filed a motion to seal the

exhibits.

I am troubled by Attorney Scott's reckless disregard for protecting the extremely private

and sensitive information concerning Officer Grady and his total disregard of this Court's rules

and written policies. Confidentiality is the bedrock of the patient/therapist relationship. The

possibility that potentially stigmatizing information could become public undermines that

---

[10]This Court's Local Rules, specifically, L.R., D.Mass. 5.4 (b), require that "[a]ll electronic filings must be made in accordance with the ECF Administrative Procedures". Furthermore, L.R., D.Mass. 7.2 requires that a party file a motion to impound any document which it seeks to have remain under seal, and that the documents themselves not be filed with the Court until the motion to impound has been allowed.

The Electronic Case Filing Administrative Procedures, which can be found on this Court's website, at www.mad.uscourts.gov and are available at the Clerk's Office, expressly provide that sealed documents and medical records shall only be filed on paper, and not electronically. The procedures further provide that a party should file a motion to file a document under seal and if the motion is granted, the filing party *shall then* deliver the sealed document to the clerk's office for conventional filing under seal.

relationship and can prevent a person from confiding in a therapist or even seeking treatment. For that reason, the privacy of mental health records is accorded huge deference by courts and legislatures. Additionally, there were other exhibits included in Plaintiff's filing which were of a personal and sensitive information that they should not have been made public absent an order by the Court (which Plaintiff's counsel himself recognized in his motion to impound). I am also troubled by counsel's attempt in his opposition to this motion and his argument at the hearing to justify that conduct first, by asserting that he had not agreed to be bound by the Defendants' protective order[11], and second, by attempting to deflect blame onto the Court for not immediately acting on his motion to impound, and the Defendants for letting time pass before realizing that the documents were in the public domain and seeking to have them sealed. Counsel further sought to minimize his actions by arguing that there is no proof that any member of the public accessed Officer O'Grady's mental health evaluation.

I have struggled with what, if any, sanctions to impose for what I deem to be counsel's inexcusable conduct. Because it is clear to me from counsel's submissions and the explanation that he provided at the hearing that he fails to understand the gravity of his actions, I find that the imposition of sanctions is warranted in this case, as follows.

---

[11]I have previously explained my reasons for finding that counsel had agreed to be bound by the Defendants' proposed protective order. However, I feel the need to point out that counsel's suggestion that no protective order was in place is all the more disingenuous given his request to impound the information which, pursuant to the proposed protective order, was to remain confidential. Furthermore, Officer O'Grady's mental health evaluation should have been treated as confidential, regardless of whether a protective order was in place.

17

Given counsel's reckless conduct[12] in electronically filing information which he acknowledged in his motion should have been filed under seal, I am making the following orders regarding the imposition of sanctions:

1. Attorney Scott shall review this Court's Electronic Case Filing Administrative Procedures and Local Rules shall, thereafter, certify to this Court in writing that he has reviewed and understands such procedures and rules; and

2. Counsel for the Defendants shall submit an affidavit to this Court setting for the amount of time which was spent by their attorney(s) preparing and filing the motion to seal and the request for sanctions (not including any time spent on opposing the motion to compel). The affidavit shall also include a description of the attorney(s) experience. I will determine the reasonable hourly rate charged by attorneys in this area of like experience. Plaintiff's counsel will then be required to reimburse the City for the time spent preparing the motion to seal and request for sanctions.

As stated above, in addition to the sanctions set forth above, given that this does not appear to be the first time that counsel has divulged confidential information, I have ordered that, for now, specific information which the Defendants are being ordered to disclose subject to Plaintiff's motion to compel be disclosed in redacted form and/or subject to the protective order.

I am satisfied that with the sanctions and other consequences which I have imposed, Plaintiff's counsel will in the future, take greater care to guard against the disclosure of confidential information to which they have been entrusted.

---

[12]I do not find that counsel acted intentionally; if I did, the sanctions imposed would be far more severe. I do find, however, that counsel through inadvertence or neglect, has failed to properly guard the confidentiality of personal, sensitive information entrusted to his care which he knew was not subject to public disclosure, absent an order of the court.

18

**<u>Conclusion</u>**

It is ordered that:

1.  Plaintiff's Motion To Compel Production Of Documents By The Defendant City Of Worcester And Motion To Impound Pleading And Exhibits (Docket No. 40) is <u>allowed</u> in part, and <u>denied</u> in part, as provide in this Order[13]; and

2.  Defendants' Opposition To Plaintiff's Motion To Compel Production Of Documents And Cross Motion For Sanctions For Violation Of Protective Orders (Docket No. 43), is <u>allowed</u>, as provided in this Order.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE

---

[13]Plaintiff's motion to impound is moot since the Defendants and Plaintiff thereafter filed a motion to seal the exhibits, both of which were allowed by this Court (Saylor, D.J.).

19