UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JOSE HERRARA BETANCOURT, )<br>       Plaintiff )<br>vs. )<br>)<br>JOHN J. GRADY, MICHAEL FOLEY, )<br>PAUL KEYES, THE CITY OF WORCESTER, )<br>KEVIN FIFIELD, U.S. SECURITY ASSOCIATES,)<br>INC., and WINN MANAGED PROPERTIES LLC, )<br>       Defendants. ) | CIVIL ACTION<br>NO. 05-40154-FDS |

**Further Order On The Plaintiff's Motion To Compel And The Defendants' Request For Imposition Of Sanctions**
**December 11, 2007**

**Nature of the Case**

Jose Herrera Betancourt ("Plaintiff" or "Mr. Betancourt") has alleged claims against Worcester Police officers, John J. Grady ("Officer Grady"), Michael Foley ("Officer Foley") and Paul Keyes ("Officer Keyes"), and the City of Worcester ("City") under 42 U.S.C. §1983, the Massachusetts Civil Rights Act, Mass.Gen.L.Ch. 12, and under Massachusetts common law arising out of his arrest and subsequent prosecution on multiple counts of assault with a dangerous weapon, of which he was acquitted in the Worcester District Court.

**Background**

On October 15, 2007, I issued an Order (Docket No. 54) on Plaintiff's Motion To Compel Production Of Documents By The Defendant City Of Worcester And Motion To Impound Pleading And Exhibits (Docket No. 40), and Defendants' Opposition To Plaintiff's

Motion To Compel Production Of Documents And Cross Motion For Sanctions For Violation Of Protective Orders (Docket No. 43).

In my rulings,

(1) I issued a Protective Order (Docket No. 55) by which the parties are required to abide;

(2) I ordered the Defendants to produce to the Court for *in camera* review all injured prisoner reports for the two year period from September 8, 2000 to September 8, 2002;

(3) I ordered that the personnel files of Officers Grady, Keyes, and Foley be forwarded to me for *in camera* review so that I could determine whether there is any information contained therein which is relevant or reasonably calculated to lead to admissible evidence and therefore, subject to the Officers' privacy interest, must be turned over to the Plaintiff;

(4) I ordered that Attorney Scott review this Court's Electronic Case Filing Administrative Procedures and Local Rules, and thereafter, that he certify to this Court in writing that he has reviewed and understands such procedures and rules; and

(5) I ordered that the Defendants submit an affidavit to this Court setting forth the amount of time which was spent by their attorney(s) preparing and filing the motion to seal and the request for sanctions (not including any time spent on opposing the motion to compel) and set forth the matters to be include in the affidavit.

**Discussion**

**Whether any of the Documents Submitted For *In Camera* Review Are Subject To Disclosure**

I have reviewed the injured prisoner reports and find that there is nothing therein which is relevant or reasonably calculated to lead to admissible evidence, and therefore, Plaintiff's motion to compel disclosure of such reports is denied.

I have reviewed the personnel files of Officers Foley and Keyes and find that there is nothing in those files which is relevant to Plaintiff's claims, or is reasonably calculated to lead to admissible evidence. Therefore, Plaintiff's motion to compel disclosure of the personnel files of Officers Foley and Keyes is denied.

As to Officer Grady, it is a close call as to whether there are any documents in Officer Grady's personnel file which are relevant or reasonably calculated to lead to admissible evidence. However, after careful consideration, I have determined that although substantially all of the information contained in Officer Grady's file which is responsive to Plaintiff's requests is so dated that it's relevance is limited and it is unlikely that such information would be admitted at trial, I cannot find that the information is not reasonably calculated to lead to admissible evidence. Therefore, I have designated eleven documents which I find that Officer Grady must disclose to the Plaintiff[1]. These documents are of a confidential or personal nature and therefore, shall be disclosed to the Plaintiff subject to the Protective Order.

---

[1] It should be noted, that a number of documents which I have ordered to be disclosed were submitted to the Court as individual pages, and not combined as a single document. However, where they concerned a discreet incident, I have combined the individual pages into a single document.

I have provided Officer Grady's counsel a copy of each of the eleven documents. On or before January 2, 2008, Officer Grady shall either forward copies of these documents to Mr. Betancourt or file an objection to such disclosure with Judge Saylor.

**Compliance With My Prior Order**

I am disturbed that Attorney Scott has yet to comply with that part of my prior Order which required that he review this Court's Electronic Case Filing Administrative Procedures and Local Rules and thereafter, certify to this Court in writing that he has reviewed and understands such procedures and rules. Attorney Scott shall comply with my Order on or before December 18, 2007, or I shall institute contempt proceedings against him.

The Defendants have not complied with my Order to submit an affidavit to this Court setting forth the amount of time which was spent by their attorney(s) preparing and filing the motion to seal and the request for sanctions (not including any time spent on opposing the motion to compel). The Defendants shall have until December 18, 2007 to file the required submission. If the Defendants fail to file the required submission by that date, then no attorney fees and/or costs will be awarded in connection with their motion to impose sanctions.

**Conclusion**

1. The Plaintiff's motion to compel disclosure of those documents which I ordered submitted for *in camera* review, is allowed in part, and denied, in part, as provided in this Further Order On the Plaintiff's Motion to Compel And Defendants' Request For Imposition Sanctions; and

    2.    Attorney Scott and counsel for the Defendants have until December 18, 2007, to comply with my prior Order, as provided in that Order and this Further Order On the Plaintiff's Motion to Compel And Defendants' Request For Imposition Sanctions.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
MAGISTRATE JUDGE