UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOSE HERRERA BETANCOURT,<br>      Plaintiff<br><br>v.<br><br>JOHN J. GRADY, MICHAEL<br>FOLEY, PAUL KEYES, THE<br>CITY OF WORCESTER – A<br>MUNICIPAL CORPORATION,<br>      Defendants | )<br>)<br>)<br>)<br>)<br>)   NO. 05CV40154-FDS<br>)<br>)<br>)<br>)  |

### DEFENDANTS' PRETRIAL MEMORANDUM

Defendants John J. Grady, Michael Foley, Paul Keyes and the City of Worcester hereby submit their Pretrial Memorandum.

### PLAINTIFF'S COMPLAINT

Plaintiff asserts the following claims arising out of his arrest by the Worcester Police Department on September 8, 2002:

Count I:   Fourth Amendment excessive force claim against Officers Grady and Foley, pursuant to 42 U.S.C. § 1983;

Count II:   Fourth Amendment deliberate indifference to medical needs claim against Officer Keyes, pursuant to 42 U.S.C. § 1983;

Count III:   Massachusetts Civil Rights Act claim against Officers Grady, Foley and Keyes;

Count IV:   Assault and battery claim against Officers Grady and Foley;

Count V:   False imprisonment claim against Officers Grady and Foley;

Count VI:   Malicious prosecution claim against Officers Grady and Foley;

Count VII:   Fourth Amendment claim against Defendant City of Worcester for failure to train, discipline and supervise police officers with respect to use of force, and for permitting deliberate indifference to safety of persons in custody, pursuant to 42 U.S.C. § 1983;

Count VIII through XII: Dismissed;

Count XIII:   Negligence in failing to train, supervise and discipline police officers, against the City of Worcester, pursuant to Mass. Gen. Laws c. 258; and

Count XIV:   Dismissed.

DEFENDANTS' SUMMARY OF THE EVIDENCE

Defendants expect the evidence to show that, on September 8, 2002 at approximately midnight, Officer John Grady was working a paid detail assignment for Winn Management Company at their property located at 714 Main Street, Worcester. While standing on Wellington Street near the entrance to the parking lot at the rear of the building located at 714 Main Street speaking with Officer Michael Foley and Security Officer Kevin Fifield, the officers observed a vehicle back out of a parking space across the lot and smash into the rear end of another vehicle.  The officers proceeded towards the parking lot entrance in order to investigate the accident, when the vehicle driven by Plaintiff drove straight at the officers.  Officer Grady drew his service revolver and screamed at the operator to stop the vehicle; however, the vehicle continued to drive straight at the officers, forcing the officers to have to jump out of the way in order to avoid being struck by the vehicle.  Once the vehicle stopped, Officers Foley and Fifield approached the vehicle from the passenger side and Officer Grady approached the vehicle from the driver's side.  Officer Grady reholstered his weapon, grabbed the driver's door, and pulled Plaintiff from the vehicle.  Plaintiff fell to the ground, striking his face, as a result of both his inebriated state as well as the force of Officer Grady in pulling him from the vehicle.  Plaintiff was arrested and charged with assault and battery with a dangerous weapon (3 counts), and was transported to the police station for booking. Prior to being transported, Officer Grady observed Plaintiff bleeding in the area of his mouth,

but it was unclear as to whether Plaintiff sustained his injury from the motor vehicle accident that he caused or from striking the ground during his arrest. Plaintiff's sister was brought to the scene and took possession of the vehicle that Plaintiff had crashed, stating that she did not know her brother had taken the vehicle. Following a bench trial in the Worcester District Court, Plaintiff was acquitted. Notably, security officer Fifield was not available to give testimony.

Defendants further expect the evidence to show that the officers were justified in arresting Plaintiff and that they used only the amount of force that was reasonable and necessary to apprehend Plaintiff. Defendants further expect the evidence to show that the City did not maintain unconstitutional policies or practices as alleged.

CONTESTED ISSUES OF FACT

The parties contest much of the factual circumstances surrounding Plaintiff's arrest.

JURISDICTIONAL QUESTIONS

None.

PENDING MOTIONS

None.

ISSUES OF LAW

Whether there existed any threats, intimidation or coercion to sustain the Massachusetts Civil Rights Act claim.

Whether Plaintiff's § 1983 claim against the City of Worcester is adequately supported, especially in light of the lack of an expert report to that effect at present.

Whether Plaintiff's negligence claim, pursuant to Mass. Gen. Laws c. 258, against the City is precluded by the defenses set forth in Chapter 258, § 10(j).

Defendants reserve the right to raise additional issues of law, including through motions in limine prior to trial.

AMENDMENTS TO PLEADINGS

None other than deleting all counts pertaining to Officer Fifield and the management and security companies, as they have been dismissed from this action.

ADDITIONAL MATTERS TO AID IN THE DISPOSITION OF THE CASE

None at this time.

LENGTH OF TRIAL AND JURY/NON-JURY

One week jury trial.

WITNESS AND EXHIBIT LISTS

Defendants will supplement this filing.

Respectfully submitted,

DEFENDANTS

By their attorneys,

David M. Moore
City Solicitor


/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161
BBO #630013

## CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 29th day of January 2008, I served the within document upon all parties of record through electronically filing the same with the Court with notice sent to all registered participants.

/s/ Janet J. McGuiggan
Janet J. McGuiggan